FILED

JUN 22 2011

CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| STURGIS MOTORCYCLE RALLY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RUSHMORE PHOTO & GIFTS, INC., )<br>JRE, INC., CAROL NIEMANN, )<br>PAUL A. NIEMANN, and )<br>BRIAN M. NIEMANN, )<br>)<br>Defendants. )<br>_____ ) | Civil No. 11–5052<br><br>**COMPLAINT** |

        Plaintiff Sturgis Motorcycle Rally, Inc. ("SMRi" or "Plaintiff"), for its Complaint

against Rushmore Photo & Gifts, Inc. ("RPG"), JRE, Inc. ("JRE"), Carol Niemann, Paul

A. Niemann, and Brian M. Niemann  (collectively, "Defendants"), alleges as follows:

### Jurisdiction and Venue

        1.        This Complaint is an action for trademark infringement and unfair

competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for false advertising

under The Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for trademark dilution under the

Federal Trademark Dilution Revision Act, 15 U.S.C. § 1125(c), for violation of the Anti-

Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), for unfair competition

and trademark infringement under the common law of South Dakota, for trademark

infringement in violation of SDCL Ch. 37-6 and related provisions, and for deceptive

trade practices in violation of SDCL Ch. 37-24 and related provisions.

2.     This Court has subject matter jurisdiction over this action upon the following grounds:

a.     28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

b.     28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce;

c.     28 U.S.C. § 1338(a), this being a civil action arising under the trademark laws of the United States, namely, the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

d.     28 U.S.C. § 1338(b), this being a civil action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws; and

e.     28 U.S.C. § 1367(a), this being a civil action including claims that are so related to claims that are within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b) and (c).

## The Parties

4.     Plaintiff Sturgis Motorcycle Rally, Inc. ("SMRi") is a South Dakota not-for-profit corporation with a principal place of business at 1612 Junction Avenue, Suite 4, Sturgis, SD 57785.

5.     Upon information and belief, Defendant Rushmore Photo & Gifts, Inc.
("RPG") is a South Dakota corporation with a principal place of business at 11993 US
Hwy 16, Custer, SD 57730-2009.  RPG may be served through its registered agent, Paul
Niemann, at 11993 US Hwy 16, Custer, SD 57730.

6.     Upon information and belief, JRE, Inc. ("JRE") is a South Dakota
corporation having a principal place of business of 11993 US Hwy 16, Custer, SD 57730-
7114.  JRE may be served through its registered agent, Paul Niemann, at 11993 US Hwy
16, Custer, SD 57730.

7.     Upon information and belief, Carol Niemann is an individual and resident
of South Dakota, with an address of 11993 US Hwy 16, Custer, SD 57730.

8.     Upon information and belief, Paul A. Niemann is an individual and
resident of South Dakota, with an address of 11993 US Hwy 16, Custer, SD 57730.

9.     Upon information and belief, Brian M. Niemann is an individual and
resident of South Dakota, with an address of 4101 Troon Ct., Rapid City, SD 57702.

**Background Facts Regarding Plaintiff**

10.     Since 1938, SMRi and its predecessors-in-interest have organized,
sponsored, marketed and promoted a motorcycle rally known in recent decades as the
"Sturgis Motorcycle Rally," which takes place annually in and near the city of Sturgis,
South Dakota and the Black Hills area of South Dakota and Wyoming.  SMRi, together
with its licensee, the City of Sturgis, South Dakota, has been the official sponsor of the
Sturgis Motorcycle Rally for many years.  A principal purpose of this annual event is to
promote economic development in the City of Sturgis and the surrounding Black Hills
area of South Dakota and Wyoming.

11.     The Sturgis Motorcycle Rally, which officially begins on the first Monday following the first full weekend each August, is the premier motorcycle-related event in the world and brings hundreds of thousands of visitors to the City of Sturgis, South Dakota and the Black Hills region each year. The Sturgis Motorcycle Rally is the most famous, well-attended motorcycle enthusiast event in the world. As a result of the fame of the Sturgis Motorcycle Rally and the hundreds of thousands of visitors who attend the event each year, the event has become a destination for some of the country's best-known musical groups and entertainers, celebrities and even Presidential candidates.

12.     In promoting and otherwise supporting the Sturgis Motorcycle Rally, SMRi and its predecessors-in-interest have used, and permitted others to use, certain proprietary trademarks and service marks to identify the activities comprising this annual event and the goods sold in conjunction therewith. Those proprietary designations have included the terms STURGIS®, STURGIS MOTORCYCLE RALLY™, STURGIS RALLY & RACES™, TAKE THE RIDE TO STURGIS®, STURGIS BIKE WEEK® and a composite design mark which includes at its center and as the largest and most prominent textual component thereof the term STURGIS (the "STURGIS Composite Design Mark") (collectively, the foregoing shall be referred to herein as the "STURGIS Marks").

13.     The success of the Sturgis Motorcycle Rally is due in large part to the longstanding, continuous and extensive sponsorship, promotion and support by SMRi and its predecessors-in-interest, including the Sturgis Area Chamber of Commerce, with respect to the offering, sale and distribution of goods and services related to the Sturgis Motorcycle Rally and sold under and in conjunction with the STURGIS Marks, and due

- 4 -

to the related activities of SMRi, its predecessors and their licensee, the City of Sturgis, in related sponsorship activities under the STURGIS Marks and pertaining to the Sturgis Motorcycle Rally.

14.     Over the last two decades, for example, SMRi, its predecessors and their respective licensees have sold tens of millions of dollars in licensed goods in conjunction with the STURGIS Marks. Sponsors of the Sturgis Rally have included Harley-Davidson, R.J. Reynolds, Coca-Cola of the Black Hills, GEICO and Jack Daniels.

15.     As a result of royalties generated from the sale of licensed goods and sponsorships of the Sturgis Motorcycle Rally, SMRi and its predecessors have made substantial contributions to the betterment of the Sturgis community, such as by making contributions to over 90 different causes and organizations, including the Meade County summer school program, Salvation Army's food cupboard, Sturgis Arts Council, Sturgis Jaycees, Sturgis Little League, Sturgis Police Department D.A.R.E. program, Sturgis Volunteer Fire Department, Black Hills Area Habitat for Humanity, Crisis Intervention Shelter, special projects of the City of Sturgis, and Girl Scouts of the USA. These activities have engendered a great deal of goodwill for SMRi, its predecessors, their respective sponsorship and promotion of the Sturgis Motorcycle Rally and for the STURGIS Marks.

16.     Further strengthening the STURGIS Marks to connote and promote goods and services in conjunction with the Sturgis Motorcycle Rally, SMRi and its predecessors have obtained and/or acquired, and SMRi owns, a number of U.S. registrations for several of the STURGIS Marks. These registrations provide nationwide notice to others of the rights of SMRi and further strengthen the Sturgis Motorcycle Rally and the

- 5 -

goodwill of SMRi associated with the STURGIS Marks.  Such registrations are

comprised of or include:

- STURGIS®, U.S. Reg. No. 3,923,284, for use in connection with an extensive array of goods and services;

- TAKE THE RIDE TO STURGIS®, U.S. Reg. No. 2,698,677, for use in connection with clothing, namely, t-shirts and sweatshirts and caps;

- STURGIS BIKE WEEK®, U.S. Reg. Nos. 2,070,955; 3,825,398; 3,818,703; 3,838,171; 3,911,270; 3,923,236 for use in connection with a wide variety of merchandise; and

- The STURGIS Composite Design Mark, U.S. Reg. No. 1,948,097, for use in connection with, *inter alia*, "promoting sports competitions and/or events of others, namely motorcycle rallies, exhibits and competitions" (shown below);



®.

(The foregoing registrations shall be referred to hereinafter as the "STURGIS

Registrations").

17.     Attached at Exhibit A hereto are true and correct copies of the U.S.

trademark registration certificates for the STURGIS Registrations, which STURGIS

Registrations are owned by Plaintiff, are live and subsisting, and constitute evidence of

the validity of each of the respective registered marks, Plaintiff's ownership of each of

the registered marks, and Plaintiff's exclusive right to use each of the registered marks in

commerce on or in connection with the goods and services set forth in each of the

respective STURGIS Registrations (See Exhibit A).

18.     As a result of the longstanding use by SMRi and its predecessors of the

STURGIS Marks, and the tremendous goodwill derived from such ownership and use of

the STURGIS Marks and the ownership of the STURGIS Registrations, the STURGIS®

mark is distinctive and has become a famous mark within the meaning of the U.S. Trademark Dilution Revision Act.

## Defendants and Their Illegal Activities

19.     Without authorization, license or consent from Plaintiff, the Defendants have been using reproductions, counterfeits, copies and colorable imitations of Plaintiff's registered STURGIS® mark, in connection with the sale, offering for sale, distribution and advertising of Defendants' goods, and in a manner which is likely to cause confusion, to cause mistake and to deceive consumers and potential consumers.

20.     Defendants also have applied unauthorized reproductions, counterfeits, copies, and colorable imitations of Plaintiff's STURGIS® mark to the labels, signs, prints, packages, wrappers, receptacles and advertisements used and intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and advertising of goods sold in this country, and which use is likely to cause confusion, to cause mistake and to deceive consumers and potential consumers.

21.     Attached at Exhibit B hereto is a 2011 merchandise order book issued by Defendant RPG, displaying goods offered for sale, sold and advertised by each of Defendants. As set forth in Exhibit B and otherwise, Defendants' counterfeit and infringing goods are sold under the false and misleading designations "Officially Licensed Sturgis™ Products," "Legendary Sturgis™", "Licensed Sturgis™", "Authentic Sturgis™", "Sturgis Authentic Apparel™", "The Only True Original," "Oldest~Biggest~Best™" "Sturgis Motor Classic™", "SMC™", "STURGIS™" and "STURGIS 71st Annual 2011 Motor Classic™" (the foregoing designations shall be referred to herein as "Defendants' Infringing Designations") (See Exhibit B).

- 7 -

22. Defendants have offered for sale, sold and distributed products bearing the Defendants' Infringing Designations, some examples of which are shown at Exhibit C hereto (See Exhibit C).

23. By offering for sale, selling, distributing, marketing and advertising goods sold under the Defendants' Infringing Designations, Defendants intentionally have violated the Plaintiff's rights in and to the STURGIS Marks and the STURGIS Registrations, and with the knowledge and intention that the use in commerce of Defendants' Infringing Designations were and are intended to cause confusion, to cause mistake, and to deceive consumers and potential consumers.

24. Defendants also, in connection with the offering for sale, sale, distribution, advertising and promotion of goods bearing and in conjunction with Defendants' Infringing Designations, have caused, are causing and are likely to cause confusion and mistake, and have deceived, are deceiving and are likely to deceive, as to the affiliation, connection, and association of Defendants with SMRi, and as to the origin, sponsorship, and approval of Defendants' goods and commercial activities.

25. Further, Defendants, by their offering for sale, distribution, marketing and advertising of goods bearing and in conjunction with Defendants' Infringing Designations, in commercial advertising and promotion, have misrepresented the nature, characteristics, qualities, and origin of their goods and their commercial activities, to the harm of Plaintiff.

26. Still further, Defendants have applied to register with the U.S. Patent & Trademark Office ("PTO") at least two trademark applications in unfair competition with Plaintiff, and made unfair, deceptive and fraudulent representations to the PTO in the

furtherance of those applications. RPG filed an application to register the confusingly similar and deceptive designation "Officially Licensed Sturgis" with the PTO pursuant to U.S. Appl. Serial No. 78/936,215, for use in conjunction with "Hats; Shirts" in International Class 25, which application has not attained registration but which remains pending and suspended. JRE filed an application to register the confusingly similar designation "Sturgis Motor Classic" with the PTO pursuant to Appl. Serial No. 78/872,267 in conjunction with goods described in International Classes 16, 21 and 25, which application has not attained registration but remains pending (the "Defendants' U.S. Trademark Applications").

27.     Defendants' activities already have caused and are causing confusion in the marketplace. RPG and its representatives have communicated to retailers that Defendants' U.S. Trademark Applications convey to Defendants rights not owned by Defendants, such as by representing to retailers that the Defendants' U.S. Trademark Applications are "good" and "official" and convey rights to Defendants that are, to the contrary, owned by Plaintiff.

28.     After the Plaintiff's STURGIS® mark became famous and distinctive, Defendants commenced use of Defendants' Infringing Designations in commerce, which use is likely to cause dilution by blurring and/or by tarnishment of the famous STURGIS® mark. In fact, Defendants, by using the Defendants' Infringing Designations, have intended to infringe and dilute the Plaintiff's STURGIS® mark. Defendants' acts entitle Plaintiff to an injunction and other remedies, including monetary remedies.

29.     Defendants also have obtained and used domain name registrations in violation of Plaintiff's rights. Defendant JRE registered, and Defendants use, the domain names AuthenticSturgis.com, Legendary-Sturgis.com, LicensedSturgis.com, Official-Sturgis.com, SturgisCentral.com, SturgisMotorClassic.com, and SturgisRallyOnline.com (collectively, "Defendants' Domain Names"), all with bad faith intent to profit from the unlawful use of Plaintiff's STURGIS Marks, including Plaintiff's famous STURGIS® mark. Plaintiff's marks were distinctive and the STURGIS® mark was famous at the time of the registration of Defendants' Domain Names, Defendants' Domain Names are confusingly similar or identical to Plaintiff's STURGIS Marks and dilutive of Plaintiff's STURGIS® mark, and Plaintiff's STURGIS Marks are protected by reason of section 706 of title 18, U.S. Code, or section 220506 of title 36, U.S. Code. Plaintiff is entitled to a forfeiture and cancellation or transfer of the domain names, plus actual or statutory damages of up to $100,000 per each of the Defendants' Domain Names, pursuant to Section 43(d) of the Lanham Act and 15 U.S.C. § 1117(d).

30.     Defendants' use of the Defendants' Domain Names also constitutes trademark infringement and unfair competition in violation of Plaintiff's rights, all in connection with the offering, marketing, distribution and sale of goods related to the Sturgis Motorcycle Rally.

31.     Defendants' acts complained of herein have been willful, with the intent to harm the rights of Plaintiff.

32.     Defendants' acts have caused actual confusion among consumers who purchase and are likely to purchase goods bearing Plaintiff's STURGIS Marks.

33.    Defendants also, on information and belief, have obtained South Dakota

state trademark registrations in violation of SDCL 37-6 *et seq.*, which registrations should

be cancelled, and Defendants have violated the rights of Plaintiff under South Dakota law

by using Defendants' Infringing Designations, which violations arise under SDCL 37-6-

3, which provides:

> Every person who, with intent to defraud, affixes to any goods, or to any
> container of goods, any label, stamp, brand, imprint, printed wrapper, ticket,
> or mark, which designates such goods by any word or token which is wholly
> or in part the same to the eye or to the ear as the word or any of the words or
> tokens used by any other person as his trade-mark, and every person who
> knowingly sells or keeps or offers for sale any such goods or containers with
> any such label, stamp, brand, imprint, printed wrapper, ticket, or mark affixed
> to or upon it, in case the person affixing such mark, or so selling, exposing, or
> offering for sale such goods or containers, was not the first to employ or use
> such words as his trade-mark, is guilty of a Class 1 misdemeanor, and in
> addition to the punishment prescribed therefor is liable to the party aggrieved
> in the penal sum of one hundred dollars for each and every offense, to be
> recovered by him in a civil action.

Defendants are liable to Plaintiff pursuant to the provisions of SDCL 37-6-3.

34.    The acts of Defendants complained of herein are likely to confuse

consumers within the meaning of South Dakota common law prohibiting unfair

competition and trademark infringement.

35.    The acts of Defendants complained of herein constitute the knowing and

intentional use and employment of deceptive acts, false pretenses, false promises and/or

misrepresentations, and the concealment, suppression and omission of material facts in

connection with the sale and advertisement of merchandise by Defendants.  Plaintiff has

been adversely affected by the acts of Defendants and has incurred damages and other

harm as a result of Defendants' acts.

**Count I:  Infringement of Registered Marks, 15 U.S.C. § 1114**

36.     Plaintiff incorporates by reference paragraphs 1-35 above as if fully set out herein.

37.     The acts of Defendants complained of herein constitute trademark infringement of a registered mark under the Lanham Act, 15 U.S.C. § 1114.

38.     Plaintiff has been damaged by the acts of Defendants complained of herein.

**Count II:  Unfair Competition, 15 U.S.C. § 1125(a)(1)(A)**

39.     Plaintiff incorporates by reference paragraphs 1-38 above as if fully set out herein.

40.     The acts of Defendants complained of herein constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41.     Plaintiff has been damaged by the acts of Defendants complained of herein.

**Count III:  False Advertising, 15 U.S.C. § 1125(a)(1)(B)**

42.     Plaintiff incorporates by reference paragraphs 1-41 above as if fully set out herein.

43.     The acts of Defendants complained of herein constitute false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

44.     Plaintiff has been damaged by the acts of Defendants complained of herein.

### Count IV:  Dilution of Famous Mark,
### Federal Trademark Dilution Revision Act Violation, 15 U.S.C. § 1125(c)

45.     Plaintiff incorporates by reference paragraphs 1-44 above as if fully set out herein.

46.     The acts of Defendants complained of herein constitute dilution of a famous mark under the Trademark Dilution Revision Act, 15 U.S.C. § 1125(c).

47.     Plaintiff has been damaged by the acts of Defendants complained of herein.

### Count V:  Violation of Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)

48.     Plaintiff incorporates by reference paragraphs 1-47 above as if fully set out herein.

49.     The acts of Defendants complained of herein constitute violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

50.     Plaintiff has been damaged by the acts of Defendants complained of herein.

### Count VI:  Unfair Competition and Trademark Infringement, South Dakota Common Law

51.     Plaintiff incorporates by reference paragraphs 1-50 above as if fully set out herein.

52.     The acts of Defendants complained of herein constitute unfair competition and trademark infringement under the common law of the State of South Dakota.

53.     Plaintiff has been damaged by the acts of Defendants complained of herein.

### Count VII: Trademark Infringement, SDCL 37-6 and Related Provisions

54.     Plaintiff incorporates by reference paragraphs 1-53 above as if fully set out herein.

55.     The acts of Defendants complained of herein constitute trademark infringement under SDCL 37-6 *et seq.*

56.     Plaintiff has been damaged by the acts of Defendants complained of herein.

### Count VIII: Deceptive Trade Practices, SDCL 37-24-6 and Related Provisions

57.     Plaintiff incorporates by reference paragraphs 1-56 above as if fully set out herein.

58.     The acts of Defendants complained of herein constitute deceptive trade practices and a violation of SDCL 37-24-6 et seq., including 37-24-31 and related provisions.

59.     Plaintiff has been damaged by the acts of Defendants complained of herein.

60.     The harm to Plaintiff incurred by virtue of Defendants' unlawful activities is not fully compensable via monetary remedies, but also requires injunctive relief against Defendants.

**WHEREFORE**, Plaintiff Sturgis Motorcycle Rally, Inc. requests that the Court:

- (a) Preliminarily and permanently enjoin Defendants from infringing Plaintiff's STURGIS Marks;

- (b) Preliminarily and permanently enjoin Defendants from unfairly competing against Plaintiff;

(c) Preliminarily and permanently enjoin Defendants from falsely representing the nature, characteristics, qualities and origin of their or SMRi's goods, services and commercial activities;

(d) Preliminarily and permanently enjoin Defendants from diluting the distinctiveness of Plaintiff's famous STURGIS® Mark, or from tarnishing the Plaintiff's mark;

(e) Preliminarily and permanently enjoin Defendants from profiting in bad faith from, or maintaining the registration of, Defendants' Domain Names, and ordering that Defendants transfer the Defendants' Domain Names to Plaintiff;

(f) Preliminarily and permanently enjoin Defendants from infringing Plaintiff's rights under South Dakota common law and from committing trademark infringement under South Dakota statutory law, and from committing unfair and deceptive trade practices under the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-6 et seq.

(g) Preliminarily and permanently enjoin Defendants from maintaining state trademark registrations violative of Plaintiff's rights;

(h) Award Plaintiff all monetary remedies to which it is entitled under the common law and the particular statutes referenced herein, including, without limitation, any and all profits realized by Defendants from the unlawful activities made the subjects of Plaintiff's claims, any damages sustained by Plaintiff as a result of Defendants' unlawful activities, and the costs of this action, pursuant to 15 U.S.C. § 1117 and otherwise as just and appropriate under the law;

- 15 -

(i)  Award enhanced monetary remedies pursuant to Section 35 of the Lanham
Act, 15 U.S.C. § 1117, and SDCL 37-24-31;

(j)  Order the destruction of all infringing articles sold on or in conjunction with
Defendants' Infringing Designations, pursuant to 15 U.S.C. § 1118.

(k)  Direct the U.S. Patent & Trademark Office to refuse registration to
Defendants' U.S. Trademark Applications, pursuant to 15 U.S.C. § 1119;

(l)  Award Plaintiff its reasonable attorneys' fees; and

(m)  For such other and further relief as the Court deems just;

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

Respectfully submitted this 22nd day of June 2011.

Michael C. Loos
CLAYBORNE, LOOS & SABERS, LLP
2834 Jackson Blvd., Suite 201
P.O. Box 9129
Rapid City, SD  57709
605/721-1517 (tel)
605/721-1518 (FAX)
mloos@clslawyers.net

*Of counsel*

Jason M. Sneed
ALSTON & BIRD LLP
101 S. Tryon St., Suite 4000
Charlotte, NC 28280-4000
704/444-1000 (tel)
704/444-1728 (FAX)
Jason.Sneed@alston.com

- 16 -