UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

---

STURGIS MOTORCYCLE RALLY, INC.,

      Plaintiff,

v.

RUSHMORE PHOTO & GIFTS, INC.,
JRE, INC., CAROL NIEMANN,
PAUL A. NIEMANN, and BRIAN M.
NIEMANN,

      Defendants and Counterclaim Plaintiffs,

v.

STURGIS MOTORCYCLE RALLY, INC.,

      Counterclaim-Defendant.

Civil File No.:  11-cv-5052-JLV

**DEFENDANTS' ANSWER AND
COUNTERCLAIMS AND DEMAND
FOR JURY TRIAL**

---

      Defendants Rushmore Photo & Gifts, Inc., JRE, Inc., Carol Niemann, Paul A. Niemann, and Brian M. Niemann (collectively, "Defendants"), for their Answer to Plaintiff's Complaint, state as follows:

## ANSWER TO COMPLAINT

      1.    Defendants admit that the Complaint asserts the identified claims, but Defendants specifically deny the merits of all of Plaintiff's claims.

      2.    Defendants admit that this Court has subject matter jurisdiction over at least a portion of the parties' dispute, but Defendants specifically deny the merits of all of Plaintiff's claims.

3.     Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.     Defendants are without sufficient knowledge and information to form a belief as to the allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore deny the same.

5.     Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.     Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.     Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.     Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint, except that Defendants specifically deny any implication contained in the allegations that Plaintiff had anything to do with the creation or the success of the Sturgis Motorcycle Rally.

12.     Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants are without sufficient knowledge and information to form a belief as to the allegations contained in paragraph 14 of Plaintiff's Complaint, and therefore deny the same.

15. Defendants are without sufficient knowledge and information to form a belief as to the allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore deny the same.

16. Defendants deny that Plaintiff has any legitimate right to the "STURGIS Registrations" (as defined in Plaintiff's Complaint), and therefore deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny that Plaintiff has any legitimate right to the "STURGIS Registrations," and therefore deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants admit that Rushmore Photo & Gifts, Inc. and JRE, Inc. offered for sale, sold, and advertised the goods set forth in Exhibit B to Plaintiff's Complaint. Defendants deny that Carol Niemann, Paul A. Niemann, and Brian M. Niemann individually offered for sale, sold, or advertised the goods set forth in Exhibit B to Plaintiff's Complaint. Defendants deny the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendants admit that Rushmore Photo & Gifts, Inc. and JRE, Inc. offered for sale, sold, and advertised the goods set forth in Exhibit C to Plaintiff's Complaint. Defendants deny the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint, except that Defendants specifically admit that certain lawful trademark applications were filed with the United States Patent and Trademark Office.

27.     Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint, except that Defendants specifically admit that Defendant JRE, Inc. registered certain domain names.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 35 above.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 38 above.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 41 above.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     Defendants restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 44 above.

46.     Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     Defendants restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 47 above.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Defendants restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 50 above.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.     Defendants restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 53 above.

55.     Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     Defendants restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 56 above.

58.     Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny that Plaintiff is entitled to any of the relief requested by Plaintiff in its Complaint.

62.     Specific responses corresponding to Plaintiff's averments are set forth above, but except as otherwise specifically admitted or qualified, all averments of Plaintiff's Complaint are denied.

## <u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

Defendants assert the following defenses and affirmative defenses:

63.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

64. Plaintiff's claims are barred in whole or in part by the doctrines of acquiescence, license, abandonment, waiver, estoppel, consent, and/or laches.

65. Plaintiff's claims are barred in whole or in part because of Plaintiff's unclean hands.

66. Plaintiff's claims are barred in whole or in part because of Plaintiff's failure to mitigate its damages.

67. Plaintiff's claims are barred in whole or in part based on a lack of standing.

68. Plaintiff's claims are barred in whole or in part based on a lack of subject matter jurisdiction.

69. Plaintiff's claims are barred in whole or in part based upon the alleged "STURGIS Registrations" being geographically descriptive names in that the alleged "STURGIS Registrations" are not "trademarks" but are geographically descriptive of the goods or services.

70. Plaintiff's claims are barred in whole or in part based upon the alleged "STURGIS Registrations" being merely geographically descriptive.

71. Plaintiff's claims are barred in whole or in part based upon the alleged "STURGIS Registrations" being merely descriptive.

72. Plaintiff's state law claims are barred in whole or in part under federal preemption.

73. Plaintiff's claims are barred in whole or in part based upon the alleged "STURGIS Registrations" not being inherently distinctive and not having become distinctive in that the relevant consumer does not associate the mark with Plaintiff alone.

74. Plaintiff's claims are barred in whole or in part based upon the alleged "STURGIS Registrations" lacking secondary meaning.

75.     Plaintiff's claims are barred in whole or in part based upon the lack of any likelihood of confusion.

76.     Plaintiff's claims are barred in whole or in part based upon abandonment as a result of Plaintiff's failure to enforce the "STURGIS Registrations," and as a result of Plaintiff's uncontrolled licensing and lack of quality control of said "STURGIS Registrations."

77.     Plaintiff's claims are barred in whole or in part pursuant to 15 U.S.C. § 1115(b)(1) inasmuch as the registrations and/or any alleged incontestable rights of the alleged "STURGIS Registrations" were fraudulently obtained.

78.     Plaintiff's claims are barred in whole or in part pursuant to 15 U.S.C. § 1115(b)(7) inasmuch as the "STURGIS Registrations" alleged by Plaintiff are being used to violate the antitrust laws of the United States.

79.     Plaintiff's claims are barred in whole or in part pursuant to 15 U.S.C. § 1115(b)(9) inasmuch as equitable principles, including laches, estoppel, and acquiescence, are applicable.

80.     Plaintiff's claims are barred in whole or in part based upon the alleged "STURGIS Registrations" not being famous.

81.     Plaintiff's claims are barred in whole or in part based upon the doctrine of fair use.

82.     Plaintiff's claims are barred in whole or in part based upon the lack of any dilution.

83.     Plaintiff's claims are barred in whole or in part based upon the applicable statutes of limitation.

84.     Plaintiff's claims are barred in whole or in part by the doctrine of innocent infringement.

85.     Plaintiff's claims are barred in whole or in part based upon Plaintiff lacking a protectable trademark.

86.     Plaintiff's claims are barred in whole or in part based upon the lack of any use in commerce by Defendants of any of Plaintiff's "STURGIS Registrations."

87.     Plaintiff's claims are barred in whole or in part based upon the lack of Defendants in the course of business, vocation, or occupation passing off its goods or services as those of Plaintiff.

88.     Plaintiff's claims are barred in whole or in part based upon the lack of Defendants in the course of business, vocation, or occupation causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification between Defendants' products and services and Plaintiff's products and services.

89.     Plaintiff's claims are barred in whole or in part based upon the lack of Defendants in the course of business, vocation, or occupation causing a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association between Defendants' products and services and Plaintiff's products and services.

90.     Plaintiff's claims are barred in whole or in part based upon the lack of Defendants in the course of business, vocation, or occupation engaging in conduct that generally creates a likelihood of confusion or of misunderstanding between Defendants' products and services and Plaintiff's products and services.

91.     Plaintiff's claims are barred in whole or in part based upon the lack of Defendants engaging in any unfair competition under South Dakota common law.

92.     Plaintiff's claims are barred in whole or in part based upon the lack of Plaintiff suffering any actual injury.

93.     Plaintiff's claims are barred in whole or in part based upon the alleged "STURGIS Registrations" being generic names in that the alleged "STURGIS Registrations" are not "trademarks" but are generic of the goods or services.

94.     Plaintiff's claims are barred in whole or in part based upon the lack of individual liability of Carol Niemann, Paul A. Niemann, and Brian M. Niemann.

95.     Defendants reserve the right to rely on additional defenses to the extent that such defenses are supported by information developed through discovery or at trial.

## JURY DEMAND

96.     Pursuant to FED. R. CIV. P. 38(b), Defendants request a trial by jury of all issues so triable.

## COUNTERCLAIMS AGAINST SMRI

For their Counterclaims against Counterclaim-Defendant Sturgis Motorcycle Rally, Inc. ("SMRI"), Counterclaim-Plaintiffs Rushmore Photo & Gifts, Inc., JRE, Inc., Carol Niemann, Paul A. Niemann, and Brian M. Niemann (collectively, "Counterclaim-Plaintiffs"), through their attorneys, hereby state and allege:

### PARTIES

1.     Rushmore Photo & Gifts, Inc. is a South Dakota corporation with a principal place of business in Custer, South Dakota.

2.     JRE, Inc. is a South Dakota corporation with a principal place of business in Custer, South Dakota.

3.     Carol Niemann is an individual and resident of South Dakota.

4.     Paul A. Niemann is an individual and resident of South Dakota.

5.     Brian M. Niemann is an individual and resident of South Dakota.

6.     Upon information and belief and according to its Complaint, SMRI is a South Dakota "not-for-profit" corporation with a "principal place of business" in Sturgis, South Dakota.

### JURISDICTION AND VENUE

7.     This court has supplemental jurisdiction with regard to Counterclaim-Plaintiffs' claims under 28 U.S.C. § 1367.  This Court has subject matter jurisdiction with regard to SMRI's registered marks pursuant section 37 of the Lanham Act, 15 U.S.C. § 1119 and 28 U.S.C. § 1338.  Counterclaim-Plaintiffs' Counterclaims are being brought pursuant to FED. R. CIV. P. 13.

8.     Upon information and belief, SMRI resides in this District, has alleged claims against Counterclaim-Plaintiffs in this district, and is subject to personal jurisdiction pursuant to

S.D.C.L. § 15-7-2.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) as SMRI is subject to personal jurisdiction, conducts business, and has asserted claims against Counterclaim-Plaintiffs in this District.

## COMMON FACTS

10.     Upon information and belief, SMRI is the alleged owner of nine federally registered marks (collectively "Sturgis Registrations"), attached to Plaintiff/SMRI's Complaint as Exhibit A (Court Doc. No. 1-1).

11.     SMRI is also the alleged owner of two unregistered terms, "Sturgis Motorcycle Rally" and "Sturgis Rally & Races" (collectively "Unregistered Terms"), under which SMRI evidently claims some type of trademark rights.

12.     As SMRI well knows, the term "Sturgis" is a designator of a geographic place, namely, the town of Sturgis, South Dakota.

13.     The geographic descriptiveness of the term "Sturgis" was recognized and cited as a reason for refusal of registration by the U.S. Patent & Trademark Office reviewing the application that resulted in Registration No. 3,923,284 for the term "Sturgis."

14.     In response to this Section 2(e) refusal, SMRI (then Sturgis Area Chamber of Commerce) filed a Section 2(f) affidavit of acquired distinctiveness claiming "substantially exclusive and continuous use" of the term "Sturgis" as a mark for five years before the filing of the 2(f) claim.

15.     The acquired distinctiveness claim overcame the geographic descriptiveness refusal of Registration No. 3,923,284 for the term "Sturgis," and the registration was subsequently allowed to issue.

16. The Section 2(f) affidavit filing, which was material to the examination and issuance of Registration No. 3,923,284 for the term "Sturgis," was fraudulent.

17. SMRI, and its predecessor in interest the Sturgis Area Chamber of Commerce, are not now and have never been the "substantially exclusive" user of the term "Sturgis."

18. Non-licensed vendors, including but not limited to Rushmore Photo & Gifts, Inc., have sold goods bearing the term "Sturgis" for decades, certainly for well over the five years before the filing of the 2(f) claim made by SMRI and during any time during which SMRI (and/or Sturgis Area Chamber of Commerce) alleged substantially exclusive use.

19. Considering the open and notorious use of the term "Sturgis" on products sold throughout the Black Hills, and the active involvement of SMRI and/or the Sturgis Area Chamber of Commerce during the Rally, it surely made the misrepresentation of "substantially exclusive and continuous use" of the term "Sturgis" as a mark for five years before the filing of the 2(f) claim knowingly and with the intent to defraud the U.S. Patent & Trademark Office.

**COUNT ONE:**
**DECLARATORY JUDGMENT ACTION DETERMINATION THAT SMRI'S REGISTATION NO. 3,923,284 FOR THE TERM "STURGIS" IS INVALID AND UNENFORCEABLE FOR FRAUD ON THE U.S. PATENT & TRADEMARK OFFICE**

20. Counterclaim-Plaintiffs restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 19 of their Counterclaims.

21. In order to obtain Registration No. 3,923,284 for the term "Sturgis" under Section 2(f) of the Lanham Act, SMRI (and/or the Sturgis Area Chamber of Commerce) was required to show that its descriptive term had obtained acquired distinctiveness. SMRI (and/or the Sturgis Area Chamber of Commerce) did this by claiming that it has "substantially exclusive and continuous use" of the term "Sturgis" as a mark in commerce for five years before the filing of the 2(f) claim.

22.     SMRI (and/or the Sturgis Area Chamber of Commerce) knew that it did not have "substantially exclusive and continuous use" of the term "Sturgis" in commerce for at least the five years before the filing of the 2(f) claim, and thus, knowingly made and submitted a false claim and declaration to this effect in order to achieve registration for the term "Sturgis" under Section 2(f) of the Act. SMRI (and/or the Sturgis Area Chamber of Commerce) thereby willfully and deliberately committed fraud on the U.S. Patent & Trademark Office.

23.     Because Registration No. 3,923,284 for the term "Sturgis" is invalid and unenforceable due to fraud on the U.S. Patent & Trademark Office, SMRI's Registration No. 3,923,284 for the term "Sturgis" should be cancelled pursuant to 15 U.S.C. §§ 1052(e), 1064(3), and 1119.

**COUNT TWO:**
**DECLARATORY JUDGMENT ACTION DETERMINATION THAT SMRI'S STURGIS REGISTRATIONS ARE GENERIC, INVALID, AND UNENFORCEABLE**

24.     Counterclaim-Plaintiffs restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 23 of their Counterclaims.

25.     The relevant public does not perceive any trademark or service mark significance with SMRI's Sturgis Registrations or Unregistered Terms; rather, the Sturgis Registrations and Unregistered Terms have become known to the relevant public and adopted by consumers as the name of the products and service rather than a brand identifier of such products or service.

26.     Because SMRI's Sturgis Registrations and Unregistered Terms have become known to the relevant public and adopted by consumers as the name of the products and service rather than a brand identifier of such products or service, the Sturgis Registrations and Unregistered Terms are generic, invalid, and unenforceable as a trademark or service mark.

27.     In particular, the terms "Sturgis," "Sturgis Bike Week," "Sturgis Motorcycle Rally," and "Sturgis Rally & Races" do not function as a trademark because they are now and have been for decades used by numerous non-licensed entities and vendors.  Consumers do not associate the term or phrase with any one source, rendering the terms generic.

28.     As a consequence of the above facts, the Sturgis Registrations and Unregistered Terms, in particular "Sturgis," "Sturgis Bike Week," "Sturgis Motorcycle Rally," and "Sturgis Rally & Races," should be cancelled and otherwise found to be invalid and unenforceable pursuant to 15 U.S.C. §§ 1052(e), 1064(3), and 1119 and common law.

**COUNT THREE:**
**DECLARATORY JUDGMENT ACTION DETERMINATION THAT SMRI'S REGISTATION NO. 3,923,284 FOR THE TERM "STURGIS" IS INVALID AND UNENFORCEABLE AS PRIMARILY GEOGRAPHICALLY DESCRIPTIVE**

29.     Counterclaim-Plaintiffs restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 28 of their Counterclaims.

30.     The term "Sturgis" is primarily a designator of a geographic place, namely, the town of Sturgis, South Dakota.

31.     The term "Sturgis" is geographically descriptive of the goods and services of SMRI, as being related to or being associated with the town of Sturgis, South Dakota.

32.     Because the term "Sturgis" is primarily geographically descriptive, SMRI's Registration No. 3,923,284 for the term "Sturgis" should be cancelled pursuant to 15 U.S.C. §§ 1052(e), 1064(3), and 1119.

**COUNT FOUR:**
**DECLARATORY JUDGMENT ACTION – NON-INFRINGEMENT OF SMRI'S STURGIS REGISTRATIONS AND UNREGISTERED TERMS**

33.     Counterclaim-Plaintiffs restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 32 of their Counterclaims.

34.     With the exception of the term "Sturgis," Counterclaim-Plaintiffs do not use and have not in the past used in commerce the words, terms, names, or symbols of the Sturgis Registrations or Unregistered Terms, in connection with any of Counterclaim-Plaintiffs' goods or services.

35.     SMRI's Registration No. 3,923,284 for the term "Sturgis" is invalid and unenforceable for a number of reasons, as outlined above.

36.     Accordingly, Counterclaim-Plaintiffs seek judgment from the Court that they do not and have not infringed the Sturgis Registrations or Unregistered Terms.

**COUNT FIVE:**
**CIVIL LIABILITY FOR FALSE OR FRAUDULENT REGISTRATION**
**UNDER 15 U.S.C. § 1120**

37.     Counterclaim-Plaintiffs restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 36 of their Counterclaims.

38.     As set forth above, Registration No. 3,923,284 for the term "Sturgis" is invalid and unenforceable due to fraud on the U.S. Patent & Trademark Office.

39.     Under 15 U.S.C. § 1120, SMRI is liable, as successor-in-interest to the Sturgis Chamber of Commerce, for damages that Counterclaim-Plaintiffs have sustained as a consequence of the false and fraudulent Registration No. 3,923,284 for the term "Sturgis."

40.     Rushmore Photo & Gifts, Inc. and JRE, Inc. have lost business and product orders based on SMRI's letters that it has sent to vendors, as well as Counterclaim-Plaintiffs' customers, threatening to enforce SMRI's falsely and fraudulently obtained Registration No. 3,923,284 for the term "Sturgis" against numerous vendors and customers.

41.     Upon information and belief, SMRI has also been threatening vendors that SMRI and/or law enforcement will be conducting seizures at and around the upcoming Rally of any

"non-licensed" goods that use or incorporate the term "Sturgis."

42. SMRI's threats, which all use as a weapon SMRI's falsely and fraudulently obtained Registration No. 3,923,284 for the term "Sturgis," have wrongfully created an environment of fear amongst Rally vendors, including those that are Rushmore Photo & Gifts, Inc. and JRE, Inc.'s customers.

43. SMRI's threats, which all use as a weapon SMRI's falsely and fraudulently obtained Registration No. 3,923,284 for the term "Sturgis," evidence a pattern of bullying and unfair competition by SMRI.

44. Based on SMRI's wrongful conduct, Counterclaim-Plaintiffs have been damaged in an amount to be determined at trial. This damage includes but is not limited to Counterclaim-Plaintiffs' attorney's fees and costs in having to litigate against SMRI's falsely and fraudulently obtained Registration No. 3,923,284 for the term "Sturgis."

**COUNT SIX:**
**TORTIOUS INTERFERENCE WITH CONTRACT**
**AND/OR BUSINESS RELATIONSHIP**

45. Counterclaim-Plaintiffs restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 44 of their Counterclaims.

46. Rushmore Photo & Gifts, Inc. and JRE, Inc. distribute, offer for sale, and sell goods that incorporate the term "Sturgis" to various customers and vendors, primarily for sale at and around the Rally.

47. SMRI is well aware of the fact that Rushmore Photo & Gifts, Inc. and JRE, Inc. distribute, offer for sale, and sell goods that incorporate the term "Sturgis" to various customers and vendors, primarily for sale at and around the Rally.

48. As outlined above, SMRI has intentionally and unjustifiably interfered with

Rushmore Photo & Gifts, Inc. and JRE, Inc.'s contracts and business relationships with their customers and vendors.

49.     Customers and vendors have refrained from making or cancelled orders for Rushmore Photo & Gifts, Inc. and JRE, Inc.'s goods that incorporate the term "Sturgis" based on the environment of intimidation and bullying that SMRI has cultivated using its falsely and fraudulently obtained Registration No. 3,923,284 for the term "Sturgis."

50.     As a result of SMRI's wrongful conduct, Rushmore Photo & Gifts, Inc. and JRE, Inc. have been damaged in an amount to be determined at trial.

## COUNT SEVEN:
## COMMON LAW UNFAIR COMPETITION

51.     Counterclaim-Plaintiffs restate, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 50 of their Counterclaims.

52.     The above-described acts by SMRI constitute unfair competition under common law.

53.     As a result of SMRI's unfair competition, Rushmore Photo & Gifts, Inc. and JRE, Inc. have been damaged in an amount to be determined at trial.

## JURY TRIAL

54.     Pursuant to FED. R. CIV. P. 38(b), Counterclaim-Plaintiffs request a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counterclaim-Plaintiffs Rushmore Photo & Gifts, Inc., JRE, Inc., Carol Niemann, Paul A. Niemann, and Brian M. Niemann respectfully request that this Court:

(a)     Enter judgment dismissing Plaintiff's Complaint with prejudice and on the merits.

(b)    Enter judgment sustaining Defendants' defenses and affirmative defenses.

(c)    Enter judgment sustaining Counterclaim-Plaintiffs' declaratory judgment action that SMRI's Sturgis Registrations and Unregistered Terms are generic, invalid, and unenforceable.

(d)    Enter judgment ordering the Director of the United States Patent and Trademark Office to cancel SMRI's Sturgis Registrations.

(e)    Enter judgment preliminarily and permanently enjoining and restraining SMRI and its subsidiaries, parents, officers, directors, agents, servants, employees, agents, affiliates, attorneys and all other persons in active concert or participation with SMRI from enforcing or threatening to enforce SMRI's Sturgis Registrations or Unregistered Terms, or from threatening that SMRI and/or its agents will be conducting seizures at and around the upcoming Rally of any "non-licensed" goods that use or incorporate the term "Sturgis."

(f)    Enter judgment sustaining Counterclaim-Plaintiffs' declaratory judgment action of non-infringement.

(g)    Enter judgment awarding Counterclaim-Plaintiffs damages, in an amount to be determined at trial, for SMRI's various acts of wrongful conduct, including under 15 U.S.C. § 1120.

(h)    Enter judgment awarding Counterclaim-Plaintiffs their costs and attorney fees, in accordance with Section 35 of the Lanham Act, 15 U.S.C. §§ 1117(a) and 1120, and otherwise according to law.

(i)    Enter judgment awarding damages to Counterclaim-Plaintiffs of pre-judgment and post-judgment interest on Counterclaim-Plaintiffs' damages as allowed by law.

(j)    Grant Defendants/Counterclaim-Plaintiffs such other relief as the Court may deem just and equitable.

Respectfully Submitted,


Dated: July 6, 2011                    By:    /s/ J. Crisman Palmer
                                       J. Crisman Palmer
                                       GUNDERSON, PALMER, NELSON
                                         & ASHMORE, LLP
                                       440 Mt. Rushmore Road, 3rd Floor
                                       P.O. Box 8045
                                       Rapid City, SD  57709
                                       Phone:  (605) 342-1078
                                       Facsimile:  (605) 719-3471
                                       cpalmer@gpnalaw.com


                                       Aaron W. Davis (*Pro Hac Vice* pending)
                                       PATTERSON THUENTE
                                         CHRISTENSEN PEDERSEN, P.A.
                                       4800 IDS Center
                                       80 South Eighth Street
                                       Minneapolis, MN  55402-2100
                                       Telephone: (612) 349-5740
                                       Facsimile: (612) 349-9266
                                       davis@ptslaw.com


## CERTIFICATE OF SERVICE

I hereby certify on July 6, 2011, a true and correct copy of **DEFENDANTS' ANSWER AND COUNTERCLAIMS AND DEMAND FOR JURY TRIAL** was served electronically through the CM/ECF system upon the following individuals:

Michael C. Loos, Esq.
2834 Jackson Blvd., Suite 201
P.O. Box 9129
Rapid City, SD  57702-3809


                                       By:    /s/ J. Crisman Palmer
                                              J. Crisman Palmer