

**FILED**

**SEP 2 6 2013**

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STURGIS MOTORCYCLE RALLY, INC., | CIV. 11-5052-JLV |
| Plaintiff, | ORDER SUSTAINING IN PART AND OVERRULING IN |
| vs. | PART PARTIES' OBJECTIONS AND |
| RUSHMORE PHOTO & GIFTS, INC.; JRE, INC., CAROL NIEMANN; PAUL A. NIEMANN; BRIAN M. NIEMANN; and WAL-MART STORES, INC., | ADOPTING REPORT AND RECOMMENDATION AS AMENDED |
| Defendants. | |

Pending before the court are four motions: plaintiff's motion for summary

judgment (Docket 66); plaintiff's motion to strike parts of defendant Wal-Mart

Stores, Inc,'s (Wal-Mart) answer (Docket 70); defendants' motion for summary

judgment (Docket 76); and plaintiff's motion to strike the defendants' motion

for summary judgment (Docket 93). The court referred the motions to

Magistrate Judge John E. Simko for resolution pursuant to 28 U.S.C. § 636.

(Dockets 104 & 105). On March 6, 2013, Magistrate Judge Simko filed a report

recommending the court deny plaintiff's motion for summary judgment, deny

plaintiff's motion to strike parts of Wal-Mart's answer, deny plaintiff's motion to

strike the defendants' motion for summary judgment, and deny the defendants'

motion for summary judgment. (Docket 107). The parties timely filed

objections. (Dockets 108 & 109). The parties also filed responses to the opposing party's objections.[1] (Dockets 110 & 111).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

For the reasons stated below, the parties' objections are granted in part and overruled in part. The court adopts the report and recommendation of the magistrate judge as amended by this order.

For continuity and ease of analysis of the parties' objections, the court will address the parties' motions in the following order.

## I.    PLAINTIFF'S MOTION TO STRIKE PARTS OF WAL-MART'S ANSWER

On April 24, 2012, plaintiff Sturgis Motorcycle Rally, Inc., (SMRI) filed an amended complaint against defendants alleging trademark infringement and other claims. (Docket 52). On May 18, 2012, defendant Wal-Mart filed its answer. (Docket 60). SMRI moves to strike parts of Wal-Mart's answer pursuant to Fed. R. Civ. P. 12(f). (Docket 70). SMRI argues Wal-Mart "intentionally did not plead counterclaims against Plaintiff, but nevertheless pleads 42 paragraphs of impertinent and insufficient 'common facts for

---

[1]Fed. R. Civ. P. 72(b)(2) allows a party to respond to an opposing party's objections.

2

additional affirmative defenses' at Paragraphs 98-150 . . . which 'common facts' parrot the counterclaim allegations of the other defendants." Id. at pp. 1-2. SMRI believes because Wal-Mart did not assert "any affirmative claim[,]" it cannot achieve the relief Wal-Mart seeks, that is, "cancellation of SMRI's federally-issued STURGIS® registration . . .injunctive relief . . . and recovery under a damages statute      . . . ." Id. at p. 2.

The magistrate judge recommends denial of plaintiff's motion to strike parts of Wal-Mart's answer "because the challenge to the validity of the registered STURGIS trbut ademark does not need to be in the form of a counterclaim and can be challenged by asserting defenses to the claims asserted in the Amended Complaint." (Docket 107 at p. 27 ¶ 2).  SMRI objects to this recommendation for three reasons, summarized as:

1.    Wal-Mart cannot seek money damages pursuant to 15 U.S.C. § 1120;

2.    Aromatique, Inc. v. Gold Seal, 28 F.3d 863 (8th Cir. 1994), does not stand for the proposition that 15 U.S.C. §§ 1115(a)-(b) & 1119 do not require a counterclaim as a condition precedent to a challenge to plaintiff's trademark; and

3.    License estoppel and equitable estoppel were not issues raised by plaintiff's motion to strike.[2]

_____

[2]SMRI also objects to the magistrate judge's discussion of a petition to cancel a trademark under 15 U.S.C. § 1064 as no petition to cancel was filed relative to this case. (Docket 108 at p. 17).  The court finds the magistrate judge's discussion of a petition to cancel a trademark is simply an illustration of an alternative way a trademark may be challenged and not a separate basis for the recommendation made.  Plaintiff's objection on this basis is overruled.

(Docket 108 at pp. 16-17).  SMRI argues "[t]he sole question to be answered by Plaintiff's motion to strike . . . is whether a party can request affirmative relief, namely cancellation of Plaintiff's STURGIS registration, while intentionally avoiding the pleading of a counterclaim."  Id. at p. 16.  Each of plaintiff's objections will be addressed separately.

### 1.   WAL-MART CANNOT SEEK MONEY DAMAGES PURSUANT TO 15 U.S.C. § 1120

As part of its prayer for relief, Wal-Mart "request[ed] . . . [an] award . . . of Wal-Mart's 'costs and attorney fees, in accordance with . . . 15 U.S.C. §§ 1117(a) and 1120, and otherwise according to law."  (Docket 60 at p. 25 ¶ e). Wal-Mart acknowledged that "[t]he one inadvertent reference to '1120' in paragraph (e) is withdrawn."  (Docket 87 at p. 5 n. 2).

Once relief under a statutory claim is withdrawn, there is no need for either the magistrate judge to "recommend striking Wal-Mart's claim for damages under 15 U.S.C. § 1120 . . . " or for the court to enter an order striking the statutory reference.  (Docket 108 at p. 15).  Wal-Mart's counsel's declaration is sufficient and binding on the defendant.  State Farm Mutual Automobile Ins. Co. v. Worthington, 405 F.2d 683, 686 (8th Cir. 1968) ("judicial admissions are binding for the purpose of the case in which the admissions are made . . . .").

Plaintiff's objection on this basis is overruled.

4

2. **AROMATIQUE, INC. v. GOLD SEAL, 28 F.3d 863 (8th Cir. 1994), DOES NOT STAND FOR THE PROPOSITION THAT 15 U.S.C. §§ 1115(a)-(b) & 1119 DO NOT REQUIRE A COUNTERCLAIM AS A CONDITION PRECEDENT TO A CHALLENGE TO PLAINTIFF'S TRADEMARK**

Plaintiff objects to the magistrate judge's use of Aromatique as support for the conclusion 15 U.S.C. §§ 1115(a)-(b) and 1119 allow Wal-Mart's use of an affirmative defense in seeking cancellation of SMRI's trademark registration.[3] (Docket 108 at p. 15). Plaintiff's objection is misplaced. The magistrate judge specifically analyzed the language of 15 U.S.C. §§ 1115(a), (b), (b)(1), and 1119, and concluded "[t]hese statutes do not require a counterclaim as a condition precedent to ordering cancellation." (Docket 107 at p. 15). The magistrate judge's reference to Aromatique was to confirm a "federally registered mark[] should be canceled pursuant to Section 37 of the *Lanham Act, which gives courts the power to order cancellation of registered marks.* 15 U.S.C. § 1119." (Docket 107 at p. 15) (citing Aromatique, 28 F.3d at 875) (emphasis added by the magistrate judge). While plaintiff's ultimate objection to the use of an affirmative defense, as opposed to a counterclaim, to obtain cancellation of a registered trademark will be addressed later in this order, the magistrate judge's analysis and reference to Aromatique was appropriate.

Plaintiff's objection on this basis is overruled.

_____

[3]In Aromatique the defendant did assert a counterclaim seeking cancellation of plaintiff's trademark registration. Aromatique, 28 F.3d at 866.

### 3.  LICENSE ESTOPPEL AND EQUITABLE ESTOPPEL WERE NOT ISSUES RAISED BY PLAINTIFF'S MOTION TO STRIKE

The magistrate judge concluded "Walmart is not barred by licensee estoppel because it never was a licensee even of the composite logo." (Docket 107 at p. 24). After analyzing the doctrine of equitable estoppel the magistrate judge concluded, "licensee estoppel could not possibly apply to preclude Walmart from challenging the STURGIS trademarks because Walmart has never been licensee of either the Tom Monohan composite logo or any STURGIS trademark."[4] Id. at pp. 25-26.

Plaintiff objected to the magistrate judge's first conclusion. (Docket 108 at p. 31 ¶ 10). It did not file an objection to the magistrate judge's second conclusion which was expanded to include the STURGIS trademark or as "equitable estoppel" if the statement is seen as a typographical error. SMRI objected to the magistrate judge's recommendation denying plaintiff's motion to strike "because license estoppel and equitable estoppel do not preclude Walmart from contesting the validity of STURGIS® . . . ." Id. at p. 33 ¶ 3.

SMRI argues its potential estoppel defenses against Wal-Mart are not before the court.

---

[4]The court finds the last conclusion is a typographical error as the sentence at the bottom of page 25 of the report should read as follows: "And [equitable] estoppel could not possibly apply to preclude Walmart from challenging the STURGIS trademarks because Walmart has never been licensee of either the Tom Monohan composite logo or any STURGIS trademark." (Docket 107 at pp. 25-26). The report is amended consistent with this order.

> Plaintiff does not concede that Wal-mart can avoid estoppel in light
> of its selling products produced by Defendant [Rushmore Photo &
> Gifts, Inc., ("RPG")]. However, what is clear is that Wal-mart's own
> failure to plead counterclaims estops Wal-Mart from challenging
> Plaintiff's marks . . . . Moreover, by not pleading counterclaims, Wal-
> mart has precluded Plaintiff from asserting any proper defenses to
> the claims of cancellation in the first place. In short, Wal-Mart's
> improper pleading works to prevent Plaintiff from asserting any
> defense. This is prejudicial to Plaintiff and improper under the
> Federal Rules.

Id. at p. 31 ¶ 10. "Whether Wal-mart should be estopped under the doctrines

of licensee estoppel or equitable estoppel has no bearing on whether Wal-Mart

must plead its requests for affirmative relief as counterclaims." Id. at p. 33 ¶ 3.

Plaintiff's motion for summary judgment sought judgment in its "favor as

to its estoppel defenses, and against all counterclaims of the Defendants

Rushmore Photo & Gift, Inc., JRE, Inc., Carol Niemann, Paul A. Niemann and

Brian M. Niemann[5] except for their counterclaim seeking a declaration of non-

infringement, on the basis that Defendants are estopped under the doctrines of

licensee estoppel and equitable estoppel from contesting the validity of

Plaintiff's STURGIS® mark or related registration." (Docket 66 at pp. 1-2). No

mention is made of defendant Wal-Mart either in the text of plaintiff's motion or

its supporting brief. (Dockets 66 & 67). Nor are the estoppel defenses

identified in plaintiff's motion to strike parts of Wal-Mart's answer or plaintiff's

brief in support of the motion. (Docket 70 & 71).

---

[5]Collectively referred to as the "RPG Defendants."

The court agrees the doctrines of equitable estoppel and licensee estoppel were not properly before the magistrate judge in considering SMRI's motion to strike parts of Wal-Mart's answer. The doctrines of licensee estoppel and equitable estoppel are not relevant to plaintiff's motion to strike. For this reason, plaintiff's objection to the report on this basis is sustained.

The sentences referencing Wal-Mart on pages 24-26 of the report are stricken and the recommendation to deny plaintiff's motion to strike Wal-Mart's answer at page 27 on the basis of licensee estoppel and equitable estoppel are stricken. The report and recommendation is amended consistent with this order.

4.   **WHETHER WAL-MART CAN REQUEST AFFIRMATIVE RELIEF, NAMELY, CANCELLATION OF PLAINTIFF'S STURGIS REGISTRATION, WHILE INTENTIONALLY AVOIDING THE PLEADING OF A COUNTERCLAIM**

The report recommended denying SMRI's motion to strike Wal-Mart's answer because federal law does "not require a counterclaim as a condition precedent to ordering cancellation." (Docket 107 at p. 15). Plaintiff argues the magistrate judge erred because "defenses cannot give rise to affirmative relief . . . ." (Docket 108 at p. 15).

SMRI's argument is without merit as federal law clearly allows an affirmative defense as the basis for cancellation of a trademark registration.

> Any registration issued [by the Patent and Trademark Office (PTO)] . . . and owned by a party to an action shall be admissible in evidence and shall be prima facie evidence of the validity of the registered

8

mark . . ., but shall not preclude another person from proving any legal or equitable defense or defect, including those set forth in subsection (b) of this section, which might have been asserted if such mark had not been registered.

15 U.S.C. § 1115(a).  Subsection (b) identifies a number of those defenses:

To the extent that the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce. . . . Such conclusive evidence of the right to use the registered mark shall be subject to proof of infringement . . . and shall be subject to the following defenses or defects:

> (1)    That the registration or the incontestable right to use the mark was obtained fraudulently; or . . .
>
> (9)    That equitable principles, including laches, estoppel, and acquiescence, are applicable.

Id. at § 1115(b).  The court has the authority to resolve issues concerning

trademark registration.

In any action involving a registered mark the court may determine the right to registration, order the cancelation (sic) of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119.

There is no requirement in the trademark statutes which requires a party

to assert a counterclaim as a condition precedent to the court ordering

cancellation of a trademark registration.  While a counterclaim may be a

preferred method of identifying a defendant's defense and remedy, there is no requirement a counterclaim be filed.  Plaintiff's objection does not cite to any such requirement. (Docket 108 at pp. 15-17).

There are, however, a number of cases in which a defendant asserted the affirmative defense of fraud, some with a cancellation of trademark counterclaim and others without a corresponding counterclaim seeking cancellation.  "A trademark infringement claim is subject to the affirmative defense of fraud. See 15 U.S.C. § 1115(b)(1)." Martal Cosmetics, Ltd. v. International Beauty Exchange, Inc., No. 01-cv-7595(TLM)(JO), 2010 WL 2179022 at *2 (E.D.N.Y. May 28, 2010).  The Martal court found: "[t]here is sufficient evidence in the record before the Court for defendants' affirmative defense of fraud to survive summary judgment.  The existence of 'clear and convincing evidence' of fraud in plaintiff's . . . Registration . . . is a question of fact to be determined at trial." Id.  "The defendant's affirmative defenses of abandonment and fraudulent registration, however, remain for trial. See 15 U.S.C. § 1115(b)(1) and (2)." National Council of Young Men's Christian Associations of United States v. Columbia Young Men's Christian Association of Columbia, S.C., CIV. A. No. 3:86-3304-16, 1988 WL 144986 at *1  (D.S.C. Sept. 2, 1988).  See also Salu, Inc. v. Original Skin Store, CIV S-08-1035FCD/KJM, 2010 WL 1444617 (E.D. Cal. Apr. 12, 2010) (summary judgment for defendant denied on defendant's first affirmative defense of fraud

10

on the United States Patent and Trademark Office); Holley Performance
Products, Inc. v. Quick Fuel Tech., Inc., No. 1:07-CV-00185-JHM, 2011 WL
3159177 at *6 (W.D. Ky. July 26, 2011) (the affirmative defense of fraud on the
Patent and Trademark Office must be plead with particularity under Fed. R.
Civ. P. 9(b)); Target Training International, Ltd. v. Extended Disc North
America, Inc., CIV. No. H-10-3350, 2011 WL 3235683 at * 5 n. 6 (S.D. Tex.
July 27, 2011) (same).

The court concludes the magistrate judge properly analyzed the
applicable law and arrived at the correct conclusion in recommending denial of
plaintiff's motion to strike part of Wal-Mart's answer.  There is no statutory
requirement a counterclaim seeking cancellation of a trademark registration is
a condition precedent to an affirmative defense of fraud on the Patent and
Trademark Office which may have the ultimate consequence of cancellation of
plaintiff's trademark registration.  Plaintiff's objection on this basis is
overruled.

## II.   PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On June 26, 2012, the RPG Defendants and defendant Wal-Mart
(hereinafter jointly referred to as the "defendants") filed a motion for summary
judgment.  (Docket 76).  As required by Fed. R. Civ. P. 56(c)(1) and D.S.D. Civ.
LR 56.1(A), defendants filed a statement of material and uncontroverted facts
in support of the motion.  (Docket 78).

11

Plaintiff did not file a statement of material facts.  Fed. R. Civ. P. 56(3) and D.S.D. Civ. LR 56.1(B).   Instead, plaintiff moved to strike the defendants' motion for summary judgment.  (Docket 93).  Plaintiff argues the defendants' motion for summary judgment should be stricken on three grounds, summarized as:

1.   The defendants' counterclaim of genericness[6] was withdrawn[7];

2.   The defendants are barred by the doctrine of estoppel from challenging SMRI's trademark rights; and

3.   Defendants' motion for summary judgment is premature.

(Docket 94 at p. 2).

The report recommends denying plaintiff's motion to strike because defendants' motion is not premised on unpled claims and plaintiff fails to state a proper ground to strike defendants' motion.  (Docket 107 at p. 27).  The report also recommends denying plaintiff's motion for summary judgment

---

[6]"A generic term refers to 'a particular genus or class of which an individual article or service is but a member,' it suggests the 'basic nature of articles or services.'   The test for deciding whether a word has become a generic title of a product or service is one of buyer understanding: 'What do the buyers understand by the word for whose use the parties are contending?' " WSM, Inc. v. Hilton, 724 F.2d 1320, 1325 (8th Cir. 1984) (internal citations omitted).

[7]SMRI argues the RPG defendants, as well as defendant Wal-Mart, are pursuing a summary judgment motion on a claim of genericness which was earlier withdraw by the RPG defendants.  (Docket 94 at p. 2).

"because licensee estoppel and equitable estoppel do not preclude [the RPG Defendants] from contesting the validity of" plaintiff's trademark claims.[8] Id.

SMRI objects to the magistrate judge's recommendations.  (Docket 108 at p. 17-26).  Those objections are summarized as:

1.    SMRI's motion to strike was proper;

2.    Defendants' motion for summary judgment is not properly before the court; and

3.    SMRI should be allowed additional discovery before defendants' motion for summary judgment is considered.

Id. Each of these objections will be addressed separately.

### 1.    SMRI'S MOTION TO STRIKE WAS PROPER

The magistrate judge found "[SMRI] did not respond to [defendants'] motion for summary judgment as contemplated by Federal Rule of Civil Procedure 56 and Local Rule 56.1.  Instead [SMRI] moved to strike [defendants'] motion for summary judgment or in the alternative to postpone the deadline for [SMRI's] response until 30 days following the close of discovery."  (Docket 107 at p. 11).  SMRI "chose to put its eggs in its motion to strike basket, asking for additional time to respond to [defendants'] summary judgment motion if its choice turns out to be the wrong choice."  Id. at p. 12.

---

[8]Because the estoppel doctrines are more closely related to the merits of the plaintiff's motion for summary judgment, that challenge by SMRI will be addressed in Part III of this order.

"Rule 56(a) nowhere mentions a motion to strike. And nowhere else does Rule 56 mention a motion to strike. [SMRI's] response to [defendants'] motion for summary judgment is a circular non-response." Id. at p. 12.

The essence of plaintiff's motion to strike is its claim that defendants' motion for summary judgment is based on genericness, "a claim they withdrew . . . when they amended their counterclaims to delete their claim . . . that SMRI's asserted trademarks were 'generic' . . . ." (Docket 94 at p. 2). Plaintiff argues the defendants are seeking summary judgment on unpled claims. Id. at p. 4. "To permit the . . . Defendants to raise this claim after the close of time for amending pleadings without even *attempting* to seek leave to amend to re-assert the claim would be unduly prejudicial to Plaintiff." Id. at p. 5 (emphasis in original). "Now, nearly one year later and after the close of time for amending pleadings, the genericness issue is back." Id. at p. 3.

Plaintiff fails to acknowledge the genericness issue is not only back, but properly pled in defendants' answers to the amended complaint. Both the RPG Defendants and defendant Wal-Mart used the same language to assert the affirmative defense of genericness.

> Plaintiff's claims are barred in whole or in part based upon "Sturgis," "Sturgis Bike Week," "Sturgis Motorcycle Rally," and "Sturgis Rally & Races," being generic names in that they are not "trademarks" and do not indicate a single source, but are instead generic names for the long-time Sturgis biker rally.

(Dockets 55 at p. 12 ¶ 95; 60 at p. 12 ¶ 95). The genericness defense was

14

properly pled as an affirmative defense and was before the court at the time of defendants' motion for summary judgment.

Plaintiff objects to the report's dismissal of SMRI's argument. "[T]he Report presents Plaintiff with a Hobson's choice: Plaintiff may take any course of action they (sic) so choose, so long as they (sic) consent that genericness is a valid and subsisting claim . . . and consent that Wal-mart can seek affirmative relief without pleading any counterclaims. But Plaintiff is not at liberty simply to respond on the merits. To do so may revive Defendants' previously dismissed claim and to make unpleaded claims a part of this case." (Docket 108 at p. 24).

Plaintiff's argument ignores the interplay between Fed. R. Civ. P. 8 and 15. Rule 15 allows amendment to an issue not raised in the pleadings when the issue is tried by "express or implied consent." Rule 15(b)(2). However, Rule 8 allows SMRI potentially to avoid trial of the genericness issue by consent by declaring plaintiff objects to the genericness issue as unpled and then by arguing in the alternative that genericness should fail as a matter of law. "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Rule 8(d)(2). It is elementary to civil pleading practice "[a] party may state as many separate defenses as it has, regardless of consistency." Rule 8(d)(3).

Plaintiff asserts an alternative basis upon which its motion to strike should be granted. "Plaintiff seeks judgment against Defendants on the basis that they are estopped from making <u>any</u> challenge whatsoever against Plaintiff's STURGIS marks. If the Court grants Plaintiff's motion, the Defendants' . . . summary judgment becomes moot." (Docket 94 at p. 6 n. 2) (emphasis in original). It is difficult to understand why plaintiff would fail to respond to the defendants' motion for summary judgment and move to strike defendants' motion apparently assuming that the court will grant plaintiff's motion for summary judgment. That is truly "putting all one's eggs in one basket."

The court need not resolve the theoretical question, that is, whether a motion to strike the entirety of an opposing party's motion for summary judgment is proper. It is clear on the record in this case that plaintiff's motion to strike the defendants' motion for summary judgment was improper. Plaintiff's objection on this basis is overruled.

### 2.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS NOT PROPERLY BEFORE THE COURT

As indicated above, SMRI did not file its own statement of material facts in opposition to defendants' statement of material and uncontroverted facts. The critical nature of the statement of material facts is emphasized in the local rules:

B. . . . A party opposing a motion for summary judgment <u>shall</u> respond to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record. A party opposing a motion for summary judgment <u>shall</u> identify any material facts as to which it is contended that there exists a genuine material issue to be tried.

C. . . . A party <u>shall</u> attach to an affidavit all relevant documentary evidence in support of or in opposition to a motion for summary judgment.

D. . . . All material facts set forth in the movant's statement of material facts <u>will be deemed to be admitted unless controverted</u> by the opposing party's statement of material facts.

D.S.D. Civ. LR 56.1(B), (C) and (D) (emphasis added). These provisions mandate plaintiff either respond to the defendants' motion for summary judgment submission or risk suffering the consequences. The report found the defendants' "statement of facts stands undisputed in this record." (Docket 107 at p. 13). "It remains only to decide whether these undisputed facts constitute all the material facts and whether the undisputed material facts entitle the . . . defendants to judgment as a matter of law." <u>Id.</u>

SMRI "objects to the Report's finding that 'the . . . defendants have alleged [certain] defenses' and that SMRI 'needed to defend its Amended Complaint from . . . summary judgment attack.'" (Docket 108 at p. 23). SMRI goes now: "[t]he Report misapprehends that the Defendants seek judgment on claims, not defenses    . . . . Yet Defendants' Motion for Summary Judgment does not seek a mere finding that Plaintiff's claims are 'barred,' the only relief available if Defendants were seeking merely to establish defenses." <u>Id.</u>

17

"Rather, the RPG Defendants move for judgment on the claims asserted at pages 12-31 of the Answer to the First Amended Complaint and an unpled and withdrawn claim asserting genericness . . . while Wal-Mart moves for summary judgment wholly on the basis of unpleaded claims." Id.

The court finds defendants' motion for summary judgment is properly before the court. Fed. R. Civ. P. 56 and D.S.D. Civ. LR 56.1. The genericness pleading issue is resolved earlier in this order and Rule 56 clearly allows the court to grant summary judgment on any "claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a).

Plaintiff's objection on this basis is overruled.

### 3.   SMRI SHOULD BE ALLOWED ADDITIONAL DISCOVERY BEFORE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS CONSIDERED

The magistrate judge discussed SMRI's additional discovery request. SMRI "urges [defendants'] motion for summary judgment is premature as discovery has not closed and counsel . . . needs more time to conduct discovery and intends to take depositions from each of the . . . defendants on the issues of likelihood of confusion and false advertising." (Docket 107 at p. 13). "While this mention of the need for discovery is as close as [SMRI] comes to asking that consideration of [defendants'] motion should be deferred, *it was after this*

18

*motion and brief⁹ were filed* that the court filed its Order[10] suspending discovery until after the summary judgment motions were decided. Again, [SMRI] was silent about the need for more time or for more discovery after the court filed its Order staying discovery." Id. at pp. 13-14 (emphasis in original). The magistrate judge concluded SMRI "did not object [to] the Order [staying discovery]. [SMRI] did not move to set the Order aside so that [SMRI] could acquire facts to respond to [defendants'] motion for summary judgment." (Docket 107 at p. 11).

SMRI objects declaring "[t]he Report is highly prejudicial to SMRI, faulting SMRI for not contesting the . . . Court's *sua sponte* stay order . . . ." (Docket 108 at p. 26). "The Magistrate's Report . . . errs for several reasons." Id. "First, only Plaintiff's motions had the potential to be dispositive . . . . Defendants' motion has no dispositive effect . . . . Second, the parties had been conducting discovery throughout the Summer of 2012 . . . . [T]he Court was permitting the issues to be narrowed before the parties invested tens of thousands of dollars on potentially unnecessary discovery on issues such as genericness." Id. (emphasis added).

---

⁹SMRI's motion for summary judgment and brief were filed on July 20, 2012. (Dockets 93 & 94).

[10]The order staying discovery was filed on August 27, 2012. (Docket 102). An amended order was entered on August 28, 2012. (Docket 104).

Rule 56(d) specifically allows additional discovery before consideration of a motion for summary judgment. "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; [or] (2) allow time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. P. 56 (d)(1) & (2). SMRI took no such action, but instead submitted an affidavit of one of its attorneys of record, Jason M. Sneed, in the event plaintiff's motion to strike the defendants' motion for summary judgment was denied. (Docket 93-1). The affidavit in support of plaintiff's alternative Rule 56(d) request cites the need to take discovery "of each of the six Defendants and the Defendants' expert witness, Robert Reitter. . . to acquire testimony from them to be used on summary judgment as to issues that could include (depending on what survives the motion to strike): (a) the activities of each of the Defendants that infringe the rights of the Plaintiff; (b) the various admissions, affidavits, declarations and statements of each of the RPG Defendants pertaining to the claims and defenses of the parties; and (c) the basis for the report rendered by Mr. Reitter." Id. at p. 2 ¶ 4. In plaintiff's brief, SMRI suggested depositions of each of the defendants "as to the issues of likelihood of confusion and false advertising . . . ." (Docket 94 at p. 2). Contrary to plaintiff's brief and Mr. Sneed's affidavit, SMRI's objections to the report and recommendation suggested plaintiff wanted to conduct "discovery

20

on issues such as genericness." (Docket 108 at p. 26).

"Rule [56(d)][11] is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where . . . a party fails to carry his burden . . . , postponement of a ruling on a motion for summary judgment is unjustified." United States through Small Business Administration v. Light, 766 F.2d 394, 397-98 (8th Cir. 1985).

A generalized declaration that a party wants to engage in discovery on a number of subjects before the court considers the movant's motion for summary judgment, without the specificity required by Rule 56(d), is insufficient. SMRI "did not identify specific facts that further discovery might uncover and show how those facts would rebut [the defendants'] showing of the absence of genuine issues of material fact." Chambers, 668 F.3d at 568. "Where a party fails to carry [its] burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified." Stanback v. Best Diversified Products, Inc., 180 F.3d 903, 911 (8th Cir. 1999) (internal quotation

---

[11]"Rule 56(f)—recodified "without substantial change" as Rule 56(d) effective December 1, 2010 . . . ." Chambers v. Travelers Companies, Inc., 668 F.3d 559, 568 (8th Cir. 2012).

marks and citation omitted).

Plaintiff's objection on this basis is overruled.

## III.   PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

### A.   MAGISTRATE JUDGE'S FINDINGS OF FACT

Plaintiff filed twelve objections to the report's recommended factual findings. (Docket 108 at pp. 8-14). Defendants filed no objections to the magistrate judge's recommended factual findings. (Docket 109). Without repeating the statement in the report to which plaintiff objects, each objection will be separately addressed by the corresponding number of each objection.

#### 1.   The statement of Francie Ruebel-Alberts constitutes inadmissible hearsay. (Docket 108 at p. 8 ¶ 1). The objection is based on Rule 56(e) and Fed. R. Evid. 901. Id.

It must be noted plaintiff did not file an objection to the statement when it was submitted in support of defendants' statement of material and uncontroverted facts. Fed. R. Civ. P. 56(c)(2). Moreover, the affidavit of Aaron W. Davis states the declaration of Ms. Ruebel-Alberts "is a true and correct copy of the Declaration of Francie Ruebel-Alberts filed April 17, 2000 in the case captioned *Sturgis Area Chamber of Commerce and City of Sturgis, South Dakota v. Sturgis Bike Week*, before the United States District Court, District of South Dakota, Western Division (Case 5:00-cv-05023-KES)." (Docket 79 at p. 8 ¶ 49). In addition, the declaration of Ms. Ruebel-Alberts was made under penalty of perjury. (Docket 80-24 at p. 10 ¶ 32).

22

There is no requirement a declaration be made only by a party to the present proceeding or that the declaration is objectionable because the declarant has not been deposed by the party opposing the declaration's contents. Rule 56(c)(4). All that is required of an affidavit or declaration is that it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(4). Ms. Ruebel-Albers' declaration complies with Rule 56. The defendants have "produce[d] evidence to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901.

Plaintiff's objection 1 is overruled.

**2.     The document cited in the statement constitutes inadmissible hearsay. (Docket 108 at p. 8 ¶ 2). The objection is based on Rule 56(e) and Fed. R. Evid. 901. Id.**

It must be noted plaintiff did not file an objection to the statement when it was submitted in support of defendants' statement of material and uncontroverted facts. Fed. R. Civ. P. 56(c)(2). The affidavit of Aaron W. Davis states the two notices of opposition are true and correct copies of the documents prepared by the identified corporate officials. (Docket 79 at pp. 2 ¶ 8; 3 ¶ 9). Good Sports Sturgis, Inc. ("Good Sports") and Sturgis Motorcycles, Inc., d/b/a Black Hills Harley-Davison, d/b/a Sturgis Harley-Davidson ("Sturgis Motorcycles") were the declarants identified in the notices of opposition. Id. Jerry Berkowitz as the declarant for Good Sports affirmed "all

statements made of his own knowledge are true and all statements made on information and belief are believed to be true." (Docket 79-7 at p. 15).  Jim Doyle as the declarant for Sturgis Motorcycles affirmed "all statements made of his own knowledge are true and all statements made on information and belief are believed to be true." (Docket 79-8 at p. 19).  Jerry Berkowitz of Good Sports, Jim Burgess of Sturgis Motorcycles and others formed SMRI.  (Docket 78 at p. 16 ¶ 88).  Shortly thereafter, Good Sports and Sturgis Motorcycles withdrew the notices of opposition.  Id. at ¶ 91.

Each of the notices of opposition complies with Rule 56(c)(4) and Fed. R. Evid. 901.  The notices of opposition are admissible under Fed. R. Evid. 803(8) as there is "adequate foundation as a public record."  Amtrust Inc. v. Larson, 388 F.3d 594, 599 (8th Cir. 2004).  "The burden is on the party opposing admission to prove the report's untrustworthiness."  Id.  In addition, the declarations constitute admissions against the interests of plaintiff and its corporate organizers.  Fed. R. Evid. 801(d).

Plaintiff's objection 2 is overruled.

### 3.   The document cited in the statement is inadmissible for lack of personal knowledge by the declarant. (Docket 108 at p. 9 ¶3).  The objection is based on Fed. R. Evid. 901.  Id.

The declarant of the statement of fact endorsed by the report is Brian M. Niemann.  (Docket 107 at p. 3).  SMRI objects to Mr. Niemann's statement because he could have no "personal knowledge about what Rushmore Photo &

24

Gift, Inc., may or may not have sold in the 'mid-1980s.'" (Docket 108 at p. 9 ¶ 3).

Plaintiff did not file an objection to Mr. Niemann's statement when it was submitted in support of defendants' statement of material and uncontroverted facts. Fed. R. Civ. P. 56(c)(2). Additionally, Mr. Niemann's statement was included in defendants' response to plaintiff's statement of material and uncontroverted facts. (Docket 73 at p. 11 ¶ 44).

Mr. Niemann is the secretary and treasurer of RPG and was authorized to submit an affidavit on behalf of the corporation. (Docket 82 at p. 2 ¶ 2). He declared "[t]he statements herein are based on my personal knowledge." Id. at ¶ 3. "Since 2003, [Mr. Niemann has] been managing the daily operations and [has] since joined the ownership." Id. at ¶ 5. As the corporate representative, Mr. Niemann is permitted under Fed. R. Evid. 803(6) to testify regarding the historical activities and business of RPG. Fed. R. Evid. 803(6)(A)-(C). The testimony supporting Mr. Niemann's statement also satisfies the requirements of Fed. R. Evid. 902(11). See Dockets 73 at p. 11 ¶¶ 45-47; 78 at p. 8 ¶¶ 45-47.

Plaintiff's objection 3 is overruled.

### 4. The statement is not supported by plaintiff's facts or defendants' rebuttal facts. (Docket 108 at pp. 9-10 ¶ 4).

The magistrate judge's statement is based on the resolution of JRE, Inc., assigning all of its corporate assets to Rushmore Photo & Gift, Inc., at the time

of the dissolution of JRE, Inc.  (Docket 82-32 at p. 2).  Plaintiff argues the magistrate judge should not have considered this statement as "this material fact is in dispute   . . . ."  (Docket 108 at p. 10 ¶ 4).

Plaintiff did not file an objection to the JRE resolution when it was submitted in support of defendants' statement of material and uncontroverted facts.  Fed. R. Civ. P. 56(c)(2).  Additionally, the resolution was included in defendants' response to plaintiff's statement of material and uncontroverted facts.  (Docket 73 at p. 11 ¶ 44).

In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).  While plaintiff may challenge the statement at trial, for purposes of summary judgment, the magistrate judge was entitled to consider the statement in the light most favorable to the defendants as the non-moving party on plaintiff's motion for summary judgment.

Plaintiff's objection 4 is overruled.

### 5.    The statement constitutes inadmissible hearsay.  (Docket 108 at p. 10 ¶ 5).  The objection is based on Rule 56(e) and Fed. R. Evid. 901.  Id.

Plaintiff objects because the document supporting the statement in the report was created by the Sturgis Area Chamber of Commerce ("Sturgis Chamber") which is not a party to this litigation.  Id.  The Sturgis Chamber is

26

the predecessor-in-interest of plaintiff SMRI. (Docket 68 at p. 1 ¶ 1). The affidavit of Mr. Davis articulates the manner in which he was able to recover the document from the Sturgis Chamber's website. (Docket 79 at p. 2 ¶ 2). It is obvious the document was created by the Sturgis Chamber on its website on June 7, 2012. (Docket 79-1).

There is no requirement a declaration be made only by a party to the present proceeding. The declaration is not objectionable because the declarant has not been deposed by the party opposing the declaration's contents. Rule 56(c)(4). All that is required of an affidavit or declaration is that it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(4). The defendants have "produce[d] evidence to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901.

Plaintiff's objection 5 is overruled.[12]

_____

[12]While not stated as a formal objection, plaintiff also objects to the magistrate judge's statement that "Defendant JRE is a dissolved South Dakota corporation with its principal place of business in Custer, South Dakota." (Docket 107 at p. 10 n. 1). Plaintiff objects because the magistrate judge referenced the amended complaint and the RPG Defendants' answer as opposed to the summary judgment materials. Id. The amended complaint makes the declaration which constitutes the principal content of the statement and the defendants' answer admitted the declaration. Compare Dockets 52 at p. 3 ¶ 6 & 55 at p. 6 ¶ 6. Defendants' answer is a judicial admission. "The purpose of a judicial admission is that it acts as a substitute for evidence in that it does away with the need for evidence in regard to the subject matter of the judicial admission." State Farm Mutual Automobile Ins. Co., 405 F.2d at 686. Plaintiff's informal objection is overruled.

**6.    The statement constitutes inadmissible hearsay.  (Docket 108
        at p. 10 ¶ 6).  The statement is also made without supporting
        factual basis.**

Plaintiff objects to the magistrate judge's finding the Sturgis Chamber

first became involved in the rally in "1984."  Id.  The citation to the record does

not support the report's statement.  (Docket 107 at p. 4 n. 24).  However, it is

evident that "as early as July 1, 1986" the Sturgis Chamber began making

"extensive investments in time, energy and money marketing and promoting

the STURGIS mark throughout the United States and internationally . . . ."

(Docket 79-6 at p. 27 ¶ 3).

Plaintiff's objection 6 is sustained.  The report and recommendation is

amended consistent with the language and citation above.

**7.    The composite logo with the phrases "2013" and "73rd
        Anniversary" is not cited in the record and the report
        constitutes "independent fact research by the Magistrate."
        (Docket 108 at pp. 10-11 ¶ 7).**

The report does include a composite logo which includes the words

"2013" and "73rd Anniversary."  (Docket 107 at p. 6).  The remainder of the

composite logo is as represented by defendants.  (Dockets 1-1 at p. 6, 74-2 at

p. 1; 79-2 at p. 1).  Defendants did not provide the court with a "cut and paste"

copy of the original composite logo which was the subject of the Patent and

Trademark Office service mark registration.  Id.  The court presumes the

magistrate judge was able to find and "cut and paste" the 2013 composite logo

from an internet website.  The court finds the magistrate judge did not violate

28

the spirit or purpose of the rule against independent factual research.  Araoz v.
United States, 337 F. App'x 207, 210 (3d Cir. 2009).

Plaintiff's objection 7 is sustained.  The court will amend the report to
reflect that the phrases "2013" and "73rd Anniversary" were not part of the
original composite logo and those phrases are not relevant to the analysis
conducted by the court.

**8.    The statement is incomplete and an improper redaction of the
document from which the statement originates.  (Docket 108
at pp. 11-12 ¶ 8).**

The report cites the proper location from which the text is taken.  (Docket
107 at p. 7 n. 36).  The complete statement appears in both the defendants'
objections to the plaintiff's statement of material and uncontroverted facts and
defendants' statement of material and uncontroverted facts.  (Dockets 73 at p.
16 ¶ 76 & 78 at pp. 12-13 ¶ 76).

The key phrase of the statement is the continuous and substantially
exclusive use of the STURGIS mark language.  The Patent and Trademark
Office "may accept as prima facie evidence that the mark has become
distinctive, as applied to the applicant's goods in commerce, proof of
substantially exclusive and continuous use thereof as a mark by the applicant
in commerce for the five years next preceding the date of the filing of the
application for its registration."  Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469
U.S. 189, 210 n. 10 (1985) (J. Stevens dissenting) (emphasis deleted) (citing 15

29

U.S.C. § 1052(f)).

SMRI objects to the use of an edited portion of the statement because the "statement of fact is not supported by the record, and must be rejected . . . ." (Docket 108 at p. 12).  The court finds the statement as used in the report is accurate and sufficient for the analysis necessary to consider the parties' cross-motions for summary judgment.

SMRI argues the complete statement is not false and the court "should affirm the statement as true."[13]  (Docket 108 at p. 13).  As the propriety of the statement is a conclusion of law, plaintiff's argument will be addressed when the court evaluates SMRI's legal objections.

Plaintiff's objection 8 is overruled.

### 9.   The statement of fact "is not supported by record and is not viewed in the light most favorable to the nonmovant . . . ." (Docket 108 at p. 13 ¶ 9).

SMRI argues the magistrate judge made an improper determination regarding the credibility of Mr. Martin's statement because there is insufficient record evidence to support the "assertion" made.  Id.  Plaintiff did not file an objection to the documents submitted by defendants in support of defendants'

---

[13]Plaintiff also references the court's findings during the temporary restraining order hearing.  (Docket 108 at p. 13 n. 2).  "None of the witnesses at that hearing could identify any false statement made by Mr. Martin."  Id.  After the TRO hearing, defendants filed their answers to the amended complaint and alleged the mark registration was "fraudulently obtained."  (Dockets 55 at p. 10 ¶ 79; 60 at p. 10 ¶ 79).  Plaintiff's reference to the TRO hearing is without merit.

statement of material and uncontroverted facts as required by Fed. R. Civ. P. 56(c)(2). (Docket 78 at pp. 13-16 ¶¶ 77A-85). Additionally, that same or very similar documentary evidence was included in defendants' response to plaintiff's statement of material and uncontroverted facts. (Docket 73 at pp. 16-19 ¶¶ 77-86). Whether considered as part of defendants' objection to plaintiff's motion for summary judgment or in support of defendants' motion for summary judgment, the documentary evidence provides adequate proof Mr. Martin's declaration to the Patent and Trademark Office may not be true.

An "allegedly fraudulent statement[] may not be the product of mere error or inadvertence to mislead the PTO." Orient Express Trading Co., Ltd. v. Federated Department Stores, Inc., 842 F.2d 650, 653 (2d Cir. 1988) (internal quotation marks and brackets omitted). "[U]ncompromising candor . . . is required . . . before that agency." Id.

As the court indicated its intent to deny summary judgment to all parties consistent with the recommendations of the magistrate judge's report, whether Mr. Martin's declaration is false or true will ultimately be determined by a jury. "[A]t at the summary judgment stage the [court's] function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]he issue of intent to mislead the PTO remains a question of fact to be resolved by a jury." (Docket 107 at p. 20).

31

Plaintiff's objection 9 is overruled.

### 10.   The statement is not supported by the Appendix and relies on inadmissible evidence. (Docket 108 at p. 13 ¶ 10).

SMRI argues the report references "a list" in the appendix which does not exist. Id. The court finds the appendix itself is a listing or itemization of the other businesses and entities referenced in the body of the report. Plaintiff's objection is without merit. Additionally, plaintiff's argument that a number of the documents referenced in earlier objections are inadmissible hearsay is rejected for all the reasons stated earlier in this order.

Plaintiff's objection 10 is overruled.

### 11.   The statement references inadmissible hearsay. (Docket 108 at p. 14 ¶ 11).

The documents referenced in plaintiff's objection were analyzed in connection with plaintiff's earlier objections. For the same reasons stated previously in this order, the notices of opposition are not inadmissible hearsay.

Plaintiff's objection 11 is overruled.

### 12.   The statement is not supported by the record. (Docket 108 at p. 14 ¶ 12).

Plaintiff argues the statement in the report references documents which do not support the inference suggested. Id. The court finds the documents support the inference made and plaintiff's objection is without merit.

SMRI's articles of incorporation in March of 2010 identify the initial board of directors to be:

| Name | Address |
|------|---------|
| Jerry Berkowitz | 349 Progress Dr. P.O. Box 840 Manchester, CT 06045 |
| Jim Burgess | 2820 Harley Drive Rapid City, SD 57702 |
| John Johnson | 13168 North Piedmont Road Piedmont, SD 57769 |
| Dean Kinney | 1612 Junction Avenue #4 Sturgis, SD 57785-2166 |

(Docket 74-9 at p. 5).   The articles of incorporation also identify the incorporators as:

| Name | Address |
|------|---------|
| Karen Simmons | 1612 Junction Avenue, Suite 3 Sturgis, SD 57785 |
| Jerry Berkowitz | 349 Progress Dr. P.O. Box 840 Manchester, CT 06045 |
| Al Rieman | 2820 Harley Drive Rapid City, SD 57702 |

Id. at p. 6.

Jerry Berkowitz executed the notice of opposition on behalf of Good Sports.  (Docket 74-7).  Good Sports reported its "place of business" as "349 Progress Drive, Manchester, Connecticut 06045 . . . ," the same address used by Mr. Berkowitz in SMRI's articles of incorporation.  Id. at p. 1.

33

When Jim Doyle executed a notice of opposition on behalf of Sturgis Motorcycles, he identified his business partners as Jim Burgess and Al Rieman. (Docket 74-8 at pp. 14-15 ¶¶ 57 & 59). The court takes judicial notice the address of record for Sturgis Motorcycles, Inc., since at least July of 2006 has been "2820 Harley Drive, Rapid City, SD 57702-2432."[14]

Mr. Kinney was the President of the Sturgis Chamber in March of 2000 and had been a board member since 1998. (Docket 80-23 at p. 1 ¶ 1). Mr. Kinney's deposition was taken in October of 2005 as the corporate representative for the Sturgis Chamber. (Docket 80-1 at p. 1). Karen Simmons, a CPA in Sturgis, South Dakota, is also a member of the Sturgis Chamber. (Docket 80-1 at p. 25 [deposition page 99 at lines 12-20]).

Mr. Kinney was also the president and chief executive officer of Homeslice. (Docket 80-1 at p. 3 [deposition p. 9 at lines 23-24 "hereafter depo. p. ___:___-___"]). He was not a member of the Sturgis Chamber when it applied for the STURGIS trademark registration. (Docket 80-1 at p. 4 [depo. p. 14:21-24]).

When counsel filed a stipulation of dismissal of the oppositions filed with the Patent and Trademark Office, it was because the "Opposers, Sturgis Motorcycles . . . Good Sports . . . and Applicant, Sturgis Area Chamber of

---

[14]South Dakota Secretary of State website
http://sdsos.gov/business/Documents.aspx?cid=DB041685.

Commerce . . . have reached a settlement on June 30, 2010 . . . ." (Docket 74-12 at p. 1). This settlement was reached just three months after SMRI filed its articles of incorporation. (Docket 74-9).

Plaintiff acknowledges that representatives of the Sturgis Chamber and the City of Sturgis were included as SMRI's incorporators. (Docket 108 at p. 15). Mr. Kinney and Ms. Simmons were those public entity representatives.  It makes little sense the other people identified in SMRI's articles of incorporation were merely individuals and not representatives of Good Sports and Sturgis Motorcycles.[15]  Id.  The court finds the statement in the report is a fair comment on the relationship of those who initially protested the STURGIS mark registration by the Sturgis Chamber, then together formed SMRI, and later withdrew opposition to the STURGIS mark registration.

Plaintiff's objection 12 is overruled.

The court adopts all other facts in the report and recommendation. 28 U.S.C. § 636(b)(1).

### B.    MAGISTRATE JUDGE'S CONCLUSIONS OF LAW

Plaintiff filed twelve objections to the magistrate judge's recommended conclusions of law. (Docket 108 at pp. 26-32).  Defendants filed two objections

---

[15]When Mr. Kinney executed the 2011 annual report with the Office of the Secretary of State of South Dakota for SMRI he identified his address as "1612 Junction Ave. St. 4, Sturgis, SD 57785-2166," Mr. Burgess' address as "2820 Harley Drive, Rapid City, SD 57702-9693," and Mr. Berkowitz's address as "349 Progress Dr., Manchester, CT 06045-2296." (Docket 74-10 at p. 1).

to the recommended conclusions of law. (Docket 109). Without repeating the statement in the report to which a party objects, each objection will be separately addressed by the corresponding number of each objection.

### PLAINTIFF'S OBJECTIONS

### 1.    The conclusions are not admitted for purposes of summary judgment. (Docket 108 at p. 26 ¶ 1).

Plaintiff argues the factual conclusions made in the statement "were raised first in opposition to Plaintiff's motion for summary judgment . . . . they do not stand admitted for purposes of summary judgment." Id. at pp. 26-27. In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., 475 U.S. at 587-88. That is exactly the analysis the magistrate judge used. "In reviewing a motion for summary judgment, [the magistrate judge] is required to view the facts in a light most favorable to the non-moving party and to give the non-moving party the benefit of any inferences that can logically be drawn from those facts. Moreover, [the magistrate judge] is required to resolve all conflicts in favor of the non-moving party." (Docket 107 at p. 16). The court finds the analysis used by the magistrate judge was proper and the conclusions reached in the statement were proper based upon the contested material facts submitted.

Plaintiff's objection 1 is overruled.

**2.     The conclusion is not admitted for purposes of summary judgment.  (Docket 108 at p. 27 ¶ 2).**

For the same reasons stated immediately above, plaintiff's objection 2 is overruled.

**3.     The conclusion is not accurate as the benefits of the license agreement referenced inure to SMRI's benefit.  (Docket 108 at p. 27 ¶ 3).**

SMRI argues "[a]s an assignee stands in the shoes of the assignor with respect to assigned trademarks, the benefits associated with the license inure to Plaintiff irrespective of Plaintiff's date of incorporation."  Id.  The conclusion expressed in the report was simply intended to be background for the relationship between RPG and Sturgis Rally & Races, Inc.  Whether the benefit of the license assigned to RPG ultimately inures to the benefit of SMRI was not relevant to the particular analysis undertaken by the magistrate judge at that juncture of the report.

Plaintiff's objection 3 is overruled.

**4.     The conclusion is not accurate and "remains an undecided issue of fact."  (Docket 108 at p. 28 ¶ 4).**

Plaintiff argues the conclusion reached by the magistrate judge in this legal conclusion was submitted by defendants in rebuttal to plaintiff's motion for summary judgment and thus "remains an undecided issue of fact."  Id.  The conclusion is a correct statement of a legal conclusion necessary to resolve the parties' cross-motions for summary judgment.  Whether "STURGIS" and

"STURGIS RALLY & RACES" are nearly identical or legally the same remains an issue to be resolved by the jury under the law of the case.

Plaintiff's objection 4 is overruled.

### 5.    The conclusion is in error. (Docket 108 at p. 28 ¶ 5).

SMRI ties its legal objection to plaintiff's factual objection 8 above. Id. As indicated, the key phrase of the statement is the continuous and substantially exclusive use of the STURGIS mark language. Park 'N Fly, Inc., 469 U.S. at 210 n. 10 (citing 15 U.S.C. § 1052(f)). For summary judgment purposes regarding whether Wal-Mart's affirmative defense and the RPG defendants' affirmative defense and counterclaim of fraud on the Patent and Trademark Office are meritorious trial issues, the magistrate judge's conclusion Mr. Martin's statement "is false" is an appropriate finding. (Docket 107 at p. 23). Whether the statement was in fact false and was intended to mislead the Patent and Trademark Office remain issues for the jury at trial.

Plaintiff's objection 5 is overruled.

### 6.    The conclusion is a misinterpretation of the submissions of the parties. (Docket 108 at p. 28 ¶ 6).

The factual analysis supporting the conclusion was fully addressed in plaintiff's factual objection 12 above. The conclusion is an appropriate and valid inference from the facts. The report's use of the term "owners" is accurate in the sense each person is a member of SMRI and benefits from the purposes for which SMRI was incorporated. (Docket 107 *passim*). Whether there are five

38

members or more than five members is not relevant to the analysis. The
phrase "five member" is stricken. Id. at p. 23.

Plaintiff's objection 6 is sustained in part and denied in part.

### 7.     The conclusion is inappropriate as it is based on inadmissible hearsay. (Docket 108 at pp. 28-29 ¶ 7).

Plaintiff argues the references to Mr. Berkowitz's involvement in Florida
litigation "constitute[s] inadmissible hearsay and are not properly before the
Court." Id. at p. 29. Defendants included the Florida litigation and the
conduct of Mr. Berkowitz in that case for consideration by the court in this
case. (Docket 78 at pp. 31-33 ¶¶ 144-156). Plaintiff did not file an objection to
this documentary evidence when it was submitted in support of defendants'
statement of material and uncontroverted facts. Fed. R. Civ. P. 56(c)(2).

For purposes of summary judgment analysis, the magistrate judge's use
of the Florida litigation in his evaluation of the submissions of Mr. Berkowitz in
the present case was proper. The defendants' statements of material and
uncontroverted facts properly identified the citation to the Florida litigation.
The remainder of plaintiff's argument was not presented to the magistrate
judge and does not constitute a valid basis for striking the conclusion. See
Dockets 72 & 88.

Plaintiff's objection 7 is overruled.

**8.    The conclusion is a misstatement of the law.  (Docket 108 at p. 30 ¶ 8).**

Plaintiff argues the conclusion "is a false choice not recognized by the Lanham Act or otherwise in trademark law.  A word or phrase can connote a 'source of products,' 'the event itself,' or *both*."  Id. (emphasis in original).  "Plaintiff's STURGIS®—formative marks represent both a source of products and services *and* an event."  Id. (emphasis in original).  "[T]he mere fact of geographic use of the term 'Sturgis' by nonparties does not preclude Plaintiff from holding a registration for the STURGIS® trademark with respect to the Sturgis Motorcyle Rally."  Id.

The report properly noted the "presumption to which STURGIS is entitled . . . is that STURGIS acquired secondary meaning as of February 22, 2011." (Docket 107 at p. 21).  The next inquiry as to what secondary meaning STURGIS achieved is also appropriate.  Id.  While SMRI objected to the next two sentences, the court presumes plaintiff agrees the first conclusion is a correct statement of the law: "If STURGIS means the source of products, then STURGIS is registrable because it identifies the source of products."  Id.  Whether STURGIS means the event itself remains a jury question.  "How a particular word has been used and how it has been understood by the public is a question of fact."  WSM, Inc., v. Hilton, 724 F.2d 1320, 1325 (8th Cir. 1984).  If STURGIS does not identify the source of a product and the event only, the word is not subject to trademark protection.  "Marks which are merely

descriptive of a product are not inherently distinctive.  When used to describe a product, they do not inherently identify a particular source, and hence cannot be protected." <u>Two Pesos, Inc. v. Taco Cabana, Inc.</u>, 505 U.S. 763, 769 (1992). "Secondary meaning occurs when 'in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself.' " <u>Gateway, Inc. v. Companion Products, Inc.</u>, CIV. 01-4096-KES, 2003 WL 22508907 at *19 (D.S.D. Aug. 19, 2003) *modified*, CIV.01-4096-KES, 2003 WL 23532885 (D.S.D. Dec. 19, 2003) and *aff'd*, 384 F.3d 503 (8th Cir. 2004) (citing <u>Wal–Mart Stores, Inc. v. Samara Bros., Inc.</u>, 529 U.S. 205, 211 (2000)).  The court finds the conclusion to be a fair statement of the law.  Whether the STURGIS mark identifies the rally or the source of the product remains a jury question.  <u>WSM, Inc.</u>, 724 F.2d at 1326.

Plaintiff's objection 8 is overruled.

### 9.    The conclusion is an error as a matter of law.  (Docket 108 at pp. 30-31 ¶ 9).

Plaintiff argues the magistrate judge erred as a matter of law because as a licensee of SMRI's predecessor-in-interest, RPG is "estopped from challenging Plaintiff's rights under either the doctrine of licensee estoppel or promissory estoppel . . . ." <u>Id.</u> at p. 31.

The magistrate judge properly analyzed the law of licensee estoppel. (Docket 107 at pp. 21-22).  The report recognized RPG was a licensee of Sturgis Rally & Races, Inc.  <u>Id.</u> at p. 23.  The license for use of the composite logo was

41

in existence for only three months in 1999. Id. The word STURGIS was never the specific focus of the license, particularly in light of the fact RPG had been using the word STURGIS in its merchandising since 1987. Id. at p. 22-23. "[T]he doctrine of licensee estoppel should not preclude the defendant from challenging rights derived from *subsequent* registration of the marks. This is so because the alleged fraud or abandonment would have occurred after the license expired." National Council of Young Men's Christian Associations of United States, 1988 WL 144985 at *5 (emphasis in original). See also STX, Inc. v. Bauer USA, Inc., No. C 96-1140 FMS, 1997 WL 337578 at *10 (N.D. Cal. June 5, 1997) ("[F]ormer licensees may challenge the validity of the mark if such challenge is based upon facts which arose after the license expires.") (referencing WCVB–TV v. Boston Athletic Association, 926 F.2d 42, 47 (1st Cir.1991) ("[W]e can find no case that would even prevent a challenge by a *prior* licensee, based upon *post*-license facts, after the license has expired . . . . We cannot think of any reason why such a licensee ought to be estopped; or why, a grant of a license should *permanently* immunize a trademark holder from legal attack." (emphasis in original)).

There is no evidence upon which the court could conclude that either Sturgis Rally & Races, Inc., or RPG believed the 1999 license was intended to protect the term "STURGIS." The conduct which the RPG Defendants claim to be fraudulent on the part of SMRI's predecessors-in-interest occurred much

later. The conclusion expressed in the report is an appropriate application of the law.

Plaintiff's objection 9 is overruled.

### 10. The conclusion expressed was not properly before the magistrate judge. (Docket 108 at p. 31 ¶ 10).

The content of this conclusion was analyzed in section I(3) above and was stricken by this order. The same logic and legal analysis applies here.

Plaintiff's objection 10 is sustained.

### 11. The conclusion expresses a mathematical error and is a misapplication of the law. (Docket 108 at pp. 31-32 ¶ 11).

Plaintiff's argument properly calculates RPG's license "expired thirteen years ago." Id. at p. 32. For that reason, the report is amended consistent with this order.

Plaintiff's objection 11 is sustained.

### 12. The conclusion is an error as a matter of law. (Docket 108 at p. 32 ¶ 12).

Plaintiff argues the magistrate judge improperly concluded RPG did not acknowledge ownership of the STURGIS mark. Id. at ¶ 11. While the license agreement did constitute a valid written contract, for the reasons stated in plaintiff's legal objection 9 above, plaintiff's objection 12 is without merit. Whether "RPG acknowledged that ownership" remains a jury question at trial.

Plaintiff's objection 12 is overruled.

**DEFENDANTS' OBJECTIONS**

Defendants make two objections to the magistrate judge's legal conclusions and the recommended action.  (Docket 109).  Those will be addressed separately.

### 1.    The magistrate judge erred and the STURGIS mark and its functional equivalents should be determined to be generic as a matter of law.  (Docket 109 at p. 3 ¶ I).

The magistrate judge concluded it is a jury question whether the STURGIS mark is generic.  (Docket 107 at p. 21).  "The test for deciding whether a word has become a generic title of a product or service is one of buyer understanding: What do the buyers understand by the word for whose use the parties are contending? . . . . How a particular word has been used and how it has been understood by the public is a question of fact."  Id. at p. 19 (citing WSM, 724 F.2d at 1325).

Defendants argue plaintiff "failed to submit any contrary evidence or in any way rebut the evidence submitted by the Defendant."  (Docket 109 at p. 3).  "[E]ven more compelling in this circumstance is that much of the genericness evidence submitted by Defendants originated from *Plaintiff's own witnesses and documents*."  Id. (emphasis in original).   "On this undisputed record, no reasonable jury could find for Plaintiff on the issue of genericness . . . ."  Id. at p. 7.

The court agrees with the magistrate judge's conclusion that a factual issue exists as to whether the STURGIS mark is generic or has a unique and specific identification purpose in the eyes of the public likely to be influenced by the term. The court rejects the defendants' invitation to make this factual determination without the benefit of a jury's verdict.

Defendants' objection 1 is overruled.

### 2. The magistrate judge erred and the intent to defraud the Patent and Trademark Office should be established as a matter of law. (Docket 109 at p. 5 ¶ II).

While defendants have established for summary judgment purposes that Mr. Martin's statements to the Patent and Trademark Office were false, the question of intent to defraud on a material matter is still the critical inquiry. (Docket 107 at pp. 19-20). Defendants argue this conclusion is in error because defendants produced "overwhelming, **uncontroverted** evidence . . . that Plaintiff and the Sturgis Area Chamber of Commerce . . . knew at the time that the representations to the Trademark Office were made that those statements were false." (Docket 109 at p. 5) (emphasis in original). "On this undisputed record, no reasonable jury could find for Plaintiff on the issue of . . . fraud." Id. at p. 7.

"[T]he knowing misstatement must have been with respect to a *material* fact—one that would have affected the PTO's action on the application[]." Orient Express Trading Co., Ltd., 842 F.2d at 653 (emphasis in original).

45

Whether the submission of the Sturgis Chamber to the Patent and Trademark Office was "greatly exaggerated," "disingenuous," not reflective of a lack of "uncompromising candor," or false with the intent to mislead the Patent and Trademark Office must be established by "clear and convincing" evidence.  Id. While the court may surmise the submission fraudulently intended to overcome the Patent and Trademark Office's earlier rejection of the STURGIS mark registration, the defendants' evidence does not rise to the standard of clear and convincing evidence required to make such a determination during the summary judgment analysis.  The court rejects the defendants' invitation to make this factual determination without the benefit of a jury's verdict.

Defendants' objection 2 is overruled.

## ORDER

Based upon the above analysis, it is hereby

ORDERED that plaintiff's objections (Docket 108) are sustained in part and overruled in part.

IT IS FURTHER ORDERED that defendants' objections (Docket 109) are sustained in part and overruled in part.

IT IS FURTHER ORDERED that the report and recommendation (Docket 107) is adopted as modified by this order.

IT IS FURTHER ORDERED that plaintiff's motion to strike part of the defendant Wal-Mart Stores, Inc, answer (Docket 70) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to strike the defendants' motion for summary judgment (Docket 93) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Docket 66) is denied.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 76) is denied.

Dated September 26, 2013.

BY THE COURT:

JEFFREY L. VIKEN
CHIEF JUDGE

47