UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

MAY 2 9 2014

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| STURGIS MOTORCYCLE RALLY, INC, | * | CIV. 11-5052 |
| | * | |
| Plaintiff, | * | |
| | * | REPORT AND RECOMMENDATION |
| vs. | * | RE: SECOND MOTION FOR |
| | * | SUMMARY JUDGMENT |
| RUSHMORE PHOTO & GIFTS, INC.; | * | (DOC. 114) |
| JRE, INC.; CAROL NIEMANN; | * | |
| PAUL A. NIEMANN; | * | |
| BRIAN M. NIEMANN; and | * | |
| WAL-MART STORES, INC., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is the second summary judgment motion filed by the defendants.[1]

## JURISDICTION

This case is pending before the Honorable Jeffrey L. Viken who referred the pending motion

for a report and recommendation under 28 U.S.C. § 636.[2]

## BACKGROUND

Defendants (collectively Rushmore) jointly move to dismiss with prejudice all of Sturgis

Motorcycle Rally, Inc.'s (SMRI) claims and request an Order holding, as a matter of law, that:

(a)    SMRI is not entitled to any presumption of secondary meaning on the Sturgis
       Registration (Reg. No. 3,923,284);

---

[1]Doc. 114.

[2]Doc. 117.

(b)     the Sturgis Registration (Reg. No. 3,923,284) and all of SMRI's other asserted "Sturgis" marks are invalid for being descriptive with the lack of the requisite secondary meaning;

(c)     the Sturgis Registration (Reg. No. 3,923,284) be canceled based on invalidity,

(d)     none of the Defendants infringe any of SMRI's alleged "Sturgis" marks because they are invalid . . . .[3]

Previously Rushmore's first motion for summary judgment was denied as was SMRI's motion for summary judgment.[4]  Judge Viken concluded a fact question remains for trial about SMRI's false representation of exclusive use of "Sturgis"

> [w]hile the court may surmise the submission fraudulently intended to overcome the Patent and Trademark Office's earlier rejection of the STURGIS mark registration, the defendants' evidence does not rise to the standard of clear and convincing evidence required to make such a determination during the summary judgment analysis. The court rejects the defendants' invitation to make this factual determination without the benefit of a jury's verdict.[5]

Rushmore's current argument is that summary judgment is nonetheless appropriate because

> Rushmore used STURGIS on its merchandise long before the application for the STURGIS mark was even filed. Indeed, the Court made factual findings as to Rushmore's use prior to the effective registration date of the STURGIS mark, which prevents Sturgis Motorcycle Rally, Inc. ("SMRI") from obtaining any presumption of secondary meaning as a matter of law. Also, in view of the Court's factual finding that hundreds of others used STURGIS before and during the time the Sturgis Area Chamber of Commerce ("Chamber") asserted its own exclusive use, SMRI cannot make the necessary showing of secondary meaning which requires (i) STURGIS to denote in the consumer's mind a single thing coming from a single source, and (ii) the existence of secondary meaning prior to Rushmore's use.

Needless to say SMRI resists the motion.

---

[3]Doc. 114, p. 1.

[4]Doc. 113, p. 47.

[5]Doc. 113, p. 46.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the defendants' joint motion for summary judgment be **DENIED**.

## UNDISPUTED FACTS

In January 2001, the Sturgis Chamber of Commerce filed an intent-to-use trademark application to register STURGIS for rally related goods and services. STURGIS was first rejected for registration by the Patent and Trademark Office ("PTO"), but later the Chamber of Commerce filed a § 2(f) assertion that STURGIS had acquired secondary meaning. The Chamber of Commerce amended the goods descriptions to clarify that its rights pertained to goods "relating to the STURGIS Motorcycle Rally," and made a claim of acquired distinctiveness pertaining to the STURGIS® promotional, sponsorship, and economic development services of the Chamber. After wrangling parties agreed to pull together, SMRI on February 22, 2011, obtained registration for the STURGIS mark.

## DISCUSSION

### 1.    Summary Judgment Standard.

The summary judgment standard is stated well by District Judge J. Shaw:

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

The initial burden is placed on the moving party. The moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor. Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue.

3

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

In reviewing a motion for summary judgment, this Court is required to view the facts in a light most favorable to the non-moving party and to give the non-moving party the benefit of any inferences that can logically be drawn from those facts. Moreover, this Court is required to resolve all conflicts in favor of the non-moving party. Nonetheless, "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment.[6]

## 2.    Analysis.

Rushmore urges that in resolving the earlier summary judgment motion the court found as fact that STURGIS has been used by Rushmore and by hundreds of other vendors even before the Chamber first filed its intent to use trademark application on January 30, 2001, and even longer before February 22, 2011, when the PTO accepted SMRI's registration. Rushmore asserts it is therefore impossible as a matter of law for SMRI to enjoy a presumption of secondary meaning for STURGIS or to prove a secondary meaning for STURGIS.[7] SMRI parries this compelling argument by disputing that Sturgis Motor Classic merchandise has been a major part of Rushmore's business

---

[6]*Council of Better Bus. Bureaus, Inc. v. Bailey & Associates, Inc.*, 197 F. Supp. 2d 1197, 1202 (E.D. Mo. 2002) (internal citations and parenthesis omitted, punctuation altered).

[7]*Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 869 (8th Cir. 1994).
Rushmore relies on *Aromatique* to assert "The § 2(f) submission is a concession that STURGIS is not inherently distinctive. . . . But under Eighth Circuit precedent, a registered mark may be presumed to have acquired distinctiveness as of its effective registration date as a result of secondary meaning. *Aromatique*, 28 F.3d at 870." (Doc. 115, p. 4 internal quotation marks omitted).

4

since the mid-1980s.[8]  SMRI asserts "[s]poradic or de minimis use does not preclude Mr. Martin from having submitted a truthful Section 2(f) affidavit of acquired distinctiveness based on substantially exclusive use."[9]

> I adhere to my earlier conclusions about the existence of questions of fact for a jury to decide:

> Fraud on the PTO presents a fact question to be decided by a jury.  Contrary to the representation Plaintiff Sturgis made to the PTO about its exclusive use of STURGIS, the term was commonly used by hundreds of others during the time plaintiff represented its exclusive use of STURGIS.  But there is a fact question for a jury to decide— was it the intention of Plaintiff Sturgis to defraud the PTO?

> There is a fact question to identify into which category of distinctiveness STURGIS falls.  There is also a fact question whether STURGIS has acquired distinctiveness as a result of secondary meaning, and if so, whether the distinctiveness identifies plaintiff Sturgis as the source of products or whether the secondary meaning of STURGIS is the event itself.[10]

After my Recommendation addressing the earlier motions for summary judgment was filed, the Eighth Circuit Court of Appeals issued an opinion which makes it even more clear there are fact issues for jury resolution about secondary meaning despite the widespread common use of STURGIS before SMRI gained registration.[11]  *Lovely Skin* is factually similar because the case is a 2(f) registration case in which the defense tried to cancel plaintiff's registration by proving the declaration of substantially exclusive use was false.  *Lovely Skin* is a road map for resolving this summary judgment motion and a road map for the parties and the court when the STURGIS case is presented to a jury.

---

[8]Doc. 121, p. 2, ¶ 4.

[9]Doc. 121, pp. 3-4, ¶ 8.

[10]Doc. 107, pp. 8-9.

[11]*Lovely Skin, Inc. v Ishtar Skin Care Products, LLC*, 745 F.3d 877 (8th Cir. 2014).

"A trademark is any word, name, symbol, or device, or any combination thereof—used by a person ... to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown."[12] The owner of a trademark has a statutory right to apply to register the trademark. But trademarks which are merely descriptive cannot be registered unless the mark has become distinctive of those particular goods in commerce.[13]

That's the first set of fact questions— whether STURGIS distinguishes SMRI's goods from those of others and indicates that SMRI is the source of the goods. Does STURGIS make people think of SMRI's goods? Does STURGIS make people think of something entirely different from goods, like the motorcycle event itself? ". . . [T]he chief inquiry is whether in the consumer's mind the mark has become associated with a particular source."[14]

As here, under 2(f) a merely descriptive trademark can be registered if it has become distinctive as used in commerce in connection with the applicant's goods. The PTO can accept as *prima facie* evidence that the mark has become distinctive proof of substantially exclusive and continuous use as a mark by the applicant in commerce for five years before the date on which the claim of distinctiveness is made. There is a strong presumption that a registered mark is valid at the time of its registration.[15]

---

[12]*Lovely Skin* at 882 (internal quotation marks omitted).

[13]*Id.*

[14]*Lovely Skin* at 882..

[15]*Lovely Skin* at 882, citing *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 870 (8th Cir. 1994).

There are two avenues of affirmative defense available to a party charged with infringement of a registered trademark. "First, the alleged infringer may prove any legal or equitable defense or defect ... which might have been asserted if such mark had not been registered. Second, the alleged infringer may seek cancellation of the registrant's trademark registration either as a counterclaim in the infringement suit or as a separate and independent action. If the cancellation action is filed within five years of the registration of the mark sought to be canceled, as it was here, any ground that would have prevented registration in the first place qualifies as a valid ground for cancellation."[16]

Because SMRI's STURGIS mark was registered under 2(f) "lack of acquired distinctiveness at the time of registration is a valid ground for cancellation."[17] The next set of fact questions, therefore, addresses Rushmore's claim that SMRI did not have "substantially exclusive" use of STURGIS for five years before the date on which SMRI claimed distinctiveness. It has already been found as fact that Rushmore and hundreds of vendors used STURGIS before both January 30, 2001, (application date) and February 22, 2011 (registration date). But SMRI's registration carries a strong presumption of validity at the time of its registration.

> Due to a registered mark's presumption of validity, the burden of persuasion in a cancellation proceeding rests on the party seeking to cancel the registration. Thus, a party seeking to cancel a registration has the burden of persuasion to rebut the trademark's presumption of validity by a preponderance of the evidence. Initially, the party seeking cancellation also bears the burden to establish a prima facie case that the registration is invalid. In a § 2(f) case, this means that the party seeking cancellation must establish a prima facie case of no acquired distinctiveness. If the party seeking cancellation establishes a prima facie showing of invalidity, the burden of producing additional evidence or argument in defense of registration ... shifts to the registrant. The court then must decide whether the party seeking cancellation has satisfied its ultimate burden of persuasion, based on all the evidence made of record

---

[16]*Lovely Skin* at 883 (internal quotation marks, citations and brackets omitted).

[17]*Id.* (internal citation omitted).

during prosecution and any additional evidence introduced in the cancellation proceeding.[18]

Both the ultimate burden of persuasion to rebut the presumption of validity of SMRI's STURGIS mark and the initial burden to prove a prima facie case of no acquired distinctiveness, i.e. no secondary meaning, rest with Rushmore. That they and hundreds of vendors have used STURGIS when SMRI represented to the PTO that SMRI had "substantially exclusive" use of STURGIS goes a long way toward satisfying Rushmore's burden to establish a *prima facie* case of no secondary meaning, but not all the way. Because SMRI challenged Rushmore's claim that Sturgis Motor Classic merchandise has been a major part of Rushmore's business since the mid-1980s and asserts merely sporadic or *de minimis* use, there is a fact issue for jury resolution. Rushmore must prove to the jury that Rushmore's and other vendors' uses of STURGIS were substantial enough so that SMRI did not have "substantially exclusive" use of STURGIS and STURGIS had in fact not acquired a distinctive meaning when SMRI represented to the PTO that STURGIS had acquired a distinctive meaning because SMRI had been using it "substantially exclusively." Those are classic fact issues for a jury to hear and decide, i.e. judging credibility of witnesses and evaluating evidence.

If Rushmore is able to satisfy its burden to establish a *prima facie* case, then the burden shifts to SMRI to produce additional evidence or argument to defend its registration of STURGIS. SMRI no doubt will try to prove STURGIS acquired a distinctive meaning associated with SMRI's products and promotions by showing its volume of sales, sales growth, advertising expenditures and other evidence to show that consumers identify and distinguish STURGIS as SMRI's goods from those manufactured or sold by others and to indicate SMRI is the source of the goods, even if

---

[18]*Lovely Skin*, at 883 (internal citations, quotation marks and brackets omitted).

8

consumers don't recognize SMRI as the source. Resolution of these issues as well involves judging the credibility of witnesses and evaluating evidence.

## RECOMMENDATION

It is respectfully recommended to the District Court that the defendants' joint motion for summary judgment (Doc. 114) be **DENIED** because there are fact questions to be resolved[19], namely:

1.  to determine whether Plaintiff SMRI intended to defraud the PTO;

2.  to identity of the category of distinctiveness to which STURGIS belongs;

3.  to determine whether STURGIS has acquired distinctiveness and, if so, whether the distinctiveness identifies and distinguishes SMRI's goods from those manufactured or sold by others and to indicates the source of the goods, even if that source is unknown;

4.  To determine whether the use of STURGIS by Rushmore and hundreds of other vendors was sufficiently substantial to render false SMRI's representation of substantially exclusive use for five years before the date on which SMRI claimed distinctiveness;

5.  In the event Rushmore satisfies its burden of persuasion to establish a prima facie case of no acquired distinctiveness for STURGIS, then there are fact issues to resolve surrounding SMRI's burden to defend the validity of its STURGIS registration, including whether SMRI's use was substantially exclusive despite Rushmore having established a prima facie case of no acquired distinctiveness for lack of substantially exclusive use for the required five year period.

---

[19]These identified issues of fact are intended as examples of fact issues sufficient to defeat entry of summary judgment as a matter of law rather than as an exclusive list of fact issues for resolution by a jury, so there may be other fact issues for jury resolution not identified here but which are identified by the district court or the parties.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

Dated May 29, 2014.

BY THE COURT:

John Simko
United States Magistrate Judge

10