UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| STURGIS MOTORCYCLE RALLY, INC., | ) ) ) | CIV. 11-5052-JLV |
| Plaintiff and Counterclaim Defendant, | ) ) ) | ORDER OVERRULING OBJECTIONS AND ADOPTING SECOND REPORT AND RECOMMENDATION |
| vs. | ) ) ) | |
| RUSHMORE PHOTO & GIFTS, INC.; JRE, INC.; CAROL NIEMANN; PAUL A. NIEMANN; BRIAN M. NIEMANN; and WAL-MART STORES, INC., | ) ) ) ) ) ) | |
| Defendants and Counterclaim Plaintiffs. | ) ) | |

## INTRODUCTION

On November 13, 2013, defendants filed a second motion for summary judgment seeking dismissal of all of plaintiff's claims in the first amended complaint. (Docket 114). The court referred the motion to Magistrate Judge John E. Simko for a report and recommendation pursuant to 28 U.S.C. § 636. (Docket 117). On May 29, 2014, Magistrate Judge Simko filed a report recommending the court deny defendants' second motion for summary judgment. (Docket 127). The parties timely filed objections. (Dockets 128 & 129). The parties also filed responses to the opposing party's objections.[1] (Dockets 130 & 131).

---

[1] Fed. R. Civ. P. 72(b)(2) allows a party to respond to an opposing party's objections.

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1).  The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

For the reasons stated below, the parties' objections are overruled.  The court adopts the report and recommendation of the magistrate judge.

## DISCUSSION

**DEFENDANTS' OBJECTIONS**

Defendants object to the May 29, 2014, report and recommendation of Magistrate Judge Simko ("R&R #2") and ask the court to "grant summary judgment on the basis that STURGIS is invalid for lack of secondary meaning because there are no genuine issues relating to any material fact."  (Docket 128 at p. 1).  Defendants' objections are summarized as:

1. Widespread use of STURGIS by Rushmore[2] and hundreds of others rebuts the presumption of secondary meaning of the § 2(f) registration;

2. Sturgis Motorcycle Rally, Inc. ("SMRI") never had "long and exclusive use" for STURGIS so as to have acquired secondary meaning;

---

[2]"Rushmore" is commonly used to refer to defendants Rushmore Photo & Gifts, Inc., Carol Niemann, Paul A. Niemann, and Brian M. Niemann.

3.  Extensive evidence of use by Rushmore and others distinguishes this case from the Lovely Skin[3] holding; and

4.  The issues of fact identified by the magistrate judge are neither accurate nor complete.

(Docket 128 at pp. 4, 9, 10 & 11).  Each objection will be separately addressed.

**1.   WIDESPREAD USE OF STURGIS BY RUSHMORE AND HUNDREDS OF OTHERS REBUTS THE PRESUMPTION OF SECONDARY MEANING OF THE § 2(F) REGISTRATION**

Defendants argue the court "supported by a 12-page fact appendix,[4] has once already held that STURGIS 'was commonly used by hundreds of others during the time plaintiff represented its exclusive use of STURGIS.' " Id. at p. 1 (citing Docket 107 at pp. 8-9).  Defendants assert "[t]his 'common use' of STURGIS by 'hundreds of others' is the very basis for finding that SMRI's use was not 'substantially exclusive' and it defeats any argument that use by others was *de minimis*.  And yet, [R&R #2] cites *de minimis* use as the basis to deny Defendant[s'] motion.  This is clear error." Id.  Defendants submit the court's earlier finding rebuts the presumption of secondary meaning claimed in the 2(f) registration of February 22, 2011.  Defendants ask the court to reverse the decision of the magistrate judge "in not finding that Defendants had rebutted the presumption of secondary meaning as of the effective registration

---

[3]Lovely Skin, Inc. v. Ishtar Skin Care Products, LLC, 745 F.3d 877 (8th Cir. 2014).

[4](Docket 107-1).

3

date, as the Court's previous findings and the extensive evidence in the record conclusively establishes widespread common use of STURGIS by others *before* SMRI gained registration." (Docket 128 at p. 5) (emphasis in orginal).

By the earlier order (Docket 113), the court adopted that portion of the first report and recommendation ("R&R #1") which concluded:

> Fraud on the [Patent and Trademark Office ("PTO")] presents a fact question to be decided by a jury. Contrary to the presentation Plaintiff Sturgis made to the PTO about its exclusive use of STURGIS, the term was commonly used by hundred of others during the time plaintiff represented its exclusive use of STURGIS. But there is a fact question for a jury to decide—was it the intention of Plaintiff Sturgis to defraud the PTO?
>
> There is a fact question to identify into which category of distinctiveness STURGIS falls. There is also a fact question whether STURGIS has acquired distinctiveness as a result of secondary meaning, and if so, whether the distinctiveness identifies plaintiff Sturgis as the *source* of products or whether the secondary meaning of STURGIS is the *event* itself.

(Docket 107 at pp. 8-9) (italics in original). In R&R #2, the magistrate judge expanded upon and clarified these factual issues. "[T]rademarks which are merely descriptive cannot be registered unless the mark has become distinctive of those particular goods in commerce." (Docket 127 at p. 6) (referencing Lovely Skin, 745 F.3d at 882). "[T]he chief inquiry is whether in the consumer's mind the mark has become associated with a particular source." Id. (citing Lovely Skin, 745 F.3d at 882). This is the focus of the first set of factual issues identified in R&R #1. Id.

4

The second set of questions posed in R&R #1 "address[] Rushmore's claim that SMRI did not have 'substantially exclusive' use of STURGIS for five years before the date on which SMRI claimed distinctiveness." Id. at p. 7. R&R #2 acknowledges:

> [Rushmore] and hundreds of vendors have used STURGIS when SMRI represented to the PTO that SMRI had "substantially exclusive" use of STURGIS goes a long way toward satisfying Rushmore's burden to establish a *prima facie* case of no secondary meaning, but not all the way. . . . Rushmore must prove to the jury that Rushmore's and other vendors' uses of STURGIS were substantial enough so that SMRI did not have "substantially exclusive" use of STURGIS and STURGIS had in fact not acquired a distinctive meaning when SMRI represented to the PTO that STURGIS had acquired a distinctive meaning because SMRI had been using it "substantially exclusively."

(Docket 127 at p. 8). In other words, SMRI's declaration of "substantially exclusive" use of STURGIS as alleged in the 2(f) registration in 2011 may ultimately be disproved by Rushmore's evidence, but that challenge remains a jury question. Whether the claim of substantially exclusive use in the 2011 registration was true, or false and made with the intent to defraud and mislead the PTO, remains a jury question. This is the conclusion reached in denying defendants' first motion for summary judgment. "[D]efendants' evidence does not rise to the standard of clear and convincing evidence[5] required to make

---

[5]"Whether the submission . . . to the Patent and Trademark Office was 'greatly exaggerated,' 'disingenuous,' not reflective of a lack of 'uncompromising candor,' or false with the intent to mislead the Patent and Trademark Office must be established by 'clear and convincing' evidence." (Docket 113 at p. 46) (citing Orient Express Trading Co., Ltd. v. Federated Department Stores, Inc., 842 F.2d 650, 653 (2d Cir. 1988)).

5

such a determination during the summary judgment analysis." (Docket 113 at p. 46).

Fact issues remain which compel the court to deny defendants' second motion for summary judgment. Defendants' first objection is overruled.

## 2. SMRI NEVER HAD "LONG AND EXCLUSIVE USE" FOR STURGIS SO AS TO HAVE ACQUIRED SECONDARY MEANING

Defendants argue the magistrate judge erred because the "record establishes that SMRI never had 'long and exclusive use' such that the relevant consumer's [sic] would associate STURGIS denoting a single thing coming from a single source." (Docket 128 at p. 9) (quoting Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 870 (8th Cir. 1994) (other citations omitted).

"In determining whether a mark has acquired distinctiveness, i.e., secondary meaning, 'the chief inquiry is whether in the consumer's mind the mark has become associated with a particular source.' " Lovely Skin, 745 F.3d at 882 (quoting Co-Rect Products, Inc. v. Marvy! Advertising Photography, Inc., 780 F.2d 1324, 1332-33 (8th Cir.1985)). "A mark registered on the Principal Register is presumed to be valid . . . and the presumption of validity is a strong one." Id. (referencing 15 U.S.C. § 1057(b), internal quotation marks and citation omitted). "[T]he presumption of validity that attaches to a § 2(f) registration includes a presumption that the registered mark has acquired distinctiveness, or secondary meaning, at the time of its registration." Id. at 882.

For the same reasons stated above in response to defendants' first objection, this objection is overruled.  The question remains—and it remains a fact question to be resolved by the jury—has the registered mark acquired distinctiveness, that is, secondary meaning?  Resolution of this jury question relies in substantial part on determining whether in the mind of a consumer the STURGIS mark is associated with a particular source.  Lovely Skin, 745 F.3d at 882.  R&R #2 properly identified this as a jury question.  (Docket 127 at p. 9).  Defendants' second objection is overruled.

3. **EXTENSIVE EVIDENCE OF USE BY RUSHMORE AND OTHERS DISTINGUISHES THIS CASE FROM THE *LOVELY SKIN* HOLDING**

Defendants object to the magistrate judge comparing Lovely Skin as a "road map" for the analysis in this case.  (Docket 128 at p. 10).  "And when the 'road map' of *Lovely Skin* is applied to the evidence of record, this case is readily distinguishable from the facts of *Lovely Skin*."  Id.

The court concluded its analysis of defendants' first two objections recognizing the guidance offered by Lovely Skin and the other cases cited above.  The current objection is simply a restatement of defendants' earlier objections and requires no separate resolution by the court.

Defendants' third objection is overruled.

## 4. THE ISSUES OF FACT IDENTIFIED BY THE MAGISTRATE JUDGE ARE NEITHER ACCURATE NOR COMPLETE

Defendants object to the list of fact questions identified in R&R #2 which need to be resolved at trial.  (Docket 128 at pp. 11-14).  The court views the fact questions posed in R&R #2 as simply illustrative, and not all-inclusive, of the issues remaining for trial.  The court will independently determine what fact issues remain for trial during the pretrial conference.  No separate resolution of defendants' objections need be conducted at this juncture.

Defendants' fourth objection is overruled.

**PLAINTIFF'S OBJECTIONS**

Plaintiff "submits the following objections pertaining to the factual issues which have carried over from Defendants' first summary judgment motion into [R&R #2].  The Magistrate made no new findings and thus Plaintiff is limiting its submission to renewing prior objections.  Plaintiff's limited objections as set forth below are identical to those made to [R&R #1] . . . and include a summary notation of the Court's resolution or ruling on the various, previously submitted objections."  (Docket 129 at p. 2).

The court previously resolved plaintiff's objections to R&R #1.  See Docket 113.  The court will not revisit plaintiff's objections or the court's earlier rulings.  For these reasons, plaintiff's objections are overruled.

**ORDER**

Based on the above analysis, it is hereby

ORDERED that defendants' objections (Docket 128) are overruled.

IT IS FURTHER ORDERED that plaintiff's objections (Docket 129) are overruled.

IT IS FURTHER ORDERED that the second report and recommendation (Docket 127) is adopted by the court.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 114) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for leave to conduct additional discovery (Docket 119) is denied.  Following consultation with the parties, the court will enter a scheduling order for trial of the case.

Dated September 24, 2014.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE