UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STURGIS MOTORCYCLE RALLY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RUSHMORE PHOTO & GIFTS, INC.; JRE, INC., CAROL NIEMANN; PAUL A. NIEMANN; BRIAN M. NIEMANN; and WAL-MART STORES, INC., <br><br> Defendants, <br><br> -AND- <br><br> RUSHMORE PHOTO & GIFTS, INC.; JRE, INC.; CAROL NIEMANN; PAUL A. NIEMANN; and BRIAN M. NIEMANN, <br><br> Counterclaimants, <br><br> vs. <br><br> STURGIS MOTORCYCLE RALLY, INC., <br><br> Counterclaim Defendant. | CIV. 11-5052-JLV <br><br><br> ORDER GRANTING PRELIMINARY INJUNCTION |

On December 31, 2015, plaintiff Sturgis Motorcycle Rally, Inc., ("SMRI") filed a motion for permanent injunction, destruction of infringing articles, transfer of domain name and cancellation of defendants' State Trademark Registrations (collectively "motion for permanent injunction").  (Docket 278). The motion followed the jury's verdict in favor of SMRI on October 30, 2015. (Docket 263).  The court considered SMRI's brief in support of the motion for permanent injunction (Docket 279), defendants' memorandum in opposition

(Docket 288) and plaintiff's reply brief (Docket 291).  Having considered the evidence presented at the February 5, 2016, hearing and the parties' additional arguments, the court orally granted in part and denied in part plaintiff's motion.

"A permanent injunction requires the moving party to show actual success on the merits, rather than the fair chance of prevailing on the merits required for a standard preliminary injunction."  Oglala Sioux Tribe v. C & W Enterprises, Inc., 542 F.3d 224, 229 (8th Cir. 2008) (citing Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds, 530 F.3d 724, 732 (8th Cir. 2008) (*en banc*); Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999)).  "If a court finds actual success on the merits, it then considers the following factors in deciding whether to grant a permanent injunction: (1) the threat of irreparable harm to the moving party; (2) the balance of harms with any injury an injunction might inflict on other parties; and (3) the public interest."  Oglala Sioux Tribe, 542 F.3d at 229 (citing Planned Parenthood Minnesota, North Dakota, South Dakota, 530 F.3d at 729 n. 3; Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*)).  The court will not take up the motion for permanent injunction at this time, but will set the matter for determination at the time other post-trial motions are resolved.  The entry of a permanent injunction would render meaningless the defendants' post-trial motions.  The parties may conduct discovery pertaining to plaintiff's motion for a permanent injunction in the meantime.

In support of its decision to grant a preliminary injunction, the court notes the United States Supreme Court decision of eBay v. MercExchange, L.L.C., 547 U.S. 388 (2006), which held "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts."  The Court rejected the Federal Circuit's application of a categorical rule that permanent injunctive relief was available after patent infringement was established.  Id. at 394.  In doing so, the Supreme Court did not decide whether a permanent injunction was proper but found that neither the district court nor the court of appeals "correctly applied the traditional four-factor framework that governs the award of injunctive relief . . . ."  Id.  The case was remanded for proper application of the four-factor analysis.  Id.

Under the Lanham Act, 15 U.S.C. § 1116(a), the court may issue an injunction against unauthorized trademark use "according to the principles of equity and upon such terms as the court may deem reasonable . . . ."  According to the Trademark Dilution Revision Act, 15 U.S.C. § 1125(c)(1), the court must issue an injunction in favor of a successful trademark dilution plaintiff "regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury."

In this case, the court applies the traditional four-factor framework from eBay and relevant Lanham Act provisions to the facts decided by the jury together with the evidence presented at the February 5, 2016 hearing.  The court finds each of the factors weighs strongly in favor of issuing injunctive relief.

3

In addition to injunctive relief, pursuant to 15 U.S.C. § 1118, the court may order the destruction of infringing articles and the means for making the infringing articles. By the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(l)(C), the court has authority to order the transfer of domain names used in a manner contrary to the Lanham Act. Pursuant to SDCL § 37-6-20, the court may order the South Dakota Secretary of State to cancel defendants' state trademark registrations.

On October 30, 2015, after a ten-day jury trial, the jury returned a unanimous verdict in SMRI's favor on all counts: (1) registered trademark infringement, (2) unregistered trademark infringement; (3) trademark dilution; (4) deceptive trade practices; (5) violations of the Anti-Cybersquatting Consumer Protection Act; (6) false advertising; and (7) unfair competition. (Docket 264). The court entered judgment on those claims in favor of SMRI on December 2, 2015. (Docket 269). The court finds SMRI achieved actual success on the merits. Oglala Sioux Tribe, 542 F.3d at 229.

In its verdict, the jury unanimously found in favor of SMRI on its claims of infringement of the registered STURGIS®, STURGIS BIKE WEEK®, and Composite Design marks and of the unregistered STURGIS MOTORCYCLE RALLY™ and STURGIS RALLY & RACES™ marks (jointly referred to as "SMRI's Marks"). "Since a trademark represents intangible assets such as reputation and goodwill, a showing of irreparable injury can be satisfied if it appears that [the plaintiff] can demonstrate a likelihood of consumer confusion." General

4

Mills, Inc. v. Kellogg Co., 824 F.2d 622, 625 (8th Cir. 1987). "[I]n trademark law, injury is presumed once a likelihood of confusion has been established." Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church, 634 F.3d 1005, 1012 (8th Cir. 201 l) (finding the district court did not abuse its discretion in permanently enjoining the defendants from use of plaintiff's marks).

The jury also unanimously found in favor of SMRI on its claim of dilution of the famous STURGIS® mark. The court's instructions outlined the requirements for deciding in favor of SMRI on its dilution claim:

INSTRUCTION NO. 30 -
TRADEMARK DILUTION CLAIM

SMRI claims the Defendants' use of their Sturgis Designations is likely to dilute the distinctiveness of SMRI's "STURGIS" trademark. Trademark dilution is the lessening of the capacity of a famous or distinctive mark to identify and distinguish goods or services. The purpose of the anti-dilution law is to protect against the blurring of a trademark's value, or the tarnishment of a trademark's image.

To succeed on this claim, SMRI must prove by the greater convincing weight of the evidence the following:

1. **That SMRl's "STURGIS" trademark is famous and distinctive, either inherently or through acquired distinctiveness;**

   In considering whether SMRI's trademark is "famous," you may consider the following factors:

   1. The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by SMRI or third parties;

   2. The amount, volume, and geographic extent of sales of goods or services offered under the mark;

5

>    3. The extent of actual recognition of the mark; and
>
>    4. Whether the mark is registered.
>
> 2. **That a defendant's use of any of its Sturgis Designations began after SMRl's trademark became famous;**
>
> 3. **That a defendant's use of any of its Sturgis Designations is likely to cause dilution by blurring or tarnishment of SMRl's "STURGIS" trademark;**
>
>    Blurring occurs when a defendant uses an identical or nearly identical version of SMRI's trademark to identify the defendant's goods or services, creating the possibility that SMRI's mark will lose its ability to serve as a unique identifier of SMRI's product.  This can occur even though there is no confusion as to source, sponsorship, affiliation, or connection.
>
>    Tarnishment is using a mark that is identical or nearly identical to a famous mark of SMRI in such a way that harms the reputation of SMRI's mark by degrading the public's positive associations with the mark.
>
>    SMRI is not required to prove dilution both by blurring and by tarnishment.
>
>    To prevail on its dilution claim SMRI need not prove actual or likely confusion.
>
> **and**
>
> 4. **That SMRI experienced damage as a result of a defendant's conduct.**
>
> **You must consider this claim separately against each defendant.**
>
> If you find that SMRI proved this claim by the greater convincing weight of the evidence against any defendant you must find for SMRI against that defendant.   If you find that SMRI did not prove this claim by the greater convincing weight of the evidence against any defendant you must find against SMRI on this claim.

(Docket 235 at pp. 48-49) (bold in title omitted).

During the February 5, 2016 hearing, SMRI board members Jerry Berkowitz and Rod Bradley and Robin Baldwin, the owner of Black Hills Rally & Gold, a licensee of SMRI, all testified regarding defendants'[1] continued infringement of SMRI's Marks and the harm caused to SMRI and the public. Combined with the jury's unanimous finding in favor of SMRI on its claim of dilution, this testimony strengthens the conclusion that SMRI is "entitled to an injunction . . . regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury."  15 U.S.C. § 1125(c).

Coupled with the evidence presented at trial, the testimony of SMRI board members and a licensee of SMRI is a strong indication of the value in SMRI's Marks.  The evidence at trial and the February 5, 2016, hearing illustrated the negative effect defendants' infringement of SMRI's Marks has on SMRI's reputation.  The court finds irreparable harm to SMRI by defendants' continued infringement.  Oglala Sioux Tribe, 542 F.3d at 229.

By its motion, SMRI seeks only to enjoin the defendants from the use of any reproduction, counterfeit, copy or colorable imitation of SMRI's Marks. SMRI is not seeking to enjoin the operation of defendants' businesses, which include many other lines of products beyond those pertaining to the sale of infringing goods: namely, Wal-Mart's general merchandise and retail store business and the business of Rushmore Photo & Gifts, including but not limited

---

[1] For of the remainder of this order "defendants" refers to Rushmore Photo & Gifts, Inc., Carol Niemann, Paul A. Niemann, Brian M. Niemann and Wal-Mart Stores, Inc., but not JRE, Inc.

to its SOUTH DAKOTA, MOUNT RUSHMORE, and DEADWOOD product lines. SMRI has shown that the irreparable harm to SMRI and its STURGIS marks greatly outweighs any harm to defendants by enjoining the sale and marketing of products using infringing marks.   Id.

    The court finds defendants' conduct created a likelihood of confusing the public, and the public has a right not to be confused by infringing goods. Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church, 683 F. Supp. 2d 1006, 1018 (W.D. Mo. 2010).   By not actively removing its infringing goods from the market place, defendants' post-trial conduct continues to mislead the public.   The court finds the public interest weighs strongly in favor of eliminating the likelihood of confusion.   SMRI is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c)(1).

    Based on the above findings and pursuant to Fed. R. Civ. P. 65, it is

    ORDERED that plaintiff's motion (Docket 278) is granted in part and denied in part.

    IT IS FURTHER ORDERED that plaintiff's motion for a permanent injunction is denied.

    IT IS FURTHER ORDERED that a preliminary injunction shall immediately issue and remain in effect until further order of the court.

    IT IS FURTHER ORDERED that defendants RUSHMORE PHOTO & GIFTS, INC., CAROL NIEMANN, PAUL A. NIEMANN, BRIAN M. NIEMAN and WAL-MART

STORES, INC., ("the enjoined defendants") are hereby immediately restrained and enjoined from engaging in the following activities:

1. Using the following trademarks and composite design trademark:

    A.  STURGIS, U.S. Reg. No. 3,923,282;

    B.  STURGIS BIKE WEEK, U.S. Reg. Nos. 2,070,955; 3,825,398; 3,838,171; 3,911,270; and 3,923,236;

    C.  BLACK HILLS MOTOR CLASSIC STURGIS RALLY & RACES BLACK HILLS S.D., U.S. Reg. No. 1,948,097;

    D.  STURGIS MOTORCYCLE RALLY, a common law trademark;

    E.  STURGIS RALLY & RACES, a common law trademark;

    or any colorable imitations of these marks in any advertisement, promotion, offer for sale, or sale of any goods bearing one or more of the marks;

2. Using in commerce any reproduction, counterfeit, copy or colorable imitation of SMRI's Marks, including but not limited to the infringing designations "Officially Licensed Sturgis," "Authentic Sturgis," "Legendary Sturgis," "Licensed Sturgis," "Official Sturgis," "Sturgis Central," "Sturgis Motor Classic," and "Sturgis Rally" (collectively referred to as "Defendants' Sturgis Designations"), without SMRI's consent in a manner likely to cause confusion, mistake, or deception as to the source, origin, sponsorship or approval of the defendant's product;

3. Diluting SMRI's famous STURGIS® mark by blurring or tarnishment;

4. Acting, using, or employing any deceptive act or practice, fraud, false pretense, false promise or misrepresentation or concealed, suppressed or omitted material facts in connection with the sale or advertisement of any merchandise;

5. Registering, trafficking in, or using any domain name that is identical to, confusingly similar to, or likely to dilute SMRI's Marks, including but not limited to AuthenticSturgis.com, Legendary-Sturgis.com, LicensedSturgis.com, OfficialSturgis.com,

        SturgisCentral.com, SturgisMotorClassic.com, or SturgisRallyOnline.com.

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1118, the enjoined defendants shall impound all products together with all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing SMRI's Marks, Defendants' Sturgis Designations, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same. Within ten (10) days following the issuance of this preliminary injunction the enjoined defendants shall file in CM/ECF sworn declarations detailing the enjoined defendants' progress, including identifying the amount and sources of products retrieved, the description of each item, the location of impoundment and the extent to which impound is ongoing. The enjoined defendants shall file supplemental reports every ten (10) days until the court is reasonably satisfied the impoundment process is complete.

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(l)(C), the enjoined defendants shall not cancel, transfer or otherwise make changes to the aforementioned domain name registrations, except in taking such actions as necessary to effect the transfer of those domain names to SMRI.

IT IS FURTHER ORDERED that for a thirty (30) day period following entry of this preliminary injunction SMRI shall not send any cease & desist letter, instigate litigation or take other trademark enforcement action against any of the defendants' non-party retailers.

IT IS FURTHER ORDERED that use of the name Sturgis or other phrases which contain the name Sturgis in the distribution, marketing and sale of non-rally-related Sturgis, South Dakota, products is not enjoined or prohibited by this preliminary injunction.

IT IS FURTHER ORDERED that SMRI is not required to post security for purposes of this preliminary injunction.

IT IS FURTHER ORDERED that the enjoined defendants shall immediately notify all of their officers, agents, employees and all persons and entities in active concert and participation with them of this preliminary injunction.

IT IS FURTHER ORDERED that this preliminary injunction is binding upon defendants' officers, agents, servants, employees, attorneys, and upon those persons in active concert or participation with them who receive actual notice of this preliminary injunction.

Dated February 11, 2016.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE