UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STURGIS MOTORCYCLE RALLY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RUSHMORE PHOTO & GIFTS, INC.; JRE, INC., CAROL NIEMANN; PAUL A. NIEMANN; BRIAN M. NIEMANN, and WAL-MART STORES, INC.,<br><br>Defendants,<br><br>-AND-<br><br>RUSHMORE PHOTO & GIFTS, INC.; JRE, INC., CAROL NIEMANN; PAUL A. NIEMANN; and BRIAN M. NIEMANN,<br><br>Counterclaimants,<br><br>vs.<br><br>STURGIS MOTORCYCLE RALLY, INC.,<br><br>Counterclaim Defendant. | CIV. 11-5052-JLV<br><br><br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

**INTRODUCTION**

On October 30, 2015, after a ten-day jury trial, the jury returned a unanimous verdict in SMRI's favor on the following counts: (1) registered trademark infringement, (2) unregistered trademark infringement; (3) trademark dilution; (4) deceptive trade practices; (5) violations of the Anti-Cybersquatting Consumer Protection Act; (6) false advertising; and (7) unfair competition. (Docket 264). In its verdict, the jury unanimously found in favor of SMRI on its

claims of infringement of the registered STURGIS®, STURGIS BIKE WEEK®, and Composite Design marks and of the unregistered STURGIS MOTORCYCLE RALLY™ and STURGIS RALLY & RACES™ marks (jointly referred to as "SMRI's Marks").  (Docket 264).  The jury also unanimously found in favor of SMRI on its claim of dilution of the famous STURGIS® mark.  Id.  The court entered judgment on those claims in favor of SMRI on December 2, 2015.  (Docket 269).

On December 31, 2015, SMRI filed a motion for a permanent injunction and seeking additional relief.  (Docket 278).  On February 11, 2016, the court entered a preliminary injunction.  (Docket 299).  On June 10, 2016, the court permitted the defendants to sell certain symbols and artwork ("symbols and artwork order").  (Docket 358).  Plaintiff now moves the court to reconsider the symbols and artwork order.  (Docket 375).  The RPG defendants resist plaintiff's motion for reconsideration.  (Docket 383).  Plaintiff's motion is denied.

### ANALYSIS

Rule 60 provides in material part:

> The court may correct a . . . mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. . . . On motion . . . the court may relieve a party . . . from a final judgment, order or other proceeding for the following reasons:
>
> > (1)   mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(a) and (b)(1)(2) & (6).  A district court's decision on a motion for reconsideration rests within its discretion.  Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  Id. at 414 (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir. 1987)).

SMRI claims the symbols and artwork order was issued "under the fiction that the use of the term 'Sturgis' with 'South Dakota' without any rally-related words, and 'Legendary Sturgis,' are not perceived by the public to be Sturgis Motorcycle Rally-related merchandise."  (Docket 375 at p. 1).  SMRI asserts "[t]he Court lacked any information regarding the perception of these goods [authorized by the symbols and artwork order] by the public or their manner of sales in stores."  Id.  SMRI contends its "newly discovered evidence" discloses that RPG's merchandise is "not only . . . sold in close proximity to [SMRI's] licensed merchandise, but also that SMRI's retailers perceive Defendants' 'new' designs as STURGIS® Motorcycle Rally™-related and not merely geographic references."  Id. at p. 3.

The basis for SMRI's argument is that "[t]he Court committed manifest errors of fact" by the following:

    1.      Concluding that the United States Patent and Trademark Office ("PTO") limited all of SMRI's trademarks to merchandise related to the Sturgis Motorcycle Rally ("Rally");

    2.      Misconstruing SMRI's concession regarding geographic, non-rally related uses; and

    3.      Misinterpreting the restriction of the use of "Legendary Sturgis" in the preliminary injunction.

Id. at pp. 2-3.  Based on its argument, SMRI moves the court to "reconsider and withdraw or narrow" the symbols and artwork order.  Id. at p. 3.

The RPG defendants oppose plaintiff's motion.  (Docket 383). Defendants argue "[w]ithout question, the words 'Sturgis' and 'South Dakota' can be used freely as geographical indicators."  Id. at p. 3.  Defendants assert plaintiff's argument that the merchant must reside in Sturgis, South Dakota, to distribute merchandise with these geographical indicators is "absurd," as SMRI cites to "no law to support its . . . within-the-city-limits position."  Id. at p. 6.

Defendants acknowledge that at trial their RPG designs containing " 'Legendary Sturgis' had multiple indicia of the rally on them."  Id. at p. 7 (references to trial exhibits omitted).  Consistent with the court's symbols and artwork order, defendants argue they are permitted to use "Legendary Sturgis" and "Legendary Deadwood, Legendary Custer, Legendary Yellowstone, Legendary Badlands, Legendary Devil's Tower, and Legendary Bearizona" on "non-rally-related" merchandise.  Id.

Defendants argue "for Plaintiff to allege that its alleged common-law rights in STURGIS MOTORCYCLE RALLY are not limited to the Sturgis motorcycle rally

4

is baffling, and contrary to Plaintiff's own witness testimony [at trial]." Id. at p. 8. Defendants point out that "[a]fter having its application rejected by the Trademark Office, Plaintiff limited the scope of the STURGIS Registration to make clear that geographic uses were not covered." Id. (referencing Trial Exhibit 769 at DEFS 000479) ("Applicant has amended the subject wording to indicate that the 'general merchandise and souvenirs' relate to the STURGIS motorcycle rally."). Defendants ask that plaintiff's motion be denied because "[t]he text of the marks themselves, the Trademark Office's and Plaintiff's limitation on the STURGIS mark, and the admissions of Plaintiff's own witnesses at trial all show that the enforceable scope of the marks is limited to rally-related products." Id.

Regarding plaintiff's claim of newly discovered evidence, defendants argue that claim fails because plaintiff's own exhibit "shows[] there were other non-rally-related garments [other than those belonging to RPG] next to Plaintiff's rally-related shirts." Id. at p. 9 (referencing Docket 375-9). Defendants pose the question: Are those " 'South Dakota' garments . . . rally-related too, guilty by proximity . . . .[?]" Id. In conclusion, defendants argue "Plaintiff's arguments that some unspecified contextual factors must be considered in order to determine whether a design violates the preliminary injunction are without any basis in the law and are contrary to Plaintiff's previous positions and testimony."

The court finds SMRI's position to be both overreaching and without merit. The court previously found in the symbols and artwork order that:

> SMRI does not have trademark rights to American flag images, bald eagle images, gothic artwork, skull and crossbones images, flames, pistols, or any combination of those symbols or artwork. Whether some members of the motorcycle community, rally attendees or SMRI may envision these symbols and artwork as signs of the rally, that argument was not the basis of plaintiff's claims at trial and not the foundation for the jury's verdict in favor of SMRI. Nor was that argument pertinent to the court's decision to enter a preliminary injunction.

(Docket 358 at p. 12).

In context, the symbols and artwork order intended to recognize that the PTO limited SMRI's STURGIS trademark to " 'rally-related' products." Id. The PTO approved the STURGIS trademark only after SMRI limited the registration so that geographic uses of the word "Sturgis" were not covered. See Trial Exhibit 769 at DEFS 000479 ("Applicant has amended the subject wording to indicate that the 'general merchandise and souvenirs' relate to the STURGIS motorcycle rally.") and DEFS 000484 ("Applicant has amended the Identification of Goods and Services . . . to also clarify that the goods and services covered by the present application will relate to the STURGIS motorcycle rally.") (emphasis added).

SMRI's argument that RPG is not a Sturgis, South Dakota, based business and is therefore outside plaintiff's concession permitting the geographic use of the term "Sturgis" is disingenuous. "In closing argument during the jury trial, SMRI's attorney specifically told the jury that plaintiff's trademark claims were not asserted against the defendants or others 'using Sturgis fairly to denote their geographic location. That's a fair use.' " (Docket 358 at p. 12) (reference to the

trial record omitted). Similarly, during the May 13, 2016, hearing SMRI's attorney "reiterated the limitations of plaintiff's marks when he stated 'Plaintiff['s] Sturgis mark is Sturgis relating to the Sturgis Motorcycle Rally.' " Id. (reference to the hearing record omitted). SMRI's on-going effort to control the use of "Sturgis" in any and all settings beyond the motorcycle rally conflicts with its own representations to the PTO, the testimony of its witnesses at trial and its concessions to the jury and this court.

Regarding "Legendary Sturgis," SMRI ignores the context of the trial testimony and exhibits and the language of the preliminary injunction. "Trial Exhibit 565 contained the phrases 'Legendary Sturgis,' '2015,' '75 years,' and 'Sturgis Motor Classic.' When used with the motorcycle rally-related phrases '2015,' '75 years,' and 'Sturgis Motor Classic,' . . . in that context 'Legendary Sturgis' was a reference to the rally." Id. at p. 8. The preliminary injunction "specifically enjoined [the defendants] from using 'Legendary Sturgis' in any context associated with the motorcycle rally." Id. (referencing Docket 299 at p. 9). The preliminary injunction excluded any use of the phrase "Legendary Sturgis" when referring to Sturgis, South Dakota, as a geographical location. See Docket 299 at p. 11 ("[U]se of the name Sturgis or other phrases which contain the name Sturgis in the distribution, marketing and sale of non-rally-related Sturgis, South Dakota, products is not enjoined or prohibited by this preliminary injunction.").

SMRI's "new evidence" does not change the conclusions reached in the symbols and artwork order. That SMRI and two members of the public may envision the authorized RPG merchandise as symbolic of the motorcycle rally is unpersuasive and unimportant. RPG's merchandise authorized by the symbols and artwork order "are a 'safe distance' from any trademark infringement or violation of the preliminary injunction." Id. at p. 13 (citations omitted). The same can be said about other vendors' "South Dakota" merchandise. SMRI cannot control marks, symbols or artwork over which they have no legal ownership.

The court finds no "manifest errors of law or fact" or "newly discovered evidence" to warrant a modification of the symbols and artwork order. Hagerman, 839 F.2d at 414. SMRI's motion is denied.

### ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 375) is denied.

Dated March 2, 2017.

                                          BY THE COURT:

                                          /s/ *Jeffrey L. Viken*
                                          JEFFREY L. VIKEN
                                          CHIEF JUDGE