UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STURGIS MOTORCYCLE RALLY, INC., | CIV. 11-5052-JLV |
| Plaintiff, | |
| vs. | |
| RUSHMORE PHOTO & GIFTS, INC.; JRE, INC., CAROL NIEMANN; PAUL A. NIEMANN; BRIAN M. NIEMANN, and WAL-MART STORES, INC., | ORDER ON ATTORNEYS' FEES |
| Defendants, | |
| -AND- | |
| RUSHMORE PHOTO & GIFTS, INC.; JRE, INC., CAROL NIEMANN; PAUL A. NIEMANN; and BRIAN M. NIEMANN, | |
| Counterclaimants, | |
| vs. | |
| STURGIS MOTORCYCLE RALLY, INC., | |
| Counterclaim Defendant. | |

**INTRODUCTION**

On October 30, 2015, after a ten-day jury trial, the jury returned a

unanimous verdict in SMRI's favor on the following counts: (1) registered

trademark infringement, (2) unregistered trademark infringement; (3) trademark

dilution; (4) deceptive trade practices; (5) violations of the Anti-Cybersquatting

Consumer Protection Act; (6) false advertising; and (7) unfair competition.

(Docket 264).   In its verdict, the jury unanimously found in favor of SMRI on its

claims of infringement of the registered STURGIS®, STURGIS BIKE WEEK®, and Composite Design marks and of the unregistered STURGIS MOTORCYCLE RALLY™ and STURGIS RALLY & RACES™ marks (jointly referred to as "SMRI's Marks").   (Docket 263).   The jury also unanimously found in favor of SMRI on its claim of dilution of the famous STURGIS® mark.   Id.   The court entered judgment on those claims in favor of SMRI on December 2, 2015.   (Docket 269).

On January 4, 2016, SMRI filed a motion for attorneys' fees as the prevailing party at trial, together with supporting documentation.   (Dockets 280-83).   Defendants filed an objection to plaintiff's motion.   (Docket 351). SMRI filed a reply brief in support of its' motion.   (Docket 370).

On May 17, 2016, the court filed an order granting defendants' motion to compel SMRI to respond to post-trial discovery.   (Docket 344).   On June 10, 2016, defendants filed a motion for attorneys' fees as the prevailing parties on the motion to compel discovery.   (Dockets 359-61).   SMRI filed an objection to defendants' motion.   (Docket 367).   Defendants filed a reply brief in support of their motion.   (Docket 380).

On March 10, 2017, the court entered an order granting in part defendants' motion (Docket 275) for judgment as a matter of law and granting in part defendants' motion (Docket 276) for application of equitable defenses. (Docket 420).   The order vacated the money judgment in favor of SMRI against JRE, Inc., the RPG Defendants and Wal-Mart.   Id. at p. 63 (referencing Docket 269 ¶ 1).   The order barred SMRI from recovery of money damages prior to the

2

date of the jury verdict, that is, October 30, 2015.   Id. at p. 63.   The order left

intact SMRI's ownership of the trademarks based on the verdict.   Id. at p. 62.

The court resolves the motions for attorneys' fees in this order.

## ANALYSIS

SMRI'S MOTION FOR FEES AND COSTS

The Lanham Act permits a prevailing plaintiff in a trademark infringement

case to recover attorney's fees and costs.

> When a violation of any right of the registrant of a mark registered in
> the Patent and Trademark Office, a violation under section 1125(a)
> or (d) of this title, or a willful violation under section 1125(c) of this
> title, shall have been established in any civil action arising under
> this chapter, the plaintiff shall be entitled, subject to the provisions
> of sections 1111 and 1114 of this title, and subject to the principles
> of equity, to recover . . . the costs of the action. . . . The court in
> exceptional cases may award reasonable attorney fees to the
> prevailing party.

15 U.S.C. § 1117(a).   If the use of a counterfeit mark is involved in the litigation,

"the court shall, unless the court finds extenuating circumstances, . . . [award] a

reasonable attorney's fee, if the violation consists of

> (1)   intentionally using a mark or designation, knowing such
> mark or designation is a counterfeit mark . . . in connection
> with the sale, offering for sale, or distribution of goods or
> services; or
>
> (2)   providing goods or services necessary to the commission of a
> violation specified in paragraph (1), with the intent that the
> recipient of the goods or services would put the goods or
> services to use in committing the violation. . . .

15 U.S.C. § 1117(b).

"]P]laintiffs and defendants are to be treated alike, but attorney's fees

are to [be] awarded to prevailing parties only as a matter of the court's

3

discretion." Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 876 (8th Cir. 1994) (internal citation and quotation marks omitted).   "[T]he Lanham Act . . . permits rather than mandates an award of fees." Id.   The court's discretion to award fees "is limited to exceptional cases." Id. (citing 15 U.S.C. § 1117(a)).   "Courts have defined the characteristics of exceptional cases with adjectives suggesting egregious conduct by a party." Id. at 877.   "[A]n exceptional case is one in which [a party's] action was groundless, unreasonable, vexatious, or pursued in bad faith. . . . [E]xceptional behavior in this context [is] 'malicious, fraudulent, deliberate, or willful.' " Id. (citation omitted).   "Succinctly put, an exceptional case within the meaning of [Section 1117(a)] is one in which one party's behavior went beyond the pale of acceptable conduct." Id.

In 2011, the United States Court of Appeals for the Eighth Circuit held "that when a defendant's unlawful conduct was willful and deliberate, the court may well determine that this is the type of 'exceptional' case for which an award of attorney's fees is appropriate." Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church, 634 F.3d 1005, 1013 (8th Cir. 2011) (internal citation and some quotation marks omitted).   Bad faith on the part of an infringing defendant is not a prerequisite for the court to find a case exceptional and award attorneys' fees. Id.   "[T]he district court's decision on whether to award attorneys' fees [is reviewed] under an abuse-of-discretion standard." Id.

In 2014, the United States Supreme Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., ___ U.S. ___, 134 S. Ct. 1749, 1756 (2014) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)). In exercising its equitable discretion, a trial court "may determine whether a case is 'exceptional' . . . considering the totality of the circumstances." Id. The Supreme Court explained that under the Copyright Act, "district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' " Id. at 1756 n.6 (citing Fogerty, 510 U.S. at 534 n.19). "Under the standard announced today, a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." Id. at 1756-57. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award. . . . [W]e think it fair to assume that Congress did not intend rigidly to limit recovery of fees by a [Lanham Act] defendant to the rare case in which a court finds that the plaintiff 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons' . . . . Something less than

'bad faith,' . . . suffices to mark a case as 'exceptional.' " <u>Id.</u> at 1757 (brackets in original) (citing <u>Noxell Corp. v. Firehouse No. 1 Bar–B–Que Restaurant</u>, 771 F.2d 521, 526 (C.A.D.C. 1985) ("exceptional" in the Lanham Act's identical fee-shifting provision, 15 U.S.C. § 1117(a), means "uncommon" or "not run-of-the-mill"). "[W]hether a case is 'exceptional' [is committed] to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion." <u>Highmark Inc. v. Allcare Health Management Systems, Inc.</u>, ___ U.S. ___, 134 S. Ct. 1744, 1748 (2014) (referencing <u>Octane Fitness, LLC</u>, 134 S. Ct. 1749).

Although <u>Octane Fitness, LLC</u>, was a patent infringement case, its' definition of "exceptional" applies to trademark infringement cases. <u>See</u> <u>Fair Wind Sailing, Inc. v. Dempster</u>, 764 F.3d 303, 315 (3d Cir. 2014) ("We believe that the Court was sending a clear message that it was defining 'exceptional' not just for the fee provision in the Patent Act, but for the fee provision in the Lanham Act as well."); <u>Georgia-Pac. Consumer Products LP v. von Drehle Corp.</u>, 781 F.3d 710, 721 (4th Cir. 2015), as amended (Apr. 15, 2015) (same); <u>Baker v. DeShong</u>, 821 F.3d 620, 623 (5th Cir. 2016) (same); <u>Slep-Tone Entertainment Corp. v. Karaoke Kandy Store, Inc.</u>, 782 F.3d 313, 318 (6th Cir. 2015) (same); <u>SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.</u>, 839 F.3d 1179, 1181 (9th Cir. 2016) ("We agree with the majority of our sister circuits and conclude that <u>Octane Fitness</u> and <u>Highmark</u> have altered the analysis of fee applications under the Lanham Act. Therefore, district courts analyzing a request for fees under

the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional, . . . exercising equitable discretion in light of the nonexclusive factors identified in <u>Octane Fitness</u> and <u>Fogerty</u>, and using a preponderance of the evidence standard.").

SMRI seeks $1,311,764 in attorneys' fees and related expenses, discovery expenses of $18,067.06 and travel expenses of $33,347.10, for a total of $1,363,178.16 (jointly referred to as "fees."). (Docket 280 at p. 1). SMRI asserts defendants' conduct was "willful and deliberate," making this an "exceptional case" warranting assessment of fees under § 1117(a). <u>Id.</u> at p. 2 (citing <u>Community of Christ Copyright Corp.</u>, 634 F.3d at 1013) (additional citation omitted). Plaintiff argues that it "achieved success on the merits on every claim that it asserted in this litigation . . . . [and] achieved success on every counterclaim and affirmative defense asserted by Defendants." (Docket 281 at p. 2). Even before the March 10, 2017 order, this statement by SMRI was not accurate. The jury found for the defendants on SMRI's infringement claim regarding the "TAKE THE RIDE TO STURGIS mark." (Docket 263 at p. 4). Additionally, not all of defendants' counterclaims and affirmative defenses were resolved by the jury trial. SMRI knew at the time of its application for fees that defendants' affirmative defenses and their counterclaim asserting acquiescence and estoppel had not yet been resolved by the court. <u>Compare</u> Dockets 276 and 281.

7

SMRI's status as a prevailing party[1] is significantly changed by the March 10, 2017 order.   (Docket 420).   The order granted in part defendants' motion for application of the equitable defenses, vacated the money judgment against the defendants, and barred SMRI from recovery of money damages prior to the October 30, 2015, verdict.   Id. at p. 63.   The order also struck the judgment in favor of SMRI against JRE, Inc.   Id.   SMRI knew the court was required to consider and apply SDCL § 47-1A-1407.02 if plaintiff pursued its claims against JRE, Inc., and the jury awarded money damages against JRE, Inc.   See Dockets 73 ¶¶ 10 & 94, 78 ¶ 94, 82-32 at p. 2, 107 at p. 4, 108 at pp. 9-10 ¶ 4, 113 at pp. 25-27 and SDCL § 47-1A-1407.02.

During trial, SMRI presented no evidence to overcome SDCL § 47-1A-1407.02.   (Docket 420).   Specifically, the court found "SMRI presented no evidence at trial to support its claim that the debt testified to by the members of the Niemann family was either non-existent or a fraudulent transaction.   The undisputed testimony is there were no assets distributed to any shareholder of JRE, Inc., at the time of dissolution.   There is no legal basis for permitting SMRI to go beyond JRE, Inc., and seek recovery from Paul and Carol Niemann for the money they received in satisfaction of the debt owed to them by JRE, Inc."   Id. at p. 22.

---

[1] While the court found SMRI to be the "prevailing party" for purposes of Fed. R. Civ. P. 54(d)(1), (Docket 421 at p. 3), a separate analysis of SMRI's status must be conducted pursuant to 15 U.S.C. § 1117(a) and (b).

The March 10, 2017 order left intact SMRI's ownership of trademarks based on the verdict.   (Docket 420 at p. 62).   But the court vacated the $912,500 money damages verdict awarded to SMRI by the jury.   SMRI's motion for fees must be evaluated in light of the court's substantive rulings.

SECTION 1117(a)

Relevant to the present analysis, § 1117(a) provides "the plaintiff shall be entitled, . . . subject to the principles of equity, to recover . . . the costs of the action . . . . The court in exceptional cases may award reasonable attorney fees to the prevailing party."   15 U.S.C. § 1117(a).   Octane Fitness "altered the analysis of fee applications under the Lanham Act."   SunEarth, Inc., 839 F.3d at 1181.   Under Octane Fitness, the court must determine whether the defendants' conduct was unreasonable, involving either "subjective bad faith or exceptionally meritless claims" so as to "sufficiently set [the case] apart from [run-of-the-mill] cases to warrant a fee award."   Octane Fitness, 134 S. Ct. at 1756-57.

Defendants' conduct in this case was not unreasonable.   The court found their genuinely held good-faith belief that STURGIS was generic and that SMRI or its predecessors in interest obtained the trademark registration through fraud on the United States Patent and Trademark Office was reasonable.   These conflicts were the pivotal issues requiring resolution at trial.   See Docket 235 at pp. 29-30 and 36-41.   Although the defendants' position and the evidence they presented at trial in support of their position were not adopted by the jury, the

defendants did not engage in vexatious conduct, or groundless claims or defenses, and did not pursue their case in bad faith.   Aromatique, Inc., 28 F.3d at 877.   Prior to the initiation of and during the course of this litigation, the defendants' strategies were "acceptable conduct" within the meaning of § 1117(a).   Id.   "Considering the totality of the circumstances," this was not an "exceptional" case which "stands out from others with respect to the substantive strength of [the defendants'] litigating position (considering both the governing law and the facts of the case) [and the] . . . manner in which the case was litigated."   Octane Fitness, LLC, 134 S. Ct. at 1756.   SMRI's motion for fees under § 1117(a) is denied.

SECTION 1117(b)

Section 1117(b) specifically provides that "the court shall, unless the court finds extenuating circumstances, . . . [award] a reasonable attorney's fee, if the violation consists of . . . intentionally using a mark or designation, knowing such mark or designation is a counterfeit[2] mark . . . in connection with the sale, offering for sale, or distribution of goods or services . . . ."   15 U.S.C. § 1117(b)(1).

For purposes of the § 1117(b) analysis, the court must focus on the jury's verdict regarding the "BLACK HILLS MOTOR CLASSIC STURGIS RALLY & RACES BLACK HILLS S.D." mark (the "Composite Design Mark").   (Dockets 235

---

[2]"A 'counterfeit' is a false or fake mark which is identical with, or substantially indistinguishable from, a registered mark."   (Docket 235 at p. 33).

at pp. 29-30 and 264 at pp. 7-8).   The jury found the defendants' infringing conduct was "willful and intentional" and that one or more of the defendants' Sturgis Designations[3] were "a counterfeit of SMRI's Composite Design Mark." (Docket 264 at pp. 7-8).   Based upon the jury's finding the defendants "willfully and intentionally infringed" upon and "counterfeited SMRI's [registered trademark] STURGIS Composite Design Mark," SMRI asserts "the Court shall grant SMRI 'a reasonable attorney's fee.' "   (Docket 281 at pp. 3-4) (citing 15 U.S.C. § 1117(b)).

In making its argument that § 1117(b) mandates the court award plaintiff its attorney's fees, SMRI fails to acknowledge an important phrase in the statute: "unless the court finds extenuating circumstances."   15 U.S.C. § 1117(b).   The court finds extenuating circumstances exist which warrant denial of SMRI's motion for fees under § 1117(b).   For clarity in this analysis, the court states again that it finds the defendants' genuinely held good-faith belief that STURGIS was generic was reasonable.   Based upon this belief, the RPG defendants used their own STURGIS Designations.   Defendants' marks were intentionally marketed based upon this belief and certainly the use of their marks was substantially similar to the SMRI marks.   It was in the posture of this evidence that the jury found defendants' mark to be a counterfeit of the Composite Design

---

[3]"The defendants' Sturgis Designations include the following: 'Officially Licensed Sturgis,' 'Authentic Sturgis,' 'Legendary Sturgis,' 'Licensed Sturgis,' 'Official Sturgis,' 'Sturgis Central,' 'Sturgis Motor Classic' and 'Sturgis Rally.' " (Docket 235 at p. 31).

Mark.   Defendants did not engage in conduct intending to defraud the public into believing defendants' marks were the marks of SMRI.   To the contrary, defendants included a disclaimer on their products to clarify for the public that defendants' products were not SMRI's products.   <u>See</u> *for example*, Trial Exhibits 239 and 276 ("Not affiliated with, sponsored or endorsed by SMRI.").

The same rationale for granting application of defendants' equitable defenses of acquiescence and estoppel to SMRI's claims applies here to constitute extenuating circumstances.   "Considering the totality of the circumstances," this was not an "exceptional" case which warrants an assessment of fees under § 1117(b).   <u>Octane Fitness, LLC</u>, 134 S. Ct. at 1756. SMRI's motion for fees under § 1117(b) is denied.

<u>DEFENDANTS' MOTION FOR FEES AND COSTS</u>

On April 13, 2016, defendants filed a motion to compel discovery. (Docket 322).   SMRI opposed the motion.   (Docket 332).   On May 13, 2016, the court held a hearing on defendants' motion.   (Docket 341).   On May 17, 2016, the court granted defendants' motion to compel.   (Docker 344 at p. 1). Pursuant to the order compelling discovery, plaintiff was to "serve on defendants, but not file with the court, answers to defendants' first post-trial interrogatories #8-#17 and #19-#22. . . . [and] plaintiffs' responses to the defendants' first request for production of documents regarding injunctive relief #8-#18, #31-#32 and #35-#36."   <u>Id.</u> at p. 2 (internal references omitted).   Having prevailed on the motion to compel, defendants moved to assess SMRI with defendants' attorneys'

fees and expenses of $23,973.89 pursuant to Fed. R. Civ. P. 37(a)(5)(A).   (Docket 359).

SMRI opposes defendants' motion.   (Docket 367).   First, plaintiff objects to the assessment of fees on the basis defendants failed to negotiate in good faith to resolve the discovery dispute.   Id. at p. 9.   SMRI argues defendants "refused to curtail the scope of the discovery sought, or disclose any case law supporting their position."   Id.   Plaintiff claims defendants' discovery requests were too broad because they "did not contain any limitation as to time . . . ."   Id. at p. 2. In response to defendants' discovery requests, SMRI interposed an objection asserting the discovery requests were "irrelevant to the limited scope of post-trial discovery . . ." and then withheld "documents on the basis of these objections." (Docket 326-3 at p. 3).   See also Docket 326-4 at p. 4 ("SMRI objects to the requests as irrelevant to the limited scope of post-trial discovery, namely pertaining to the Court's consideration of the factors underlying the issuance of a permanent injunction.").

After a conference call on March 30, 2016, plaintiff sent an April 1, 2016, letter seeking defendants' case authority for the discovery sought.   (Docket 367-1).   On April 5, 2016, defendants delivered an extensive and detailed letter outlining the justifications for the discovery requests, the case law supporting defendants' position and explaining why plaintiff's own case law authority was inapplicable to the present discovery requests.   (Docket 367-2).   Defendants then "demand[ed] that Plaintiff fully and substantially respond to Document

Requests Nos. 8-18, 31, 32, 35, and 36, and Interrogatory Nos. 8-17, 19, 20-22 no later than Monday, April 11, 2016 or Defendants will move to compel." Id. at p. 5. Plaintiff did not change its discovery responses and produced no documents so on April 13 defendants filed the motion to compel. (Docket 322).

Plaintiff argues "[t]his all-or-nothing approach cannot be said to be in good faith—and cannot be said to be in compliance with Fed. R. Civ. P. 1 . . . . There was no effort to compromise, no good faith exploration of how reasonable minds differ, and how a compromise might be reached." (Docket 367 at p. 9). While defendants' requests for production of documents may not have included time parameters, plaintiff's responses incorporated its pre-trial productions of documents and then withheld post-trial documents in its possession. See, i.e., Docket 326-3 at pp. 2-3 ("SMRI identifies and incorporates its prior productions . . . which Defendants have in their possession, custody or control . . . . SMRI is withholding documents on the basis of these objections.").

Rather than produce documents created post-trial which SMRI had in its possession, plaintiff simply objected and produced nothing. But for defendants' motion to compel, SMRI would have provided no additional discovery whatsoever. Defendants complied with Fed. R. Civ. P. 37(a)(1) and D.S.D. Civ. LR 37.1 by attempting, in good faith, to resolve their differences with plaintiff before bringing the motion to compel. (Docket 325).

Next, SMRI argues fees should not be assessed because plaintiff's objections were substantially justified. (Docket 367 at p. 3). SMRI claims that

14

"[e]ven though the Court ultimately 'granted' Defendants' motion, Plaintiff's objections were made for reasonable and legitimate reasons, and the Court agreed with Plaintiff's interpretation that the requests were substantially overbroad as to time."   Id. at p. 4.   Plaintiff asserts the court "dramatically curtailed the scope of discovery requested by Defendants by limiting it to a post-trial time period."   Id. (referencing Docket 345[4] at p. 31:5-13).   Because the scope of the discovery was "limited by the Court," SMRI believes its "objections [were] 'substantially justified.' "   Id. at p. 5. (referencing Cummings v. Bost, Inc., No. 2:14-CV-02090, 2015 WL 1470137, at *10 (W.D. Ark. Mar. 31, 2015) (where the court imposed limitations on the scope of discovery sought, the objecting party was "substantially justified in producing partial responses and objections, and [] ordering her to pay expenses and attorney's fees for [the] motion would be unjust under Rule 37(a)(5)(A)(ii) and (iii).").

The court specifically admonished plaintiff about its obligation to produce the evidence sought by defendants.   "I . . . don't think it's efficient to withhold discovery which is limited in scope on the post verdict period on the unclean hands and the irreparable injury balance of harms.   The scope of discovery I defined in the order last time we all met."   (Docket 345 at p. 33:5-9).

Despite plaintiff's resistance to engage in post-trial, pre-permanent injunction hearing discovery, the court reiterated its position:

---

[4]Plaintiff cites to the notice of filing official transcript (Docket 346), rather than to the transcript (Docket 345).   The court will reference the transcript when appropriate.

> All the discovery was post verdict.   I don't know if that wasn't clear
> enough or what the situation was, but I am only trying to deal with
> potential remedies in the case. . . . [A] permanent injunction based
> on the jury verdict is going to have to look from the verdict back into
> the evidence . . . . Of course, [plaintiff's] irreparable injury and your
> need for permanent injunction on a variety of matters dealt with in
> the verdict would have to be based on the trial record and the
> evidence.   But the discovery that was granted is going forward in
> anticipation of a hearing on a permanent injunction, where if the
> defense has a right or obligation to try to defend against, or help
> refine, or limit the scope of the permanent injunction to its client.

Id. at pp. 50:3-6 & 51:2-12.   Based on this ruling, the court entered an order

compelling plaintiff to respond to defendants' discovery requests.   (Docket 344

at pp. 1-2).   The court finds plaintiff's objections were not substantially justified.

Fed. R. Civ. P. 37(a)(5)(A) specifically authorizes, and in fact requires, the

court to award reasonable expenses, including attorney's fees, to defendants for

bringing on for hearing and prevailing on a motion to compel discovery.   But for

defendants' motion to compel, it is clear that plaintiff would not have changed its

stance on discovery.   Defendants are entitled to an award of their reasonable

expenses, including attorney's fees, together with the statutory South Dakota 6.5

percent sales tax on fees, against the plaintiff for the time and expense of

bringing the motion to compel before the court.

Plaintiff's objections to an award of attorneys' fees consist of four parts.

First, SMRI objects to an attorneys' fee request for time spent "the day before

[defendants] supposedly received Plaintiff's 'deficient' responses."   (Docket 367

at p. 10) (bold omitted).   Second, SMRI claims defendants' "descriptions of the

time spent are vague, and do not provide sufficient detail to assess whether the

time spent was reasonable or not."   Id.   Third, SMRI "disputes that 24.9 hours

(between two partners—Mssrs. Chadwick and Davis) is a reasonable amount of time to spend researching and drafting a six-page reply brief . . . ."  Id.   Fourth, SMRI argues the "Mr. Davis' time and expense to travel and attend the May 13, 2016 hearing should be prorated to account for other subjects discussed during that hearing . . . ."  Id. at pp. 10-11.

The court must evaluate defendants' request for attorneys' fees to determine whether it is reasonable.   "In determining a reasonable award of attorney's fees under Federal Rule of Civil Procedure 37, the court begins by determining the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates."  Black Hills Molding, Inc. v. Brandom Holdings, LLC, No. CIV. 12-5051, 2014 WL 112361, at *2 (D.S.D. Jan. 10, 2014).   "The burden is on the moving party to prove that the request for attorneys' fees is reasonable."  Id. (internal citation omitted).

Defendants seek hourly rates for the attorneys involved in the motion to compel proceedings as follows: Aaron Davis, $365; Eric Chadwick, $435; Daniel Bruzzone, $230; and Jeffrey Connolly, $225.   (Docket 361 ¶ 2).   SMRI does not argue the attorneys' hourly rates are unreasonable.   The court finds the hourly rate sought for each attorney is reasonable for trademark litigation, a specialized area of practice.

"The court must also determine whether the number of hours spent by [defendants'] attorneys was reasonable."  Black Hills Molding, Inc., 2014 WL 112361, at *5.   The only portion of defendants' attorneys' time records which warrant an examination by the court are Mr. Bruzzone's four hours to prepare a

17

response to Attorney Landrum's letter regarding discovery; Mr. Davis' 17.5 hours for drafting a legal memorandum in support of the motion to compel; Mr. Davis' 24.9 hours for drafting defendants' reply brief in support of the motion; and Mr. Davis' seven hours for travel and attendance at the hearing.   (Docket 361-1 at pp. 1-4).   Each of these areas will be separately resolved.

Mr. Bruzzone's time involves Mr. Landrum's letter of April 1, 2016, and Mr. Davis' responsive letter of April 5, 2016.   (Dockets 367-1 & 367-2).   Mr. Landrum's three-page letter contained citations to nine cases which he claimed supported SMRI's argument that defendants' discovery requests were irrelevant. (Docket 367-1).   It was incumbent upon defendants to analyze each of the cases cited to determine whether those cases supported plaintiff's position and to conduct additional research to support defendants' argument.   Mr. Bruzzone's research time and Mr. Davis' letter did just that.   They disputed plaintiff's interpretation of the cases cited and provided SMRI with citations to nine cases specifically focused on the issues to be addressed during a permanent injunction hearing.   The citations were legal authority for requiring plaintiff's detailed answers and production of documents in response to defendants' discovery requests.   (Docket 367-2).   Mr. Bruzzone's legal research and response time of four hours was reasonable.

Defendants' motion to compel was supported by a motion to expedite briefing, a twelve-page brief, a certificate of compliance and an affidavit signed by Mr. Davis.   (Dockets 322-26).   Attached to the affidavit were seven exhibits, totaling 54 pages.   (Dockets 326-1 through 7).   A significant portion of

defendants' brief was taken from or was a revision of the arguments made in Mr. Davis' letter of April 5, 2016.   Compare Dockets 367-2 and 323 at pp. 7-11. Defendants' request for compensation for 17.5 hours of Mr. Davis' time to prepare the motion and brief is excessive, particularly in light of the other research and drafting time being authorized by the court.   The court finds that no more than ten hours of Mr. Davis' time was required to draft the motion to compel, the affidavit and the memorandum of law in support of the motion.

Concerning Mr. Davis' 24.9 hours for drafting defendants' reply brief in support of the motion, the court also finds this time excessive.   SMRI's brief in resistance to the motion to compel was only eighteen pages in length.   (Docket 332).   Over one-half of SMRI's brief was consumed by recitations of defendants' discovery requests and citations to cases SMRI presented to the defendants earlier.   Compare Dockets 367-1 and 332.   The court finds no more than ten hours of Mr. Davis' time was required to review SMRI's brief, to conduct additional legal research and to draft the reply brief.

The court finds Mr. Davis' seven hours for travel and attendance at the hearing on the motion to compel reasonable.   But for SMRI's refusal to respond to defendants' discovery requests there would have been no need for a hearing. While Attorneys Chadwick and Connolly were both in attendance at the motion hearing, defendants do not seek reimbursement for their time during the hearing or Mr. Chadwick's travel expenses to Rapid City.

Based on these findings, the court finds defendants are entitled to an assessment of the following amounts for each attorney:

| | | | |
|---|---|---|---|
| Jeffrey Connolly | 1.6 hrs @ $225 | $ | 360.00 |
| Daniel Bruzzone | 4 hrs @ $230 | $ | 920.00 |
| Eric Chadwick | 3.9 hrs @ $435 | $ | 1,696.50 |
| Aaron Davis | 35 hrs @ $365 | $ | 12,775.00 |
| | | $ | 15,751.50 |

In addition to attorneys' fees, defendants seek recovery for Mr. Davis' travel expenses of $924.68 and transcript expenses of $253.21.   (Docket 361 at pp. 2-3).   Except for plaintiff's objection to the assessment of Mr. Davis' time to attend the motion hearing, SMRI makes no other meritorious objection to the assessment of these expenses.   Defendants are entitled to recover travel expenses of $924.68 and transcript expenses of $253.21.   The court finds the time expended by defendants' attorneys on the motion to compel was necessary and done in an efficient and effective manner.   Defendants are entitled to the award of attorneys' fees and expenses.

## ORDER

Based upon the analysis above, it is

ORDERED that defendants' objections (Docket 351) to plaintiff's motion for attorneys' fees are sustained and plaintiff's motion for attorneys' fees (Docket 280) is denied.

IT IS FURTHER ORDERD that plaintiff's objections (Docket 367) to defendants' motion for attorneys' fees and expenses are sustained in part and overruled in part and defendants' motion for attorneys' fees and expenses (Docket 359) is granted in part and denied in part.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 37(a)(5)(A), plaintiff shall pay to defendants attorneys' fees of $15,751.50, together with six

and one-half percent (6.5%) South Dakota sales tax of $1,023.85, travel expenses of $924.68 and transcript expenses of $253.21, for total attorneys' fees, sales tax and expenses of $17,953.24.

IT IS FURTHER ORDERED that this assessment of attorneys' fees, sales tax and expenses shall constitute a set-off against defendants' obligation to plaintiff pursuant to the March 20, 2017 order assessing costs.   (Docket 421).

Dated March 20, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE

21