UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STURGIS MOTORCYCLE RALLY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RUSHMORE PHOTO & GIFTS, INC.; JRE, INC., CAROL NIEMANN; PAUL A. NIEMANN; BRIAN M. NIEMANN, and WAL-MART STORES, INC., <br><br> Defendants, <br><br> -AND- <br><br> RUSHMORE PHOTO & GIFTS, INC.; JRE, INC., CAROL NIEMANN; PAUL A. NIEMANN; and BRIAN M. NIEMANN, <br><br> Counterclaimants, <br><br> vs. <br><br> STURGIS MOTORCYCLE RALLY, INC., <br><br> Counterclaim Defendant. | CIV. 11-5052-JLV <br><br><br> AMENDED ORDER FOLLOWING REMAND |

On November 2, 2018, the United States Court of Appeals for the Eighth Circuit issued a decision affirming in part, reversing in part and remanding for further proceedings consistent with the court's decision. (Docket 468); see Sturgis Motorcycle Rally, Inc. v. Rushmore Photo and Gifts, Inc., et al, 908 F.3d 313 (8th Cir. 2018) ("SMRI v. RP&G"). On the same day, the Eighth Circuit issued a judgment consistent with the decision. (Docket 469). The mandate was issued on December 11, 2018. (Docket 470).

The Eighth Circuit noted "SMRI has two federal registrations for the 'Sturgis' mark, but it appears that the certificate of registration for only one of them, see . . . Registration No. 3,923,284, was admitted into evidence." Id. at 322 (emphasis in original). The Eighth Circuit was referring to Trial Exhibit 16. See Docket 236 at p. 2. Plaintiff's complaint referenced only this registration. (Docket 1 at p. 6). Trial Exhibit 17 for the "Sturgis" Registration No. 4,440,406 was also admitted at trial. (Docket 236 at p. 2). The validity of both registrations was litigated at trial. See Fed. R. Civ. P. 15(b)(2). When speaking of "Sturgis" throughout the remainder of this order, the court will be referring to both registrations.

The Eighth Circuit determined the "STURGIS" mark is invalid. SMRI v. RPG, 908 F.3d at 323 & 333. "[W]e must assess whether the district court correctly held that there was sufficient evidence for the jury to find that SMRI's 'Sturgis' mark is valid. After an independent review of the trial record, we conclude that it cannot support that finding." Id. at 323. The court held:

> [T]he jury's finding that the "Sturgis" word mark is valid cannot stand. The trial record does not support that SMRI owns the rally or its intellectual property, that SMRI and the Chamber before it have been the substantially exclusive users of the word "Sturgis" in relation to either the rally or rally-related goods and services, or that relevant consumers associate the word "Sturgis" with a single source of goods and services in any context.

Id. at 333. Based on this conclusion, the court also held "[f]irst, we must reverse the jury's finding that the defendants diluted the 'Sturgis' mark. . . . Second, we must vacate the jury's finding that the defendants engaged in

2

cybersquatting." Id. (citing 15 U.S.C. §§ 1125(c) & (d)). The court remanded plaintiff's anti-cybersquatting claim for a new trial. Id. at 346.

The Eighth Circuit also held "the jury was not presented with sufficient proof to conclude that SMRI's unlicensed marks, 'Sturgis Motorcycle Rally' and 'Sturgis Rally & Races,' are valid and protected." Id. at 336. With this finding, the court reversed the district court's judgment "as to the infringement claims pertaining to those marks and also the related trademark-dilution claim." Id. at 346.

Regarding the "Sturgis Bike Week" mark, the court held "the mark is valid." Id. at 337. With this finding, the Eighth Circuit did not disturb the jury's finding the defendants infringed on the "Sturgis Bike Week" mark. Id.

The Eighth Circuit held "the trial evidence supports the jury's finding that the defendants' infringement of the Monahan composite mark was willful and intentional." Id. at 339. The court found, however, that the defendants did not produce a counterfeit of the Monahan composite mark. Id. at 340. With this finding, the court reversed the verdict "as to the counterfeiting claim involving the Monahan [composite] mark." Id. at 346.

Regarding plaintiff's deceptive trade practices, false advertising, and unfair competition claims, the Eighth Circuit found the jury's verdicts in favor of SMRI were sufficiently supported in the record. Id. at 341. On that basis, the Eighth Circuit "affirm[ed] the district court's denial of judgment as a matter

3

of law to the defendants on SMRI's claims of deceptive trade practices, false advertising, and unfair competition . . . ." Id. at 346.

The Eighth Circuit vacated the district court's application of the defendants' equitable defenses of acquiescence and laches. Id. at 345. The court remanded the issue to the district court. "If the district court determines after further fact-finding on remand that the equitable defenses apply, it should provide a 'clear understanding' of the basis of its decision by setting forth in its order why each defense applies to each co-defendant and claim." Id.

The Eighth Circuit "direct[ed] the district court to modify its order granting permanent injunctive relief to SMRI in light of [the court's] reversal of several parts of the jury's verdict." Id. at 346.

The court conducted a status conference on January 16, 2019, to discuss the application of SMRI v. RP&G to the court's prior orders and the jury verdict. Following the status conference, the parties submitted a joint statement regarding modifications to the permanent injunction (Docket 451) necessitated by SMRI v. RP&G, 908 F.3d at 346. (Docket 481). The parties also separately filed legal memoranda and proposed revisions to the permanent injunction. (Dockets 480, 480-1, 482 & 482-1).

Notwithstanding the Eighth Circuit decision, SMRI "continues to claim ownership of [STURGIS, STURGIS RALLY & RACES, and STURGIS MOTORCYCLE RALLY], despite the Eighth Circuit's opinion that Plaintiff

insufficiently proved infringement against Defendants." (Docket 482 at pp. 3-4). SMRI argues "the Eighth Circuit's determination that Plaintiff failed to prove with sufficiency at trial the distinctiveness of its STURGIS, STURGIS RALLY & RACES and STURGIS MOTORCYCLE RALLY marks to uphold an infringement verdict against Defendants does not mean that Defendants are free to use those terms on consumer goods or otherwise." Id. at p. 3. In addition, SMRI claims those terms, STURGIS, STURGIS RALLY & RACES, and STURGIS MOTORCYCLE RALLY, if used by the defendants will "infringe the STURGIS BIKE WEEK® and/or STURGIS Composite Design® marks that they already have been held to have infringed by their use of 'Sturgis Motor Classic,' 'SMC,' 'Licensed Sturgis,' 'Legendary Sturgis' and related terms. These issues were tried and resolved in Plaintiff's favor. These issues also were appealed and upheld in Plaintiff's favor." Id.

SMRI ignores the Eighth Circuit's conclusion that the word "Sturgis" on the "Sturgis Bike Week" mark and the Monahan mark "appears to be descriptive, referring to either 'Sturgis' the rally or 'Sturgis' the city, instead of 'Sturgis' the brand of rally-related goods." SMRI v. RP&G, 908 F.3d at 325. "When the word 'Sturgis' is simply being used as part of another mark that itself seeks to communicate an association with 'Sturgis' the rally and city, the word is clearly not being used as its own distinct mark. We thus conclude that the jury had no basis to infer that consumers interpreted the word 'Sturgis' in SMRI's other marks to be a mark of its own." Id.

The Eighth Circuit noted the Monahan mark disclaimed "the exclusive right to use 'Motor Classic' or 'Rally & Races.'" Id. at 334 (referencing Registration No. 1,948,097).[1] The court observed "SMRI suggests that whenever [RP&G] used the words 'Sturgis,' 'Sturgis Rally,' or 'Sturgis Motor Classic' on a product, the jury could have found that it infringed the Monahan mark. But that is certainly not right. The Monahan mark is a composite mark displaying a specific, detailed design and almost a dozen words." Id. at 337. "The fact that the dominant aspect of the Monahan mark and the 'Sturgis,' 'Sturgis Rally,' and 'Sturgis Motor Classic' marks might be the word 'Sturgis' does not mean that they are all similar. . . . That is especially true where, as here, the word 'Sturgis' in the Monahan mark is descriptive of what the mark commemorates—the rally held each August in Sturgis, South Dakota—and thus represents a 'weak' element of the mark." Id. "The jury thus had no basis to conclude in the absence of direct proof that the defendants' uses of 'Sturgis,' 'Sturgis Rally,' or 'Sturgis Motor Classic' infringed the Monahan mark." Id.

The same holds true with the STURGIS BIKE WEEK mark. In Registration No. 3,825,398, SMRI disclaimed "the exclusive right to use 'BIKE', apart from the mark as shown." Trial Exhibit #1 (remaining capitalization omitted); see also Docket 52-1 at p. 8 (remaining capitalization omitted). In

---

[1] The Eighth Circuit further pointed out that Registration No. 4,871,446 for "75th Sturgis Motorcycle Rally 1938 2015" disclaimed "the exclusive right to use [of] 'Motorcycle Rally.'" SMRI v. RP&G, 908 F.3d at 334.

Registration No. 3,818,703, SMRI specifically disclaimed "the exclusive right to use 'STURGIS', apart from the mark as shown." Trial Exhibit #1 (remaining capitalization omitted); see also Docket 52-1 at p. 9 (remaining capitalization omitted). SMRI's Registration No. 3,911,270 likewise disclaimed "the exclusive right to use 'STURGIS', apart from the mark as shown." Trial Exhibit #1 (remaining capitalization omitted); see also Docket 52-1 at p. 11 (remaining capitalization omitted). The trademark status reports contain the same disclaimers. See Trial Exhibits 20-23; see also Dockets 122-7 at p. 2; 122-8 at p. 2; 122-9 at p. 2; 122-10 at p. 2.

SMRI's arguments fail. The word "Sturgis" is not a valid trademark. The terms STURGIS, STURGIS RALLY & RACES, and STURGIS MOTORCYCLE RALLY when used by the defendants, or by anyone else for that matter, do not infringe on SMRI's marks. SMRI is bound by this decision under the doctrines of res judicata and collateral estoppel.

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 327 (1979). See also B&B Hardware, Inc., v. Hargis Industries, Inc., 912 F.3d 445 (8th Cir. 2018).

Based on the directive of the Eighth Circuit and this court's analysis of the positions of the parties, it is

ORDERED that the jury finding the STURGIS mark registration not invalid (Docket 263 at p. 2) is vacated. SMRI v. RP&G, 908 F.3d at 323.

IT IS FURTHER ORDERED that the STURGIS mark is invalid. Id. at 333.

IT IS FURTHER ORDERED that the U.S. Registration No. 3,923,284 for STURGIS is invalid and may be subject to cancellation.[2]

IT IS FURTHER ORDERED that the U.S. Registration No. 4,440,406 for STURGIS is invalid and may be subject to cancellation.[3]

IT IS FURTHER ORDERED that the jury finding the defendants infringed on the STURGIS mark (Docket 263 at p. 3) is vacated. SMRI v. RP&G, 908 F.3d at 333.

IT IS FURTHER ORDERED that the jury finding the defendants did not infringe on the TAKE THE RIDE TO STURGIS mark (Docket 263 at p. 4) is affirmed.

IT IS FURTHER ORDERED that the jury finding the STURGIS BIKE WEEK mark not invalid (Docket 263 at p. 5) is affirmed. SMRI v. RP&G, 908 F.3d at 337.

---

[2] No motion for cancellation has been made.

[3] No motion for cancellation has been made.

IT IS FURTHER ORDERED that the jury verdict in favor of SMRI on the STURGIS BIKE WEEK mark (Id. at pp. 5-6) is affirmed.

IT IS FURTHER ORDERED that the jury verdict in favor of SMRI on the BLACK HILLS MOTOR CLASSIC STURGIS RALLY & RACES BLACK HILLS S.D. mark ("Composite Design mark" or the "Monahan mark") (Docket 263 at p. 7) is affirmed. SMRI v. RP&G, 908 F.3d at 339.

IT IS FURTHER ORDERED that the jury finding the defendants' Sturgis Designations[4] are counterfeits of the Composite Design mark (Docket 263 at p. 7) is vacated. SMRI v. RP&G, 908 F.3d at 340.

IT IS FURTHER ORDERED that the jury finding the STURGIS MOTORCYCLE RALLY mark not invalid (Docket 263 at p. 8) is vacated. SMRI v. RP&G, 908 F.3d at 333 & 336.

IT IS FURTHER ORDERED that the STURGIS MOTORCYCLE RALLY mark is invalid. Id. at 336.

IT IS FURTHER ORDERED that the jury finding the defendants infringed on the STURGIS MOTORCYCLE RALLY mark (Docket 263 at pp. 9-10) is vacated.

---

[4] The phrase "Sturgis Designations" includes "Officially Licensed Sturgis," "Authentic Sturgis," "Legendary Sturgis," "Licensed Sturgis," "Official Sturgis," "Sturgis Central," "Sturgis Motor Classic" and "Sturgis Rally." (Docket 235 at p. 31).

IT IS FURTHER ORDERED that the jury finding the STURGIS RALLY & RACES mark not invalid (Docket 263 at p. 10) is vacated. SMRI v. RP&G, 908 F.3d at 333 & 336.

IT IS FURTHER ORDERED that the STURGIS RALLY & RACES mark is invalid. Id. at 336.

IT IS FURTHER ORDERED that the jury finding the defendants infringed on the STURGIS RALLY & RACES mark (Docket 263 at pp. 10-11) is vacated.

IT IS FURTHER ORDERED that the jury verdict in favor of SMRI on the trademark dilution claim (Docket 263 at p. 14) is vacated. SMRI v. RP&G, 908 F.3d at 333.

IT IS FURTHER ORDERED that the jury verdict in favor of SMRI on the deceptive trade practices claim (Docket 263 at pp. 14-15) is affirmed. SMRI v. RP&G, 908 F.3d at 341.

IT IS FURTHER ORDERED that the jury verdict in favor of SMRI on the anti-cybersquatting consumer protection act claim (Docket 263 at pp. 15-16) is vacated. SMRI v. RP&G, 908 F.3d at 333 & 346. This claim will be rescheduled for trial in a subsequent order of the court.

IT IS FURTHER ORDERED that the jury verdict in favor of SMRI on the false advertising claim (Docket 263 at p. 17) is affirmed. SMRI v. RP&G, 908 F.3d at 341-42.

IT IS FURTHER ORDERED that the jury verdict in favor of SMRI on the unfair competition claim (Docket 263 at pp. 17-18) is affirmed. SMRI v. RP&G, 908 F.3d at 341-42.

IT IS FURTHER ORDERED THAT the defendants are authorized to distribute, market and sell the symbols and artwork permitted by the order dated June 10, 2016, (Docket 358), including both rally-related and non-rally-related products and including any numerical or spelled-out year or anniversary, whether past, present or future.

IT IS FURTHER ORDERED that the portions of the March 10, 2017, order (Docket 420) addressing application of the defendants' equitable defenses of acquiescence (Id. at p. 48) and laches (Id. at p. 59) and granting in part defendant's motion for application of the equitable defenses (Id. at p. 63) are vacated. SMRI v. RP&G, 908 F.3d at 345. Defendants' equitable defenses will be addressed in a subsequent order of the court.

IT IS FURTHER ORDERED that the portion of the March 10, 2017, order (Docket 420) addressing remedies (Id. at pp. 60-62) is vacated. SMRI v. RP&G, 908 F.3d at 345.

IT IS FURTHER ORDERED that the portions of the March 10, 2017, order (Docket 420) vacating the money judgment and barring SMRI from recovering money damages for the time period prior to October 30, 2015, the date of the jury verdict (Id. at p. 63), are vacated. As modified by this order, any money judgment in favor of SMRI is held in abeyance pending the court's resolution of defendants' equitable defenses.

IT IS FURTHER ORDERED that the permanent injunction (Docket 451) will be amended consistent with this order. SMRI v. RP&G, 908 F.3d at 346.

IT IS FURTHER ORDERED that the order on costs (Docket 421) is vacated.  SMRI v. RP&G, 908 F.3d at 346.  The court will revisit costs after resolution of the issues to be addressed following this order.

IT IS FURTHER ORDERED that the order on attorneys' fees (Docket 423) is affirmed.  SMRI v. RP&G, 908 F.3d at 346.

IT IS FURTHER ORDERED that defendants' motion for authorization to sell non-rally-related Sturgis products which contain the year "2017" and all subsequent years (Docket 426) is granted and the order dated July 21, 2017 (Docket 449) is vacated.

Dated February 15, 2019.

BY THE COURT:

JEFFREY L. VIKEN
CHIEF JUDGE