UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STURGIS MOTORCYCLE RALLY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RUSHMORE PHOTO & GIFTS, INC.; JRE, INC., CAROL NIEMANN; PAUL A. NIEMANN; BRIAN M. NIEMANN, and WAL-MART STORES, INC., <br><br> Defendants, <br><br> -AND- <br><br> RUSHMORE PHOTO & GIFTS, INC.; JRE, INC., CAROL NIEMANN; PAUL A. NIEMANN; and BRIAN M. NIEMANN, <br><br> Counterclaimants, <br><br> vs. <br><br> STURGIS MOTORCYCLE RALLY, INC., <br><br> Counterclaim Defendant. | CIV. 11-5052-JLV <br><br><br><br><br><br> ORDER |

## INTRODUCTION

By an amended order dated February 15, 2019, the court confirmed "that the U.S. Registration No. 3,923,284 for STURGIS is invalid and may be subject to cancellation. . . . and that the U.S. Registration No. 4,440,406 for STURGIS is invalid and may be subject to cancellation." (Docket 489 at p. 8). The court noted that prior to the entry of the order "[n]o motion for cancellation [had] been made." Id. at p. 8 n.2 & n.3. On the same day, consistent with

the amended order, the court issued an amended preliminary injunction. (Docket 490).

On February 22, 2019, the defendants filed a motion to cancel the Sturgis registrations, together with a supporting brief, an affidavit and two exhibits. (Dockets 492-94, 494-1 & 494-2). Defendants subsequently filed a motion asking the court to take judicial notice of "SMRI's February 22, 2019 Status Report filing before the Trademark Trial and Appeal Board[.]"[1] (Docket 496). Accompanying defendants' motion were an affidavit and exhibit. (Dockets 497 & 497-1).

Plaintiff filed a response in resistance to defendants' motion to cancel the Sturgis registrations. (Docket 500). Plaintiff also filed a motion and supporting brief asking the court to reconsider its February 15, 2019, order and the accompanying amended preliminary injunction. (Dockets 501-02). Plaintiff filed an objection to defendants' motion for judicial notice. (Docket 506).

Defendants filed a reply brief in support of their motion to cancel the Sturgis registrations, together with an affidavit and two exhibits. (Docket 503, 504, 504-1 & 504-2). Defendants also filed a brief in opposition to plaintiff's motion for reconsideration, together with a supporting brief, five affidavits and four exhibits. (Dockets 506, 507, 507-1, 507-2, 508, 508-1 & 509-11).

For the reasons stated below, plaintiff's motion for reconsideration (Docket 501) is denied, defendants' motion for judicial notice (Docket 496) is

---

[1]Defendants' filing is captioned as a "request." (Docket 496). For purposes of this order the court will address defendants' request as a motion.

2

granted and defendants' motion to cancel the Sturgis trademark registrations (Docket 492) is granted.[2]

## ANALYSIS

In both its motion for reconsideration and brief in opposition to defendants' motion, plaintiff asserts the court erred on several issues. (Dockets 500-502). Because plaintiff's arguments are the same in each submission, the court will cite to plaintiff's brief in opposition to cancellation of the STURGIS mark. (Docket 500). SMRI's remaining claims seeking reconsideration of the court's amended order and amended preliminary injunction of February 15, 2019, will be addressed in a later section of this order.

<u>CANCELLATION OF REGISTRATIONS</u>

Defendants' motion seeks an order of cancellation of the STURGIS Registrations No. 3,923,284 and No. 4,440,406 (jointly "the STURGIS Registrations") pursuant to 15 U.S.C. § 1119. (Docket 493 at p. 1). Because the court "invalidated the STURGIS Registrations," defendants argue "allowing them to live on in the Patent and Trademark Office will only confuse the public." <u>Id.</u> at p. 2. "To avoid any public confusion" and using its authority under § 1119, defendants submit "the Court should order cancelation of the STURGIS Registrations." <u>Id.</u>

---

[2]The court deferred entry of this order to permit the parties to mediate their differences with United States Magistrate Judge Daneta Wollmann. The magistrate judge reported mediation was unsuccessful. (Docket 516).

Defendants contend "Section 1119's plain language gives this Court broad discretion to order cancelation of the STURGIS Registrations." Id. at p. 3 (referencing 15 U.S.C. § 1119 and B & B Hardware, Inc. v. Hargis Industries, Inc., ____ U.S. ____, 135 S. Ct. 1293, 1307 (2015)). Defendants submit "[t]he Eighth Circuit held that the jury's STURGIS validity finding cannot stand for goods and services in any context. . . . This Court then invalidated the STURGIS Registrations and mark. . . . Invalid marks are neither protectable nor registrable." Id. (referencing Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc., 908 F.3d 313, 333 (8th Cir. 2018) ("SMRI v. RP&G"); Docket 489 at pp. 7-8; Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 875 (8th Cir. 1994) (other references omitted). Defendants argue "[u]ntil the public record is corrected consistent with the holdings of this Court and the Eighth Circuit Court of Appeals, the public will remain[] confused about the STURGIS mark. 15 U.S.C. § 1119 is intended to prevent this exact kind of confusion." Id. at p. 6.

In addition to seeking cancellation of the STURGIS Registrations, defendants ask the court to notify the United States Patent and Trademark Office ("USPTO") of proceedings before the Trademark Trial and Appeal Board ("TTAB") involving the STURGIS registrations. Id. Defendants contend there are two known proceedings:

1. Concerned Citizens for Sturgis, Inc., v. Sturgis Motorcycle Rally Inc., Cancellation No. 92054714; and

2. Sturgis Motorcycle Rally, Inc., v. Sturgis Black Hills Rally S.D., LLC, Opposition No. 91202965.

Id. at p. 7.

Plaintiff opposes defendants' motion for cancellation of the STURGIS Registrations. (Docket 500). SMRI contends defendants' "motion [is] neither required nor endorsed by the Eighth Circuit opinion, and . . . it would be in error for the Court to order the cancellation of the registrations, one of which was not even pled in Plaintiff's Amended Complaint." Id. at p. 1. SMRI submits:

> [It] does not consent and has not consented to trying the issue of cancellation of its U.S. registrations, including one that it did not even assert in its operative complaint, and Plaintiff does not consent to any amendment of the Defendants' pleadings to assert such new claims.

Id. at p. 2.

Plaintiff acknowledges that during the jury trial "SMRI needed to prove . . . the [STURGIS] mark had attained secondary meaning." Id. Plaintiff argues:

> The jury accepted SMRI's proof of secondary meaning, finding the STURGIS mark to be a valid, protectable mark . . . and rejected Defendants' defenses of fraud and genericness. While the Eighth Circuit Court of Appeals in [SMRI v. RP&G] vacated the portion of the jury verdict finding validity because SMRI did not meet its burden of proof, it did not disagree with the jury's refutation of Defendants' invalidity (genericness and fraud) defenses.

Id. In furtherance of this argument, SMRI contends that at trial defendants "never presented, in jury instructions or in the jury verdict form, any instructions about the findings necessary to obtain cancellation of Plaintiff's pleaded registrations." Id. Had defendants done so, SMRI declares "Plaintiff would have objected." Id.

5

Plaintiff argues the court's declaration that the STURGIS mark is invalid is wrong because the court "misreads the Eighth Circuit's [decision] by relying on it to make such declaration, as the Eighth Circuit merely cited Plaintiff for its failure to offer sufficient proof of validity, without going so far as to declare the mark invalid."   (Docket 500 at p. 3).   To the contrary, plaintiff contends "[t]he Eighth Circuit did not find that the STURGIS® mark is invalid, just that Plaintiff failed to put on evidence sufficient to prove the validity element in the present case."   Id.   In other words, plaintiff argues it only "failed to sustain its burden of proof against the Defendants in this case."   Id.

As an extension of its argument regarding the decision in SMRI v. RP&G, plaintiff contends:

> It is entirely possible . . . that SMRI may be able to prove that the STURGIS mark is a valid trademark, and enforceable against a junior user, in another case, against another infringer.   SMRI will have to establish, through presumption or evidence, that it has a valid STURGIS mark, but nothing in the Eighth Circuit's opinion forecloses SMRI's ability to do so.   In such a future case, SMRI may rely on survey evidence to prove secondary meaning, or other "direct" and indirect testimony.
>
> Accordingly, while it was appropriate for the Court, following the Eighth Circuit's guidelines on remand, to vacate the jury's special jury finding that the STURGIS mark was proven to be valid, the District Court errs to go further by holding the mark to be invalid.

Id. at p. 4.

Plaintiff submits it "did not rely on U.S. Reg. No. 4,440,406 for the STURGIS mark in its Amended Complaint nor did it rely on the registration at trial. . . . Thus, SMRI's Reg. No. 4,440,406 for the STURGIS mark was not at

6

issue at trial." Id. at p. 5. SMRI proposed defendants "have not asserted any counterclaim to cancel [U.S. Reg. No. 4,440,406]. It would be a manifest error for the Court to order the cancellation of a U.S. trademark registration not pleaded in the operative pleadings, not subject to a counterclaim for cancellation, and not made [an] issue at trial." Id. at pp. 5-6. In support of this position, SMRI argues "[c]ancellation counterclaims are compulsory before the U.S. Trademark Trial and Appeal Board." Id. at p. 6 (referencing 37 C.F.R. §§ 2.106(b) & 2.114(b); 5 McCarthy on Trademarks and Unfair Competition 30:112 (5th ed.); OBX-Stock, Inc. v. Bicast, Inc., 558 F.3d 334, 342 (4th Cir. 2009)).

As its final argument on this issue, SMRI submits:

> [I]n the event the Court is inclined to grant Defendants' motion, Plaintiff respectfully requests that the Court certify for appeal to the Eighth Circuit Court of Appeals the question of cancellation of Plaintiff's federal registrations, before providing any direction to the USPTO, so as to avoid additional complications in other proceedings at the USPTO before this matter is finally decided.

Id. at p. 7.

In response to plaintiff's arguments, defendants counter that SMRI "offered both STURGIS Registrations as trial exhibits and also does not dispute it cited them as evidence of secondary meaning to survive summary judgment of invalidity." (Docket 503 at p. 2) (referencing Trial Exhibits 16 & 17; Dockets 121 at p. 9, 122-3 & 122-4). Defendants contend "SMRI admits that the parties tried secondary meaning to the jury. . . . The Court instructed the jury on secondary meaning. . . . The jury even asked for further explanation on it."

Id. at p. 3 (internal references omitted). Defendants argue that during the settlement of jury instructions and the interrogatory style verdict form, SMRI acknowledged "invalidity for lack of secondary meaning was plainly in the case . . . The parties tried invalidity for lack of secondary meaning to the jury." Id. at p. 5 (internal references omitted).

Defendants assert "SMRI cannot now take the contradictory argument that the jury did not decide on invalidity for lack of secondary meaning." Id. Defendants ask the court to reject plaintiff's argument because "SMRI does not cite a single case or statute supporting its purported distinction between secondary meaning and invalidity." Id.

In response to SMRI's argument it did not consent to litigate the cancellation issue, defendants submit SMRI is wrong for three reasons: (1) defendants sought cancellation of Registration No. 3,923,284 in their answer; (2) SMRI used Registration No. 4,440,406 to survive summary judgment; and (3) SMRI offered both the STURGIS Registrations as exhibits at trial. Id. at pp. 6-7 (references omitted). For these reasons, defendants contend SMRI's "argument is irrelevant and misleading." Id. at p. 7.

Defendants submit SMRI's "counterclaim argument" has twice been rejected by the court and "should be rejected for a third time." Id. They point out SMRI's argument that a cancellation counterclaim was mandatory before cancellation could be ordered was rejected in the magistrate judge's report and recommendation and the court's order adopting the report and

recommendation.  Id. at pp. 7-8 (referencing Dockets 107 at pp. 14-15) (Section 1119 "did not require a counterclaim as a condition precedent to ordering cancellation."); 119 at pp. 5 & 8-11 ("SMRI's argument is without merit . . . . There is no requirement in the trademark statutes which requires a party to assert a counterclaim as a condition precedent to the court ordering cancellation of a trademark registration.").

Defendants contend:

> After examining the evidence, the Eighth Circuit held that SMRI's use of STURGIS was deficient as [a] matter of law "in any context" because STURGIS was not used "to identify a specific source of rally-related products and services." . . . It further held that there had never been long and exclusive use of STURGIS: "perhaps hundreds" of other entities have used "Sturgis" to promote the rally and sell rally related goods.

Id. at p. 9 (referencing SMRI v. RP&G, 908 F.3d at 324 & 327).   For these reasons, defendants assert "[t]he mark underlying both Registrations is invalid."  Id.

Defendants ask that SMRI's request to certify the cancellation question for interlocutory appeal be denied.  Id. at p. 10.  They contend SMRI's request fails to satisfy all three of the statutory prerequisites.  Id. (referencing Union County, Iowa v. Piper Jaffray & Co., 525 F.3d 643, 646 (8th Cir. 2008).

Section 1119 of Title 15 provides:

> In any action involving a registered mark the court may . . . order the cancelation of registrations, in whole or in part, . . . and otherwise rectify the register with respect to the registrations of any party to the action.  Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the

records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119.  "[D]istrict courts can cancel registrations during infringement litigation, just as they can adjudicate infringement in suits seeking judicial review of registration decisions." B & B Hardware, Inc., 135 S. Ct. at 1307 (referencing 15 U.S.C. § 1119; other reference omitted).

There is no right to claim "property rights in invalid marks." Aromatique, Inc., 28 F.3d at 875.  When a mark is "neither registrable nor protectable . . . federally registered marks should be canceled pursuant to [15 U.S.C. § 1119] which gives courts the power to order the cancellation of invalid marks." Id. Section 1119 "arms courts with the power to effectively put the public on notice of its trademark-related judgments." Central Manufacturing, Inc. v. Brett, 492 F.3d 876, 883 (7th Cir. 2007).  "Because a court's decision may raise doubts about the validity of a trademark registration, § 1119 arms the court with the power to update the federal trademark register to account for a mark's actual legal status (or lack thereof) after it has been adjudicated, thereby reducing the potential for future uncertainty over the rights in a particular mark." Id. "Where . . . a registrant's asserted rights to a mark are shown to be invalid, cancellation is not merely appropriate, it is the best course." Id.

See also Dymo Industries, Inc. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964) ("[Section] 1119 . . . provides that in any action involving a registered mark, the court may determine the right to registration.  A registered trademark may be cancelled by direct attack as prescribed by the statute, and

it may also be collaterally attacked in any action where the validity of the mark is properly in issue."); Bascom Launder Corp. v. Telecoin Corp., 204 F.2d 331, 335-36 (2d Cir. 1953) ("Since the defendant set up its registered trade-mark as a defense, we think this was an 'action involving a registered mark' within . . . § 1119, conferring jurisdiction to order the mark's cancellation. The evidence so clearly shows that the mark was merely descriptive that the judge should have directed the cancellation of its registration."); Fair Isaac Corp. v. Experian Information Solutions Inc., 711 F. Supp. 2d 991, 1006 (D. Minn. 2010), *aff'd* 650 F.3d 1139 (8th Cir. 2011) ("Under § 1119 courts have the power to order cancellation in any action involving a registered mark, and the plain language of § 1119 does not require any prompting by a party as a prerequisite to the exercise of that power.").

"Cancellation . . . is a discretionary matter for the district court." Fair Isaac Corp., 711 F. Supp. 2d at 1006 (citing Pinnacle Pizza Co., Inc. v. Little Caesar Enterprises, Inc., 598 F.3d 970, 979 (8th Cir. 2010). A district court's decision to order cancellation pursuant to § 1119 is reviewed for abuse of discretion. Central Manufacturing, Inc., 492 F.3d at 883.

Contrary to plaintiff's argument, OBX-Stock, Inc. does not stand for the proposition that a counterclaim for cancellation is mandatory before the district court may order cancellation under § 1119. In OBX-Stock, Inc., the

11

district court noted the defendant did not file a counterclaim for cancellation.[3] OBX-Stock, Inc., 558 F.3d at 342. But the district court chose not to exercise its discretion to order cancellation pursuant to § 1119 because the "evidence does not conclusively establish that every one of [OBX–Stock's] trademark registrations should be cancelled." Id. The Court of Appeals for the Fourth Circuit found "[i]n the totality of the circumstances . . . we do not find that the district court abused its discretion." Id. at 343.

Whether Registration No. 4,440,406 was included in SMRI's amended complaint is not a barrier to the court's analysis.

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2). Contrary to SMRI's representations, Registration No. 4,440,406 was admitted as Trial Exhibit 17. (Docket 236 at p. 2). "The validity of both registrations [No. 3,923,284 and No. 4,440,406] was litigated at trial." (Docket 489 at p. 2). SMRI's argument is without merit.

SMRI's argument the STURGIS mark is still valid and can be enforced against others ignores the 8th Circuit's holding that STURGIS is not a valid a mark. SMRI v. RPG, 908 F.3d at 323 & 333. "[W]hen used by the defendants, or anyone else for that matter, [the term STURGIS does] not

---

[3]The court noted that a cancellation claim is a compulsory counterclaim before the Patent and Trademark Office. OBX-Stock, Inc., 558 F.3d at 342-43.

infringe on SMRI's marks." (Docket 489 at p. 7). "SMRI is bound by this decision under the doctrines of res judicata and collateral estoppel." Id.

The United States Court of Appeals for the Eighth Circuit has spoken. The STURGIS mark is invalid. As long as the public records in the Patent and Trademark Office continue to represent that the STURGIS Registrations are valid, the public will be confused. Section 1119 gives authority to the court to remove that confusion. B & B Hardware, Inc., 135 S. Ct. at 1307; Aromatique, Inc., 28 F.3d at 875. Because SMRI's STURGIS mark has been "shown to be invalid, cancellation is not merely appropriate, it is the best course." Central Manufacturing, Inc., 492 F.3d at 883.

Section 1292 of Title 28 governs interlocutory appeals. "When a district judge, in making in a civil action an order not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Union County, Iowa, 525 F.3d at 646 (citing White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994)).

There is no substantial ground for a difference of opinion as to whether the STURGIS mark is invalid or that the two registrations are subject to cancellation. The court's ruling on invalidity is mandated by the decision in SMRI v. RP&G, 908 F.3d at 333. Cancellation of the two registrations with the USPTO is not only logical but necessary to extinguish the confusion SMRI continues to broadcast to the public. Central Manufacturing, Inc., 492 F.3d at 883. This case lacks a "novel controlling issue[] of law." Union County, Iowa, 525 F.3d at 647. Certification for interlocutory appeal will not "materially advance the ultimate termination of [this] litigation." Id. at 646.

Plaintiff's motion for certification for an interlocutory appeal (Docket 500 at p. 7) is denied.

JUDICIAL NOTICE

Contemporaneous with defendants' motion for cancellation, they ask the court to take judicial notice of SMRI's recent filing with the TTAB. (Docket 496 at p. 1) (referencing Fed. R. Evid. 201). SMRI's filing is a February 22, 2019, status report before the TTAB. (Docket 497-1). Defendants argue Rule 201 permits the court to take judicial notice of this status report because it is part of the "official Records of the United States Patent and Trademark Office[.]" (Docket 496 at p. 2) (referencing Duluth News—Tribune, a Division of Northwest Publications, Inc. v. Mesabi Publishing Co., 84 F.3d 1093, 1096 n.2 (8th Cir. 1996)).

SMRI opposes defendants' motion. (Docket 505). SMRI claims "Defendants have merely alleged—without any further explanation—that the status report, filed in an unrelated action, 'is relevant' to its motion[] . . . to cancel SMRI's STURGIS® trademark registrations." Id. at p. 3. SMRI is puzzled as to how defendants believe the status report is relevant to the issues presently before the court. "SMRI cannot know for what purpose Defendants seek to have a status report from a proceeding in which none of the Defendants are a party admitted into this proceeding. The proposed evidence is of no consequence in the determination of this action and does not extend to a matter properly provable in the case." Id. at pp. 3-4.

SMRI contends the status report is not admissible under Rule 201 because its "status report contains more than just facts—it contains legal arguments and statements by SMRI's counsel as to why the unrelated proceeding at the Trademark Trial and Appeal Board should remain suspended." Id. at p. 4. SMRI argues "[a]lthough the filing of the status report is indisputable, the contents of the report are not. Simply because the status report is publicly available, does not mean the significance of its contents are 'not subject to reasonable dispute.' " Id. (referencing Fed. R. Evid. 201(b)). SMRI submits that "[a]rguably, Defendants would disagree with many of the statements in the status report, such as the finality of this Court's proceeding or suggestion that this Court's conclusion that 'the STURGIS mark is invalid' is 'not based in law.' " Id. (referencing Docket 497-1 at p. 2). In

15

conclusion, SMRI contends "[t]he issues contained in the status report are not capable of accurate and ready determination without supporting evidence or further argument and they can be reasonably questioned, thus judicial notice is not appropriate." Id.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of documents from the U.S. Patent and Trademark office which "are public records subject to judicial notice on a motion to dismiss." Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004) (citations omitted). The court may also take judicial notice of related litigation. See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007); Stahl v. United States Department of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003).

SMRI acknowledges that "the filing of the status report is indisputable[.]" (Docket 505 at p 4). What SMRI does not want this court to see is that SMRI maintains before the TTAB that the invalidity of the STURGIS mark is not final.

As a filing before the TTAB, the court finds the validity of the status report "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to Fed. R. Evid. 201, the court grants defendants' motion (Docket 496) and takes judicial notice of SMRI's status report (Docket 497-1) filed before the TTAB.

In its status report of February 22, 2019, SMRI declares:

> [T]he civil action for which the [TTAB] suspended this proceeding, *Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc., et al.* (5:11-cv-05052-JLV), has not yet reached finality and the Amended Order for Remand concluding that "the STURGIS mark is invalid" is subject to appeal and not based in law, such that [Concerned Citizens for Sturgis, Inc.,'s] request for cancellation of U.S. Reg. Nos. 3,923,284 and 4,440,406 is not final or likely to become final.

(Docket 497-1 at p. 1). "In view of the foregoing, [SMRI] respectfully request[s] that the present cancellation remain suspended pending full resolution of the civil action."[4] Id. at p. 2.

As the court acknowledged earlier, the United States Court of Appeals for the Eighth Circuit has spoken—the STURGIS mark is invalid. SMRI v. RP&G, 908 F.3d at 333. Yet, SMRI's February 22, 2019, status report fails to acknowledge that the Eighth Circuit's decision was filed on November 2, 2018. (Docket 468). SMRI's continuing effort to perpetuate misleading assertions before the TTAB are a calculated attempt to confuse not only the TTAB and USPTO but also the public about the STURGIS Registrations. Using its authority under § 1119, the court must remove that confusion. B & B Hardware, Inc., 135 S. Ct. at 1307; Aromatique, Inc., 28 F.3d at 875. SMRI's STURGIS mark is invalid, making cancellation "the best course" of action. Central Manufacturing, Inc., 492 F.3d at 883.

---

[4]In the proceeding before the TTAB, Concerned Citizens for Sturgis, Inc., seeks cancellation of the Sturgis mark. (TTAB, Cancellation 92054714, Docket #1). SMRI defends against cancellation alleging its Sturgis Registration No. 3,923,284 is and remains valid. Id. at Document #2.

PLAINTIFF'S MOTION FOR RECONSIDERATION

"Rule 60(b) authorizes relief in only the most exceptional of cases."

Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005).   The Rule

provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In addition to the issues addressed above, plaintiff raised other

matters in support of its motion for reconsideration.   See Docket 502.   For

the same reasons SMRI asserts the court erred regarding the STURGIS

mark, plaintiff contends the court erred regarding the STURGIS

MOTORCYCLE RALLY mark and STURGIS RALLY & RACES mark.   Id. at

p. 5-6.   SMRI contends the court in SMRI v. RP&G did not declare these

marks invalid, "just that SMRI had failed to put on sufficient proof of

18

validity, such as by relying upon direct evidence of secondary meaning."
Id. at p. 5.

For the same reasons articulated above regarding the STURGIS mark, the court rejects plaintiff's argument. The Eighth Circuit did not find that the two marks, STURGIS MOTORCYCLE RALLY and STURGIS RALLY & RACES, are valid. SMRI v. RP&G, 908 F.3d at 336 ("[T]he jury was not presented with sufficient evidence to conclude that SMRI's unlicensed marks, 'Sturgis Motorcycle Rally' and 'Sturgis Rally & Races,' are valid and protected."). The STURGIS MOTORCYCLE RALLY mark and STURGIS RALLY & RACES mark are invalid. (Docket 489 at pp. 9-10). The amended order following remand (Docket 489) contains no "mistake" or "any other reason that justifies relief" on this issue. Fed. R. Civ. P. 60(b)(1) & (6).

Plaintiff argues the court erred by issuing "a preliminary injunction [and] not a permanent one." (Docket 502 at p. 8). Plaintiff's argument is premised on its assertion that "[a]fter the merits have been decided, the injunction must be a permanent one." Id. Plaintiff asks the court to issue a permanent injunction and remove the bond requirement so "the parties . . . right to appeal the injunction" is ripe. Id.

Plaintiff's motion fails to acknowledge that all the issues which may be the subject of an injunction have not been resolved. Unresolved issues include plaintiff's anti-cybersquatting claim and attorney's fees and court

costs. Until these issues are resolved, the court is in no position, considering the remand requirements of SMRI v. RP&G, to enter a permanent injunction. The amended preliminary injunction (Docket 490) contains no "mistake" or "any other reason that justifies relief" on this issue. Fed. R. Civ. P. 60(b)(1) & (6).

Plaintiff's final claim in support of its motion for reconsideration is its argument the court violated Fed. R. Civ. P. 65(c) in requiring SMRI to post a bond of $376,539. Id. at p. 8. Plaintiff argues the court abused its discretion by failing to articulate findings to support the bond requirement. Id. Plaintiff contends the court failed to consider that "SMRI is a non-profit, with limited financial resources[.]" Id. at p. 9. SMRI argues this error causes "financial hardship to the plaintiff." Id.

Defendants oppose SRMI's motion for reconsideration. (Docket 506). The court will only discuss one section of defendants' brief as their other arguments were resolved earlier in this order. With respect to the amount of the bond, defendants state "there is no mystery to the underlying facts supporting the Court's order that SMRI post a bond of $376,539. This is the exact amount defendants requested in their motion briefed in the summer of 2016, which was supported by affidavit detailing the costs incurred in 2016 relating to the injunction." Id. at p. 2 (referencing Docket 480 at pp. 13-14) (referencing Docket 363).

20

During testimony in May 2016, Brian Niemann testified that his employees spent "well over 2,600 hours," performing impoundment activities. (Docket 345 at p. 72:10-73:23). At an average hourly wage of $13.00, this equated to $34,320 in employee wages. (Docket 364 ¶ 6). RP&G also issued $221,059 in credits for exchanges of impounded products. Id. ¶ 7. Additional net profits estimated to be lost in 2016 were $123,160. Id. ¶ 15. Defendants requested a security bond in 2016 of $376,539.[5] Id. ¶ 17. The court finds Mr. Niemann's testimony credible. While defendants argue they suffered additional damages for having "been wrongfully enjoined for three years" and that loss "far exceeds the estimate submitted years ago," they "re-urge the court *sua sponte* to require SMRI to post a bond in the amount of $376,539 as a condition of the [preliminary] injunction." (Docket 480 at pp. 13-14).

The court finds SMRI's argument that it is a poor, not-for-profit corporation is disingenuous. The trial evidence disclosed SMRI took in hundreds-of-thousands of dollars each year. SMRI leadership testified its trademark leasing agreements controlled hundreds of vendors during the Sturgis Motorcycle Rally.

---

[5]There is a $2,000 typographical error between the calculation of employee wages expended and the amount of employee wages Mr. Niemann asks to be considered in calculating the security bond. Compare Docket 364 ¶ 6 ($34,320) and ¶ 17 ($32,320). Consistent with defendants' request, the court will use the lower number to arrive at the total of $376,539.

The Federal Rules of Civil Procedure require that the movant post security for the issuance of a preliminary injunction. Fed. R. Civ. P. 65(c). "Although [the Eighth Circuit] allow[s] the district court much discretion in setting bond, [it] will reverse [the district court's] order if it abuses that discretion due to some improper purpose, or otherwise fails to require an adequate bond or to make the necessary findings in support of its determinations." Hill v. Xyquad, Inc., 939 F.2d 627, 632 (8th Cir. 1991).

While the court believes a bond requirement of $376,539 may not fully cover defendants' damages in the event the amended preliminary injunction was wrongfully issued, the court finds that sum consistent with defendants' summary of their minimum losses and adequate to meet the requirements of Rule 65(c).

The court finds plaintiff's motion for reconsideration fails to identify any mistake or other error warranting relief from the amended order following remand and the amended preliminary injunction. Fed. R. Civ. P. 60(b)(1) & (6). For the reasons stated in this order, plaintiff's motion for reconsideration (Docket 501) is denied.

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion for reconsideration (Docket 501) is denied.

IT IS FURTHER ORDERED that consistent with this order and the terms of the amended preliminary injunction, SMRI shall post security in the amount of $376,539 on or before **January 10, 2020**.

IT IS FURTHER ORDERED that defendants' motion for judicial notice (Docket 496) is granted.

IT IS FURTHER ORDERED that defendants' motion for cancellation (Docket 492) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for certification of the issue of cancellation for interlocutory appeal to the United States Court of Appeals for the Eighth Circuit (Docket 500 at p. 7) is denied.

IT IS FURTHER ORDERED that pursuant to 15 U.S.C. § 1119 the STURGIS mark evidenced by Registration Nos. 3,923,284 and 4,440,406 is canceled and this order of cancellation is certified to the Director of the United States Patent and Trademark Office so that appropriate entries may be made to its records.

IT IS FURTHER ORDERED that the United States Patent and Trademark Office is notified pursuant to Trademark Manual of Examining Procedure § 1610 that the following proceedings before the Trademark Trial and Appeal Board, namely:

1.   Concerned Citizens for Sturgis, Inc., v. Sturgis Motorcycle Rally Inc., Cancellation No. 92054714; and

2.   Sturgis Motorcycle Rally, Inc., v. Sturgis Black Hills Rally S.D., LLC, Opposition No. 91202965

involve the STURGIS registrations.

IT IS FURTHER ORDERED that the Clerk of Court shall mail, by certified mail return receipt requested, a certified copy of this order to:

Office of the Solicitor
Mail Stop 8
Director of the United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

Dated December ___11___, 2019.

BY THE COURT:

JEFFREY L. VIKEN
CHIEF JUDGE