UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STURGIS MOTORCYCLE RALLY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RUSHMORE PHOTO & GIFTS, INC.; CAROL NIEMANN; PAUL A. NIEMANN; BRIAN M. NIEMANN, and WAL-MART STORES, INC., <br><br> Defendants, <br><br> -AND- <br><br> RUSHMORE PHOTO & GIFTS, INC.; CAROL NIEMANN; PAUL A. NIEMANN; and BRIAN M. NIEMANN, <br><br> Counterclaimants, <br><br> vs. <br><br> STURGIS MOTORCYCLE RALLY, INC., <br><br> Counterclaim Defendant. | CIV. 11-5052-JLV <br><br><br> ORDER |

Plaintiff Sturgis Motorcycle Rally, Inc. ("SMRI") filed a motion for relief from a judgment or order in this case. (Docket 525). SMRI "moves pursuant to Rule 60(b)(5) and 60(b)(6) for relief from the bond requirement of the Bond Order (Docket 519), to remove the allowance for Defendants to take additional discovery regarding injunctive issues in the Discovery Order (Docket 520), and that Plaintiff be relieved from supplementing discovery requests as set forth in the Discovery Order (Docket 520)." Id. at p. 2. SMRI asserts that "[d]ue to its

inability to post bond in the amount ordered by the Court in the Bond Order, Plaintiff hereby withdraws its request for preliminary or permanent injunctive relief against the Defendants." Id.

Defendants oppose SMRI's motion in part. (Docket 527). Defendants do not oppose SMRI's motion to dissolve the preliminary injunction. Id. at p. 2. Similarly, "defendants do not object to ending discovery on injunctive relief issues if, in fact, the matter is resolved once and for all." Id. Defendants assert their hesitancy because "SMRI's mixed messages and silence are troubling." Id. Defendants submit that "[i]f SMRI intends to seek injunctive relief in relation to its yet-to-be-tried ACPA[1] claim, then discovery should move forward as already ordered." Id. On the other hand, the defendants acknowledge that "if SMRI is willing to forego injunctive relief on its ACPA claim—a fact that remains unclear—then there is no need for further discovery on injunction issues." Id. at p. 3.

Defendants represent to the court that

> Upon receiving SMRI's motion, defendants wrote to SMRI seeking clarification as to the intended scope of its motion. . . . Defendants identified their specific concern about SMRI's reservation of rights regarding future conduct, noted how the concern relates directly to the ACPA claim, and asked if SMRI would stipulate to not seek future injunctive relief. . . . SMRI never responded.

---

[1]Plaintiff's anti-cybersquatting consumer protection act claim is yet to be set for trial but a trial date will be established in a subsequent order.

Id. at p. 4 (internal references omitted). Based on SMRI's silence, defendants assert "it appears SMRI intends to leave open the right to seek injunctive relief for the ACPA, which is a remedy provided under 15 U.S.C. § 1116." Id.

Rather than dismissing the amended preliminary injunction, defendants ask that the terms of the injunction be modified to prohibit SMRI from continuing "to mislead the public by using ® in connection with STURGIS and ™ in connection with STURGIS MOTORCYCLE RALLY and STURGIS RALLY & RACES even though the three trademarks were invalidated in 2018." Id. at p. 8. Defendants contend this modification is necessary because "SMRI has repeatedly misrepresented the scope of its rights in what can fairly be characterized as 'a calculated attempt to confuse . . . the public.'" Id. (citing Docket 519 at p. 17).

In its reply, SMRI represents to the court that "at no point in its motion where Plaintiff voluntarily withdrew its request for preliminary and permanent injunctive relief did SMRI qualify its withdrawal of injunctive relief as to any claim." (Docket 534 at p. 2). SMRI argues the "Defendants' presumption that Plaintiff must be saving some injunctive request for later in this case is baseless. . . . Plaintiff no longer will not be seeking injunctive relief as part of the retrial of Plaintiff's ACPA claim or on any other aspect of this case." Id. at pp. 2-3.

Regarding defendants' request to modify the amended preliminary injunction, SMRI submits that "[a]s an initial matter, use of the TM symbol is a

3

statement of opinion, not fact.  It is essentially a statement that: 'In my opinion, I think this is a valid trademark.'  It is only a claim of common law trademark rights in a designation."  Id. at p. 4 (some internal quotation marks omitted; internal citation omitted).  Additionally, SMRI argues "since the Eighth Circuit Court of Appeals issued its opinion, Plaintiff continually has maintained in good faith the sound legal position that the Eighth Circuit did not *invalidate* anything."  Id. (emphasis in original).  Not until after the court entered an order cancelling the STURGIS registration plaintiff submits "was there any reason for SMRI to believe its interpretation of the Eighth Circuit's opinion any less accurate that of Defendants."  Id. at p. 5.  Based on its submission, SMRI argues there is no legal "basis to impose an injunction on SMRI as suggested by Defendants."  Id.

Defendants separately move the court to take judicial notice of "SMRI's November 5, 2019 Notice of Opposition filing before the Trademark Trial and Appeal Board against Trademark Application Serial No. 88331367 for STURGIS BOUND."  (Docket 532 at p. 1) (referencing Docket 529-5).  Defendants argue "[t]he Notice of Opposition is relevant to the defendants' response to SMRI's Rule 60(b) Motion for Relief from Judgment or Order[.]"  (Docket 533 at p. 2) (referencing Docket 525).

In response, "SMRI does not mind that the Court is aware of the notice of opposition against Flaggyonline's STURGIS BOUND filing."  (Docket 535 at p. 2).  "As is apparent from the Notice of Opposition itself," plaintiff submits it

4

"has not asserted the STURGIS designation, or either of the STURGIS registrations . . . against Flaggyonline as a basis for the opposition. Instead, . . . SMRI has opposed the STURGIS BOUND filing based on SMRI's senior, incontestable rights in its STURGIS BIKE WEEK® mark[.]" Id. (emphasis in original).

On February 15, 2019, the court entered an amended preliminary injunction ("injunction"). (Docket 490). The purpose of the injunction was to enjoin the defendants from engaging in certain activities associated with SMRI's STURGIS BIKE WEEK trademark and its BLACK HILLS MOTOR CLASSIC STURGIS RALLY & RACES BLACK HILLS S.D. composite trademark. Id. at p. 2. The injunction directed the enjoined defendants to impound and destroy all products associated with SMRI's trademark and composite trademark. Id. at p. 3. By the injunction, SMRI was required to post security of $376,539 by March 15, 2019. Id. The deadline to post security was subsequently changed to January 10, 2020. (Docket 519 at p. 23).

SMRI did not post the security required. The court finds it appropriate to vacate the injunction based on SMRI's failure to post security and its motion for relief from the injunction. The court recognizes SMRI's representation that in the event of a plaintiff's verdict on the anti-cybersquatting consumer protection act claim, no injunctive relief will be sought.

The court will grant defendants' motion to take judicial notice of SMRI's November 5, 2019, Notice of Opposition filing before the Trademark Trial and

5

Appeal Board against Trademark Application Serial No. 88331367 for STURGIS BOUND.  See Docket 529-5.

Based on the decisions in this order, the court must modify in part the most recent discovery scheduling order.  Because injunctive relief is no longer part of this case, plaintiff will not be required to "supplement its post-trial discovery responses to the interrogatories and requests for production of documents identified in the May 17, 2016, order[]" or provide defendants with "information and documents regarding SMRI's alleged loss of business reputation or damage to goodwill, including but not limited to money given to charity, industrial awards, loss of customers and licensing agreements granting to others permission to use SMRI's mark for the time period beginning on October 31, 2015, to [December 11, 2019]."  (Docket 520 at p. 4).

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 525) is granted.

IT IS FURTHER ORDERED that the amended preliminary injunction (Docket 490) is vacated.

IT IS FURTHER ORDERED that defendants' request for modification of the amended preliminary injunction is denied as moot.

IT IS FURTHER ORDERED that plaintiff's claim for injunctive relief on Count V, the anti-cybersquatting consumer protection act claim, of plaintiff's complaint (Docket 1 ¶¶ 48-50) is stricken.

IT IS FURTHER ORDERED that defendants' motion (Docket 532) is granted.

IT IS FURTHER ORDERED that the first two paragraphs of page four of the discovery scheduling order (Docket 520) are stricken and the remainder of the order shall remain in effect.

Dated March 24, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE