UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STURGIS MOTORCYCLE RALLY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RUSHMORE PHOTO & GIFTS, INC.; CAROL NIEMANN; PAUL A. NIEMANN; BRIAN M. NIEMANN, and WAL-MART STORES, INC.,<br><br>Defendants,<br><br>-AND-<br><br>RUSHMORE PHOTO & GIFTS, INC.; CAROL NIEMANN; PAUL A. NIEMANN; and BRIAN M. NIEMANN,<br><br>Counterclaimants,<br><br>vs.<br><br>STURGIS MOTORCYCLE RALLY, INC.,<br><br>Counterclaim Defendant. | CIV. 11-5052-JLV<br><br>ORDER |

**INTRODUCTION**

Defendants Rushmore Photo & Gifts, Inc., Carol Niemann, Paul Niemann and Brian Niemann ("RP&G Defendants") move for an award of attorney's fees and nontaxable expenses against plaintiff Sturgis Motorcycle Rally, Inc., ("SMRI") and its attorney Jason Sneed, personally. (Docket 588). SMRI, Attorney Sneed and his law firm Sneed PLLC filed separate legal memoranda opposing RP&G Defendants' motion. (Dockets 613 & 615). Defendants filed a

reply brief in support of their motion. (Docket 617). For the reasons stated below, RP&G Defendants' motion is denied.

## ANALYSIS

This case has a long history. The journey taken by the parties will not be stated in exhaustive detail here as the parties are fully aware of the contentious litigation which occurred.

RP&G Defendants filed a motion for attorney's fees and untaxable expenses. (Docket 588). They claim to have incurred millions of dollars of attorney's fees and expenses from the beginning of this litigation through March 31, 2021. Id. at p. 2. Defendants argue "[r]esponsibility for the ill-conceived lawsuit does not fall entirely at the feet of SMRI." (Docket 589 at p. 2). Rather, they claim "[s]ince March 2003, SMRI and predecessor-in-interest, the Sturgis Area Chamber of Commerce, have been counseled by Jason Sneed. . . . [and] Mr. Sneed . . . knew all along the claim to exclusive rights to STURGIS was untrue." Id. Together SMRI and Attorney Sneed, according to the defendants, "pursued a decade-long harassment of Defendants through the courts." Id.

"Instead of admitting the jig was up," when in November 2018, the Eighth Circuit "laid bare the reality that STURGIS never was a legitimate trademark," RP&G Defendants contend "SMRI and Mr. Sneed improperly continued to use the legal process for two more years." Id. at pp. 2-3.

2

Defendants argue this case as it relates to SMRI is "an exceptional case" and "Mr. Sneed's conduct demonstrates intentional or reckless disregard of his duties as an officer of the Court, which has resulted in an unreasonable multiplication of the proceedings." Id. at p. 3.  In defendants' view, "[t]ogether, SMRI and Mr. Sneed have acted in bad faith" warranting an order requiring them to pay defendants' attorney's fees and nontaxable expenses incurred since 2011.  Id.  Pursuant to Fed. R. Civ. P. 54(d)(2)(C), defendants ask the court to determine SMRI's and Mr. Sneed's responsibility for fees before the RP&G Defendants submit detailed statements for fees and expenses.[1]  Id.

     SMRI filed a brief, declaration and two exhibits in resistance to the RP&G Defendants' motion.  (Dockets 613, 614, 614-1 & 641-2).  The essence of SMRI's argument is that the October 2015 verdict, following a 10-day jury trial, "should be dispositive as to Defendants' motion and contention that SMRI's case and causes of action were somehow baseless." (Docket 613 at 3).  While "acknowledg[ing] the Court's recent Order . . . definitively granted Defendants' motion for relief from the upheld verdict amounts based on equitable defenses[,]" plaintiff argues that "decision . . . is the only reason SMRI is not possessed with a substantial verdict in its favor." Id. at pp. 4-5.  In plaintiff's view, "[t]he jury's unanimous verdict simply cannot be reconciled with Defendants' present position that the claims of SMRI were baseless, groundless, vexatious and pursued in bad faith from the outset." Id. at p. 8.

---

[1]Because of defendants' motion, the court permitted Mr. Sneed and his law firm to withdraw as counsel for SMRI.  (Docket 612).

Because portions of the jury's verdict were affirmed on appeal, SMRI argues "[i]t defies logic . . . [those claims] could somehow now be characterized as groundless, unreasonable, vexatious or pursued in bad faith." Id.

Finally, SMRI submits the issue of equitable defenses "was a highly contested issue post-trial, resisted in good faith by SMRI on the facts and law." Id. Plaintiff argues the issue was "reasonably close enough" that the Eighth Circuit vacated the trial court's order and remanded the issue "for further consideration in light of the balance of the decision." Id. On remand, SMRI submits "[t]he same issue was addressed" by plaintiff "submitting its arguments based on the facts and law." Id. While the defendants prevailed, SMRI concludes "the matter was certainly one of reasonable dispute." Id.

Mr. Sneed and his law firm ("Mr. Sneed") filed a legal memorandum, declaration and three exhibits in opposition to the RP&G Defendants' motion. (Dockets 615, 616 & 616-1 through 616-3). Mr. Sneed contends awarding defendants millions in fees and costs against him personally "would be contrary to the facts, contrary to the law, and would significantly and impermissibly chill zealous advocacy." (Docket 615 at p. 1). Mr. Sneed argues defendants' allegations against him "are either based on speculation about subjective motivations, or are based on [his] advocacy of positions that ultimately did not prevail but had an arguable basis in fact or law at the time [he] made them." Id. at p. 14. Defendants' attack on Mr. Sneed's interpretation of the decision in Sturgis Motorcycle Rally, Inc. v. Rushmore

Photo and Gifts, Inc., et al, 908 F.3d 313 (8th Cir. 2018) ("SMRI v. RP&G") is misplaced in his view because this "was a good faith argument on a disputed issue." Id. at     p. 27.  "Making a losing argument is not sanctionable," according to Mr. Sneed "and filing a motion for reconsideration does not amount to disregard of a court order." Id.

In reply, the RP&G Defendants submit "SMRI and Mr. Sneed's briefs fail to address a single finding of the Court that gives rise to this fee motion." (Docket 617 at p. 1) (references omitted).  Defendants argue "Mr. Sneed ignores the fact that he is the one who filed suit knowing the STURGIS trademark was an ill-gotten gain and he is the one who for two years on remand advanced the legally baseless argument that STURGIS was valid." Id. at pp. 2-3.  According to the defendants, "Mr. Sneed also ignores the fact that, as the mouthpiece for SMRI, he is the one who demonstrated a lack of candor to this Court and opposing counsel." Id. at p. 3.

The court previously analyzed its authority to award attorney's fees and costs under the Lanham Act.  (Docket 423).  Without referencing the earlier order, the court will summarize the Lanham Act and case authority for the convenience of this order.

The Lanham Act permits the recovery attorney's fees and costs, "in exceptional cases . . . to the prevailing party." 15 U.S.C. § 1117(a).  "]P]laintiffs and defendants are to be treated alike, but attorney's fees are to [be] awarded to prevailing parties only as a matter of the court's discretion." Aromatique,

5

Inc. v. Gold Seal, Inc., 28 F.3d 863, 876 (8th Cir. 1994) (internal citation and quotation marks omitted). "[T]he Lanham Act . . . permits rather than mandates an award of fees." Id. "Courts have defined the characteristics of exceptional cases with adjectives suggesting egregious conduct by a party." Id. at 877. "[A]n exceptional case is one in which [a party's] action was groundless, unreasonable, vexatious, or pursued in bad faith. . . . [E]xceptional behavior in this context [is] 'malicious, fraudulent, deliberate, or willful.' " Id. (citation omitted). "Succinctly put, an exceptional case within the meaning of [Section 1117(a)] is one in which one party's behavior went beyond the pale of acceptable conduct." Id.

The United States Supreme Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). In exercising its equitable discretion, a trial court "may determine whether a case is 'exceptional' . . . considering the totality of the circumstances." Id. The Supreme Court explained that under the Copyright Act, "district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' " Id. at 558 n.6 (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)). "Under the standard announced today, a

6

district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." Id. at 555.  "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award. . . . [W]e think it fair to assume that Congress did not intend rigidly to limit recovery of fees by a [Lanham Act] defendant to the rare case in which a court finds that the plaintiff 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons' . . . . Something less than 'bad faith,' . . . suffices to mark a case as 'exceptional.' " Id. (brackets in original) (citing Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant, 771 F.2d 521, 526 (C.A.D.C. 1985) ("exceptional" in the Lanham Act's identical fee-shifting provision, 15 U.S.C. § 1117(a), means "uncommon" or "not run-of-the-mill").  "[W]hether a case is 'exceptional' [is committed] to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion." Highmark Inc. v. Allcare Health Management Systems, Inc., 572 U.S. 559, 563 (2014) (referencing Octane Fitness, LLC, 572 U.S. 545). See also Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church, 634 F.3d 1005, 1013 (8th Cir. 2011) ("[T]he district court's decision on whether to award attorneys' fees [is reviewed] under an abuse-of-discretion standard.").

Although Octane Fitness, LLC, was a patent infringement case, its' definition of "exceptional" applies to trademark infringement cases. See Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 315 (3d Cir. 2014) ("We believe that the Court was sending a clear message that it was defining 'exceptional'

7

not just for the fee provision in the Patent Act, but for the fee provision in the Lanham Act as well."); Georgia-Pac. Consumer Products LP v. von Drehle Corp., 781 F.3d 710, 721 (4th Cir. 2015), as amended (Apr. 15, 2015) (same); Baker v. DeShong, 821 F.3d 620, 623 (5th Cir. 2016) (same); Slep-Tone Entertainment Corp. v. Karaoke Kandy Store, Inc., 782 F.3d 313, 318 (6th Cir. 2015) (same); SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179, 1181 (9th Cir. 2016) ("We agree with the majority of our sister circuits and conclude that Octane Fitness and Highmark have altered the analysis of fee applications under the Lanham Act.  Therefore, district courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional, . . . exercising equitable discretion in light of the nonexclusive factors identified in Octane Fitness and Fogerty, and using a preponderance of the evidence standard.").

Defendants' argument that SMRI's claims were baseless, groundless, vexatious or pursued in bad faith from the beginning cannot be reconciled with the pretrial motion practice, the jury's unanimous verdict and a portion of the Eighth Circuit's decision in SMRI v. RP&G which partially affirmed verdicts for plaintiff.

The district court's orders adopting the reports and recommendations ("R&R") of the magistrate judge highlight the contested nature of the issues in this case.  The court adopted the first report and recommendation ("R&R #1") which recommended denial of defendants' first motion for summary judgment.

(Docket 113). "The court agrees with the magistrate judge's conclusion that a factual issue exists as to whether the STURGIS mark is generic or has a unique and specific identification purpose in the eyes of the public likely to be influenced by the term." Id. at p. 45. Having arrived at that conclusion, the court rejected "the defendants' invitation to make this factual determination without the benefit of a jury's verdict." Id.

The same conclusion was reached regarding defendants' allegation of fraud having been perpetrated on the United States Patent and Trademark Office ("PTO") by SMRI.

> Whether the submission of the Sturgis Chamber to the [PTO] was "greatly exaggerated," "disingenuous," not reflective of a lack of "uncompromising candor," or false with the intent to mislead the [PTO] must be established by "clear and convincing" evidence. . . . [D]efendants' evidence does not rise to the standard of clear and convincing evidence required to make such a determination during the summary judgment analysis. The court rejects the defendants' invitation to make this factual determination without the benefit of a jury's verdict.

Id. at p. 46 (internal citation omitted).

The court adopted the second report and recommendation ("R&R #2) which recommended denial of defendants' second motion for summary judgment. (Docket 113). "Fraud on the . . . PTO . . . presents a fact question to be decided by a jury. . . . [T]here is a fact question for a jury to decide—was it the intention of [SMRI] to defraud the PTO?" (Docket 132 at p. 4) (citing Docket 107 at p. 8). The court reinforced adoption of that part of R&R #1 which found:

9

> There is a fact question to identify into which category of distinctiveness STURGIS falls. There is also a fact question whether STURGIS has acquired distinctiveness as a result of secondary meaning, and if so, whether the distinctiveness identifies plaintiff Sturgis as the *source* of products or whether the secondary meaning of STURGIS is the *event* itself.

Id. (citing Docket 107 at pp. 8-9) (italics in original). Whether SMRI's "claim of substantially exclusive use in the 2011 registration was true, false or made with the intent to defraud and mislead the PTO, remains a jury question." Id. at pp. 5-6. The order identified the underlying basis for SMRI's trial claim. "The question remains—and it remains a fact question to be resolved by the jury—has the registered mark acquired distinctiveness, that is secondary meaning?" Id. at p. 7. At that point in the case, "[r]esolution of this jury question relies in substantial part on determining whether in the mind of a consumer the STURGIS mark is associated with a particular source." Id. (reference omitted).

Following a 10-day trial, the jury did not side with the defendants on the issue of fraud. Instead, the jury unanimously found for SMRI on this issue. (Docket 264 at p. 2). Nor did the appellate court in SMRI v. RP&G. Instead, the Eighth Circuit concluded

> Martin . . . had no right to declare that only the Chamber's promotions actually promoted the rally. It is irrelevant to our conclusion here that the jury also found that Martin did not "knowingly" lie in his affidavit: A person can be indisputably, but sincerely, wrong.

10

SMRI v. RP&G, 908 F.3d at 329. While Mr. Martin's testimony may well have been sincerely held and completely wrong, it did not rise to the level of fraud on the PTO.

The Eighth Circuit concluded SMRI's circumstantial evidence to show the STURGIS mark acquired secondary meaning was insufficient to carry plaintiff's burden at trial. SMRI v. RP&G, 908 F.3d at 323. SMRI's trial strategy not to present direct evidence of consumer association of the STURGIS mark with SMRI, was simply that, a trial strategy. A trial strategy which failed. The failure of circumstantial evidence to satisfy SMRI's burden of proof at trial does not mean SMRI's case was baseless, groundless, vexatious or pursued in bad faith. Aromatique, Inc., 28 F.3d at 877. Nor was plaintiff's trial strategy conducted in an unreasonable manner. Octane Fitness, LLC, 572 U.S. at 554.

The same is true with respect to SMRI's claimed unregistered marks. Presenting only circumstantial evidence of secondary meaning, SMRI was unable to provide "a legally sufficient basis for the jury to find that the unregistered marks had acquired distinctiveness." SMRI v. RP&G, at 333. Again, this deficiency in SMRI's evidence does not mean plaintiff's claims were baseless, groundless, vexatious, pursued in bad faith or conducted in an unreasonable manner. Aromatique, Inc., 28 F.3d at 877; Octane Fitness, LLC, 572 U.S. at 554.

Concerning the "Sturgis Bike Week" mark, the Eighth Circuit determined:

11

> The certificates of registration in the record constituted prima facie evidence of the mark's validity. . . . Although there was no direct evidence that consumers consider the mark distinctive, the jury was entitled to find that the presumption of validity that the certificates of registration created had not been rebutted.

SMRI v. RP&G, 908 F.3d at 336. In their presentation before the Eighth Circuit, defendants did not dispute that if the mark was valid "the jury was presented with sufficient evidence to find that they had infringed the 'Sturgis Bike Week" mark[.]" Id. at 337. The court held "the evidence at trial supported the jury's finding that the mark is valid." Id. Certainly, in this instance, SMRI's trial strategy worked.

Addressing SMRI's deceptive trade practices claim, the Circuit Court found there was support in the trial record for the assessment of damages. "The record . . . clearly supports a finding that SMRI suffered actual damages due to the deceptive conduct that the defendants engaged in on and after June 22, 2007." Id. at 341. Again, SMRI's trial strategy worked.

While SMRI was unsuccessful on the STURGIS mark, it must be remembered that plaintiff was successful at trial and on the appeal on the issues summarized above. The district court's subsequent decision to vacate those SMRI victories by the application of defendants' equitable defenses does not convert this case into an "exceptional" case or convert plaintiff's claims into frivolous, unreasonable claims so as to justify an award of attorney's fees. Octane Fitness, LLC, 572 U.S. at 554. Nor was the conduct of SMRI and Mr. Sneed as its attorney so egregious that the court would be compelled to find

that behavior "malicious, fraudulent, deliberate, or willful." <u>Aromatique, Inc.</u>, 28 F.3d at 877.

The court reaches the same conclusion with regard to defendants' request for attorney's fees pursuant to 28 U.S.C. § 1927.[2]  That section provides:

> Any attorney . . . admitted . . . . in any court of the United States . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

<u>Id.</u>  Viewed under the totality of the circumstances, SMRI's and Mr. Sneed's conduct was not "unreasonabl[e] and vexatious[]" so as to justify an assessment of attorney's fees or costs against either of them.  <u>Id.</u>  Finally, considering its inherent powers, the court is not inclined to assess the requested fees or costs.

Considering the arguments of the parties and exercising its discretion, the court concludes there is no basis to award the RP&G defendants attorney's fees or costs against SMRI or Mr. Sneed.

---

[2]Defendants' briefs erroneously cite this section as "18 U.S.C. § 1927."  This was a typographical error.

**ORDER**

Based on the above analysis, it is

ORDERED that the RP&G Defendants' motion (Docket 588) is denied.

Dated January 25, 2022.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE